IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

MICHAEL D. ROSE and EDWARD L.
HARMON, on their own behalf and on behalf
of all others similarly situated,

        Plaintiffs,                      Civil Action No.: 5:22-cv-00405

v.

BETSY JIVIDEN, individually and in her
official capacity as the Commissioner of the
West Virginia Division of Corrections and
Rehabilitation, et al.,

        Defendants.

## DEFENDANTS BETSY JIVIDEN, BRAD DOUGLAS, AND JEFF SANDY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT

COMES NOW Defendants Betsy Jividen, Brad Douglas, and Jeff Sandy (collectively "Defendants"), by and through counsel William E. Murray, Jaden P. Rhea, and the law firm of Anspach Meeks Ellenberger LLP, and file their Response to Plaintiffs' Motion for Leave to Amend the Complaint. [ECF No 30.] Defendants oppose this Motion and state as follows:

Plaintiffs have moved to amend their Amended Complaint to add additional claims, an additional party, and an additional subclass relating to violations of the Americans With Disabilities Act. However, Plaintiffs have failed to attach of copy of this proposed second Amended Complaint to their motion which prevents both Defendants and this Court from adequately evaluating this motion under the applicable standards.

Amendments to the complaint are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1) addresses amendments as a matter of course, allowing the plaintiff to amend the complaint within twenty-one days after serving it on the defendant, or within twenty-

one days after a responsive pleading or motion to dismiss is filed under Rule 12(b),(e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In this case, Plaintiffs have already amended as a matter of course. [*See* ECF No. 7.] As a result, Plaintiffs may only amend the complaint with the opposing party's written consent, or with leave of court. Fed. R. Civ. P. 15(a)(2). Here, Defendants do no consent and, therefore, an amendment to the Amended Complaint requires leave of court.

Further, Rule 15(a)(2) directs that the court should "freely give leave" to file an amended complaint "when justice so requires." *See also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities."). Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009)). "In determining whether a proposed amendment is futile, a court may consider whether the proposed amendment could withstand a motion to dismiss." *Middlebrooks v. St. Coletta of Greater Wash., Inc.*, No. 1:10CV653, 2010 U.S. Dist. LEXIS 90752, at *2 (E.D. Va. Sept. 1, 2010) (citing *Perkins v. United States*, 55. F .3d 910, 917 (4th Cir. 1995)) (affirming denial of plaintiff's motion for leave to amend her complaint as futile because "the proposed amendments could not withstand a motion to dismiss."); *also Johnson*, 785 F.2d at 510 (holding that a motion for leave to amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face.") (citing

*Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Gaskins v. Edelen*, No. 2:19-cv-00472, 2021 U.S. Dist. LEXIS 251519, at *8 (S.D. W. Va. Nov. 10, 2021), *aff'd* 2022 U.S. Dist. LEXIS 12278 (J., Copenhaver).

Here, Plaintiffs have failed to attach a copy of the proposed amended complaint. Further, their Memorandum in Support is very brief and provides little to no information about the new proposed complaint. As a result, neither Defendants nor this Court can properly evaluate this Motion to determine if it meets these standards. Defendants are unable to determine if this amendment would be prejudicial, is made in bad faith, or if it is futile. *Johnson*, 785 F.2d at 509. Accordingly, Defendants oppose Plaintiffs' motion and move this Court to deny Plaintiffs leave to amend their Amended Complaint because their motion is deficient and unable to be evaluated on its merits.

**WHEREFORE**, based on the foregoing, Defendants Betsy Jividen, Brad Douglas, and Jeff Sandy move this Court to **DENY** Plaintiffs' Motion, [ECF No. 30], and to grant such other relief as the Court deems just and proper.

**BETSY JIVIDEN, BRAD DOUGLASS, and JEFF SANDY**

**By Counsel**

*/s/ William E. Murray*
William E. Murray, Esq. (WVSB #2693)
Jaden P. Rhea, Esq. (WVSB #13454)
ANSPACH MEEKS ELLENBERGER LLP
500 Virginia Street, East, Suite 525
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com
jrhea@anspachlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL D. ROSE and EDWARD L.
HARMON, on their own behalf and on behalf
of all others similarly situated,**

        **Plaintiffs,**       Civil Action No.: 5:22-cv-00405

**v.**

**BETSY JIVIDEN, individually and in her
official capacity as the Commissioner of the
West Virginia Division of Corrections and
Rehabilitation, et al.,**

        **Defendants.**

### CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendants Betsy Jividen, Brad Douglas, and Jeff Sandy do hereby certify that on this 28th day of November, 2022, I electronically filed the foregoing *"Defendants Betsy Jividen, Brad Douglas, and Jeff Sandy's Response in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Stephen P. New, Esq.<br>Russell A. Williams, Esq.<br>New, Taylor and &Associates<br>430 Harper Park Drive<br>Beckley, West Virginia 25801<br>*Counsel for Plaintiffs* | Timothy Lupardus, Esq.<br>The Lupardus Law Office<br>275 Bearhole Road<br>Pineville, West Virginia 24874<br>*Counsel for Plaintiffs* |
| Zachary Whitten, Esq.<br>The Whitten Law Office<br>P.O. Box 753<br>Pineville, West Virginia 24874<br>*Counsel for Plaintiffs* | Robert Dunlap, Esq.<br>Robert Dunlap & Associates<br>208 Main Street<br>Beckley, West Virginia 25801<br>*Counsel for Plaintiffs* |

4

<table>
<tr><td>

Jordan K. Herrick, Esq.
David E. Schumacher, Esq.
BAILEY & WYANT, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, West Virginia 25337-3710
*Counsel for Wexford Health Sources, Inc.*

</td><td>

Jared C. Underwood, Esq.
Chip E. Williams, Esq.
PULLIN, FOWLER, FLANAGAN, BROWN
& POE, PLLC
252 George Street
Beckley, West Virginia
*Counsel for Michael Francis*

</td></tr>
<tr><td>

J. Victor Flanagan, Esq.
Daniel J. Burns
PULLIN, FOWLER, FLANAGAN, BROWN
& POE, PLLC
252 George Street
Beckley, West Virginia
*Counsel for Raleigh County Commission and John/Jane Doe Employees of the Raleigh County Commission*

</td><td>

Wendy E. Greve, Esq.
Benjamin B. Vanston, Esq.
PULLIN, FOWLER, FLANAGAN, BROWN
& POE, PLLC
901 Quarrier Street
Charleston, West Virginia 25301
*Counsel for Fayette County Commission, Greenbrier County Commission, Mercer County Commission, Monroe County Commission, Summers County Commission, Wyoming County Commission and John/Doe Employees of listed county commissions*

</td></tr>
<tr><td>

Anne Liles O'Hare, Esq.
OFFUTT SIMMONS SIMONTON, PLLC
P.O. Box 2868
Huntington, West Virginia 25728-2868
*Counsel for PrimeCare Medical of WV, Inc*

</td><td>

John P. Fuller, Esq.
BAILEY & WYANT, PLLC
500 Virginia Street East, Suite 600
P.O. Box 3710
Charleston, West Virginia 25337-3710
*Counsel for Larry Warden*

</td></tr>
</table>

*/s/ William E. Murray*
William E. Murray, Esq. (WVSB #2693)
Jaden P. Rhea, Esq. (WVSB #13454)
ANSPACH MEEKS ELLENBERGER LLP
500 Virginia Street, East, Suite 525
Charleston, West Virginia 25301
304-205-8063 - telephone
304-205-8062 – facsimile
wmurray@anspachlaw.com
jrhea@anspachlaw.com