UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE,
and EDWARD L. HARMON,
*on their own behalf and on behalf*
*of all others similarly situated*,

       Plaintiffs,

v.                                        CIVIL ACTION NO.  5:22-cv-00405

MICHAEL FRANCIS and
LARRY WARDEN, both
*individually and as employees of*
*the West Virginia Division of Corrections*
*and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming
County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the*
*West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.
John/Jane Doe Wexford Employees,

BRAD DOUGLAS, *individually and in his official capacity as the acting Commissioner of the West Virginia Division of Corrections and Rehabilitation*, JEFF S. SANDY, *individually and in his official capacity as the Cabinet Secretary of the West Virginia Division Department of Homeland Security,*

Defendants.

## **ORDER**

Pending are (1) Plaintiffs' Motion for Leave to Amend the Complaint [ECF 30], filed November 18, 2022, to which Defendants responded in opposition on November 28 and 29, 2022, [ECF Nos. 32-42][1]; (2) Defendants' Motion to Strike Exhibits to Amended Complaint [ECF Nos. 43, 46, 47, 51, 57, 59-64], filed December 9, 12, and 15, 2022, to which Plaintiffs responded in opposition on December 23, 2022, [ECF 76]; (3) Defendants' Motion to Dismiss Amended Complaint [ECF Nos. 44, 48, 50, 53, 55, 65, 67, 69, 71, 73, 81, 113], filed December 9, 12, 16, and 27, 2022, to which Plaintiffs responded in opposition on December 23, 26, and 28, 2022, and March 8, 2023, [ECF Nos. 75, 77-80, 83, 115]; and (4) Plaintiffs' Amended Motion for Leave to File Amended Complaint [ECF 86], filed December 30, 2022, to which Defendants responded in opposition on January 9, 10, 11, and 13, 2022 [ECF Nos. 97-106].

## **I.**

On September 21, 2022, Plaintiffs instituted this action alleging, *inter alia*, various Eighth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 based upon inhumane and inadequate conditions of confinement at the Southern Regional Jail ("SRJ"). [ECF 1]. On October 7, 2022, Plaintiffs amended their Complaint as a matter of right pursuant to *Federal Rule*

---

[1] Inasmuch as Plaintiffs filed an Amended Motion for Leave to File Amended Complaint on December 30, 2022, their original motion for leave to amend [**ECF 30**] is **DENIED AS MOOT**.

*of Civil Procedure* 15(a)(1)(B). [ECF 7]. On November 18, 2022, Plaintiffs sought leave to file their Second Amended Complaint to add a cause of action for alleged violations of the Americans With Disabilities Act ("ADA") and to add a new subclass representative Plaintiff to bring the ADA claims. [ECF 31]. Defendants opposed the motion inasmuch as Plaintiffs failed to attach the proposed Second Amended Complaint along therewith, thus hindering Defendants' ability to properly assess the merits of the proposed additions. [ECF Nos. 32-42].

Defendants also move to strike Exhibits 1 (2020 PREA Facility Audit Report), 3 (Troy Carter Affidavit), 4 (Anthony Marks Affidavit), 5 (Dean VanDevender Affidavit), 6 (Scott Moore Affidavit), 7 (Compilation of Photographs), 8 (Video Footage), and 9 (2021 Email Communication from Lt. Chad Lester) attached to Plaintiffs' First Amended Complaint inasmuch as the same do not constitute "written instruments" as contemplated by Rule 10(c) and are purportedly immaterial to the claims asserted given that the exhibits discuss events and facility conditions predating one or both of the class representatives' incarceration at SRJ. [ECF 43]. As to Exhibits 7 and 8, Defendants further contend that the authenticity of the photographs and videos cannot be proven on their face. [*Id.*] The Court notes that while these Exhibits appear to be referenced in both Plaintiffs' First Amended Complaint and proposed Second Amended Complaint, the Exhibits themselves are only attached to Plaintiffs original Complaint, filed September 21, 2022.

Subsequent to Plaintiffs seeking leave to file a Second Amended Complaint, Defendants filed various motions to dismiss the First Amended Complaint. Thereafter, on December 30, 2022, Plaintiffs filed an Amended Motion for Leave to Amend Complaint. Plaintiffs' amended motion again seeks leave to amend the First Amended Complaint to add a new cause of action and subclass representative Plaintiff for alleged violations of the ADA, as well as

3

to substitute Plaintiffs Michael D. Rose -- who was transferred from the SRJ to another facility after this matter was instituted -- and Edward L. Harmon -- who is no longer incarcerated -- as class representatives.[2] Defendants again oppose the motion given Plaintiffs' failure to attach the proposed Second Amended Complaint thereto.

