IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**MICHAEL D. ROSE, *ET AL.*,**

   **Plaintiffs,**

**v.**             **Civil Action No. 5:22-CV-00405**

**JEFF S. SANDY, *ET AL.*,**

   **Defendants.**

## <u>ORDER</u>

 Pending before the Court are ***Defendant Wexford Health Sources, Inc.'s Motion for Protective Order Regarding the Amended Notice of 30(b)(6) Deposition to Defendant Wexford Health Sources, Inc.*** (ECF No. 315), filed on June 9, 2023, the ***Plaintiffs' Response in Opposition to Defendant Wexford Health Source, Inc.'s Motion for Protective Order and Plaintiffs' Motion to Compel*** (ECF No. 363) filed on June 23, 2023, and finally, Defendant's ***Reply*** (ECF No. 369) filed on June 30, 2023.

 The Defendant complains that despite attempts by the parties to meet and confer on the Plaintiffs' proposed areas of inquiry, the Plaintiffs' Notice of 30(b)(6) Deposition to Defendant Wexford Health Sources, Inc., noticed for July 18, 2023 (ECF No. 294), contains twelve of the thirteen areas of inquiry that run afoul of Federal Rule of Civil Procedure 26(b)(C)(i); the Defendant argues that the Plaintiffs seek discovery that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. The bulk of the areas of inquiry concern policy and procedures relating to medical services at the Southern Regional Jail (SRJ) that predate this Defendant's contract with the West

1

Virginia Regional Jails and Prisons to provide such services – that is, instead of providing testimony regarding medical services from January 1, 2018 to present, the inquiry should be limited to June 26, 2022 to present. Additionally, the Plaintiffs seek information concerning policies and procedures relating to medical services at other Regional Jails and Prisons, which Defendant Wexford asserts are irrelevant to the case at bar and further asserts that this litigation is entirely focused on conditions of confinement at SRJ. As to the areas of inquiry that concern matters outside of this Defendant's contracted medical services – such as overcrowding, understaffing, overdue maintenance, investigations of SRJ by state or federal agencies, destruction of evidence, or inmate deaths – the Defendant contends that the Plaintiffs can obtain this information from other sources, and have already filed similar Notices of deposition to other named Defendants, such as Primecare, which would have requisite knowledge of these topics.

In response, the Plaintiffs point out that protective orders are sparingly used, given a court's reluctance to rein in discovery unless a party seeking a protective order can demonstrate good cause for same, and not merely relying on generalized statements opposing discovery. The Plaintiffs assert that in those areas of inquiry that the Defendant's corporate representative has no knowledge, that individual can simply say so during the deposition. As for inquiries regarding matters at other facilities, the Plaintiffs argue that this is relevant for purposes of this action, as it may establish a pattern and practice relevant to the failures alleged in this litigation. The Plaintiffs state, upon information and belief, that this Defendant provides medical services to every West Virginia jail and prison, and as a result, would have knowledge of conditions inside SRJ and other facilities that is relevant to the Plaintiffs' claims. Further, simply because there are other potential sources of this information does not foreclose the Plaintiffs from asking same of this Defendant.

2

This Defendant has not shown how this evidence would be duplicative warranting a protective order.

In its Reply Memorandum, the Defendant emphasizes that pursuant to the Federal Rules of Civil Procedure, its corporate representative is obligated to educate himself as to the matters identified in the Notice – and the Plaintiffs' Notice involves many areas of inquiry that are simply beyond the Defendant's corporate representative's knowledge. Further, the Plaintiffs can more easily obtain this information from other sources. Because the Plaintiffs' Notice is overbroad both in its temporal and subject matter aspects, a protective order is justified.

**Relevant Law**

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required, on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless

of the individual to whom a request is made." <u>Cook v. Howard</u>, 484 Fed.Appx. 802, 812 (4th Cir. 2012). This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." <u>Lynn v. Monarch Recovery Management, Inc.</u>, 285 F.R.D. 350, 355 (D. Md. 2012) (quoting <u>Victor Stanley, Inc. v. Creative Pipe, Inc.</u>, 269 F.R.D. 497, 523 (D. Md. 2010)). "[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " <u>In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation</u>, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D.W. Va. Aug. 17, 2016) (Eifert, M.J.) (quoting <u>Amick v. Ohio Power Co.</u>, No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W. Va. Dec. 18, 2013)).

Finally, Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving the parties an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. However, the court must not order this payment should the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

## Discussion

Given the prevailing jurisprudence on discovery matters, the undersigned finds that the Defendant's Motion must be denied. While the Defendant argues the Plaintiffs' proposed areas of inquiry involve issues outside of its corporate representative's knowledge, as the Plaintiffs have pointed out repeatedly, the deponent can simply testify accordingly – there is nothing inconvenient,

4

burdensome or expensive about that. Indeed, while the Plaintiffs may inquire of other deponents similar or the same topics proposed to the Defendant's corporate representative, this is not "unreasonably cumulative or duplicative" cautioned by the Federal Rules of Civil Procedure that justifies protective relief. Moreover, the Defendant has not carried its burden of persuasion that the Plaintiffs' proposed areas of inquiry are irrelevant or not proportional to the needs of this case. The Plaintiffs should be permitted the latitude to explore the proposed topics of inquiry, as the Defendant's corporate representative may have knowledge of same, and testify so, and to the extent he or she does not, testify accordingly. The Plaintiffs have assured the Defendant that they do not anticipate the Defendant's 30(b)(6) deponent to educate himself or herself as to matters beyond their knowledge, thus the Defendant's alleged need for a protective order is obviated.

In any event, the undersigned finds that the Plaintiffs' proposed areas of inquiry do not violate the broad rules of discovery, accordingly, ***Wexford Health Sources, Inc.'s Motion for Protective Order Regarding the Amended Notice of 30(b)(6) Deposition to Defendant Wexford Health Sources, Inc.*** (ECF No. 315) is hereby **DENIED**, and the ***Plaintiffs' Motion to Compel*** (ECF No. 363) is hereby **GRANTED**. To the extent Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted that the Court shall consider the moving party's reasonable expenses in prosecuting same, *supra*, the undersigned declines to do so in this instance as the circumstances in this instance render such an award of expenses unjust.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Frank W. Volk. If objections are filed, the District Judge will

consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

       The Clerk is hereby directed to transmit a copy of this Order to counsel of record.

       ENTER: June 30, 2023.

Omar J. Aboulhosn
United States Magistrate Judge