# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

MICHAEL D. ROSE,
and EDWARD L. HARMON,
*on their own behalf and on behalf*
*of all others similarly situated*,

      Plaintiffs,

v.                                                            CIVIL ACTION NO.  5:22-cv-00405

MICHAEL FRANCIS and
LARRY WARDEN, both
*individually and as employees of*
*the West Virginia Division of Corrections*
*and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming
County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the*
*West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.

John/Jane Doe Wexford Employees,
BRAD DOUGLAS, *individually and in his official*
*capacity as the acting Commissioner of the West*
*Virginia Division of Corrections and Rehabilitation*,
JEFF S. SANDY, *individually and in his official*
*capacity as the Cabinet Secretary of the West*
*Virginia Division Department of Homeland Security,*
WILLIAM K. MARSHALL, III
*individually and in his official capacity as the Commissioner*
*of the West Virginia Division of Corrections and Rehabilitation,*
DAVID YOUNG, *individually and in his official capacity as*
*the superintendent of Southern Regional Jail*,

        Defendants.

### ORDER

Pending is the Defendant County Commissions' Joint Motion for Protective Order and to Stay Discovery with Respect to Discovery Directed Towards Defendant County Commissions [Doc. 335], filed on June 15, 2023.

Defendants move (1) for a protective order[1] and (2) to stay discovery with respect to the written discovery requests as well as the notices of 30(b) depositions served on each Defendant County Commission. [*See* Docs. 265–71]. Our Court of Appeals has held that district courts maintain "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (citing *Erdmann v. Preferred Research, Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) ("The scope and conduct of discovery, however, are within the sound discretion of the district court."); *Larouche v. National Broadcasting Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986), *cert. denied*, 479 U.S. 818 (1986)). This includes the

---

[1] Inasmuch as Defendants provide the rule for issuing protective orders without clearly elaborating as to their specific grounds for seeking one, the Court **DENIES** the request for a protective order **WITHOUT PREJUDICE** to refiling the request with a statement of the relevant supporting facts.

discretion to stay discovery in advance of deciding a pending dispositive motion upon a showing of good cause. *See Bragg v. United States*, No. 2:10-0683, 2010 WL 3835080, at *1 (S.D. W. Va. Sept. 29, 2010) (citing *Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988)). "Such a stay is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2 (S.D. W. Va. Feb. 13, 2020) (internal quotation marks omitted) (citing *United States v. Daily Gazette Co.*, No. CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D. W. Va. Oct. 18, 2007)). This determination is "necessarily fact-specific and depends on the particular circumstances and posture of each case." *Id.* (internal quotation omitted).

Defendants contend good cause exists to stay discovery with respect to the County Commissions because their "motions to dismiss *will be forth coming* [sic] once there is an operative complaint." [Doc. 335 at 8 (emphasis added)]. Inasmuch as Defendants did not have any dispositive motions pending at the time of filing and their basis for a stay of discovery was the *anticipated* filing of such motions, the Court **DENIES** the Motion [**Doc. 335**]. Furthermore, it is unlikely the Court will grant a stay of discovery. The Court expects to rule promptly on any pending or forthcoming dispositive motions, including the Defendants' joint Motion to Dismiss the Second Amended Complaint [Doc. 483], filed July 31, 2023.

The Clerk is **DIRECTED** to transmit a copy of this Order to all counsel of record and to any unrepresented party.

ENTER: August 1, 2023

Frank W. Volk
United States District Judge

3