Additionally, Defendants The Greenbrier, Mercer, Monroe, Summers, and Wyoming County Commissions (collectively "County Defendants") contend that even absent an attached copy of the proposed Second Amended Complaint, any proposed amendment contained therein would be futile as to the County Defendants inasmuch as they "do not own, operate, or maintain, or administer the Southern Regional Jail" and any proposed amendment would thus fail to survive dismissal pursuant to Rule 12(b)(6). [ECF 102-106 at 2]. On February 9, 2023, the Court ordered Plaintiffs to file a copy of their proposed Second Amended Complaint, with which Plaintiffs complied on February 21, 2023. [ECF Nos. 111, 112]. As noted, however, Plaintiffs filed no attachments with their proposed Second Amended Complaint. [*See* ECF 112].

## II.

Pursuant to *Federal Rule of Civil Procedure* 15, where, as here, a party cannot amend as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Indeed, leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (internal quotations omitted). An amendment is futile "if the proposed amended

---

[2] The Court notes that such substitutions would likely cure many of the purported standing deficiencies and mootness issues raised by Defendants in their motions to dismiss.

4

complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008); *see also Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

A futility determination, however, "does not involve an evaluation of the underlying merits of the case." *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 647-48 (D. Md. 2015) (internal quotations omitted). Rather, "[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980). Accordingly, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is *clearly insufficient or frivolous on its face*." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (emphasis added).

As previously mentioned, a majority of Defendants oppose Plaintiffs' motion to amend given Plaintiffs' failure to furnish a copy of the proposed Second Amended Complaint. Inasmuch as Plaintiffs have since filed their proposed Second Amended Complaint, such contention is moot. As to the County Defendants' assertion that any proposed amendment contained in the proposed Second Amended Complaint would be futile against them inasmuch as they "do not own, operate, or maintain, or administer the Southern Regional Jail," the Court is unpersuaded by the same at this juncture. Indeed, such contention fails to establish any of Plaintiffs' proposed amendments are clearly insufficient or futile on their face. Instead, the County Defendants' position is best left for the Court's consideration under the Rule 12(b)(6) standard inasmuch as the same inherently involves a more involved evaluation of the merits of the case.

### III.

Accordingly, the Court **GRANTS** Plaintiffs' Amended Motion for Leave to File Amended Complaint [**ECF 86**] and **ORDERS** Plaintiffs to refile their Second Amended Complaint, along with any accompanying exhibits Plaintiffs deem pertinent thereto, within fourteen (14) days of entry of this Order.  Furthermore, inasmuch as Plaintiffs' First Amended Complaint and proposed Second Amended Complaint as it currently exists on the docket both reference exhibits not attached therewith, the Court **DENIES WITHOUT PREJUDICE** Defendants Motions to Strike Exhibits to Amended Complaint [**ECF Nos. 43, 46, 47, 51, 57, 59-64**].  Defendants may refile any motion to strike, in a single, consolidated motion not to exceed fifteen (15) pages once it is definitively established which exhibits, if any, Plaintiffs intend to file along with the Second Amended Complaint.

Lastly, inasmuch as Defendants' motions to dismiss all relate to allegations contained in the First Amended Complaint the Court **DENIES WITHOUT PREJUDICE** Defendants' Motions to Dismiss Amended Complaint [**ECF Nos. 44, 48, 50, 53, 55, 65, 67, 69, 71, 73, 81, 113**], subject to refiling within fourteen (14) days of the filing of Plaintiffs' Second Amended Complaint as ordered herein.  Defendants shall file any future motion to dismiss in a consolidated fashion, along with a single, consolidated memorandum of law not to exceed forty (40) pages in length, with the same limit governing any consolidated response thereto, and a twenty (20) page limit respecting any consolidated reply.  The parties may move to exceed these page limitations if necessary but are encouraged to attempt to tailor their filings as set forth herein before seeking such relief.

The Clerk is directed to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 5, 2023

Frank W. Volk
United States District Judge