# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

MICHAEL D. ROSE,
and EDWARD L. HARMON,
*on their own behalf and on behalf*
*of all others similarly situated*,

      Plaintiffs,

v.                                            CIVIL ACTION NO. 5:22-cv-00405

MICHAEL FRANCIS and
LARRY WARDEN, both
*individually and as employees of*
*the West Virginia Division of Corrections*
*and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming
County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the*
*West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.

John/Jane Doe Wexford Employees,
BRAD DOUGLAS, *individually and in his official capacity as the acting Commissioner of the West Virginia Division of Corrections and Rehabilitation*,
JEFF S. SANDY, *individually and in his official capacity as the Cabinet Secretary of the West Virginia Division Department of Homeland Security,*
WILLIAM K. MARSHALL, III *individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation,*
DAVID YOUNG, *individually and in his official capacity as the superintendent of Southern Regional Jail*,

    Defendants.

## ORDER

  Pending are the Plaintiffs' Motion to File Exhibits to Plaintiffs' Motion for Class Certification under Seal [Doc. 516] and Motion to File Exhibit to Plaintiffs' Motion for Class Certification under Seal [Doc. 520], both filed on August 9, 2023.

  The Plaintiffs move to seal four exhibits in support of their Motion for Class Certification solely on the basis that each exhibit was marked "Confidential" pursuant to the parties' agreed Protective Order previously entered in this matter. [Docs. 517 ¶4; 521 ¶2]. The Protective Order to which Plaintiffs refer provides:

> If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any "CONFIDENTIAL" document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the "CONFIDENTIAL" marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the Administrative Procedures for Electronic Filing in the Southern District of West Virginia § 12, and (c) controlling precedent. *See, e.g.*, *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986); *Virginia Dep't. of State Police v. Washington Post*, 386 F. 3d 567, 575 (4th Cir. 2004).

2

[Doc. 186]. Regarding sealed documents, Rule 26.4 of this District's *Local Rules of Civil Procedure* provides that the rule requiring public inspection of court documents "may be abrogated only in exceptional circumstances." L. R. Civ. P. 26.4(c)(1). Accordingly, motions to seal must be accompanied by a memorandum of law identifying

> (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate; (B) the requested duration of the proposed seal; and (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L. R. Civ. P. 26.4(c)(2).

Beyond their failure to abide by the terms of the Protective Order and the directive of the *Local Rules*, Plaintiffs appear to "incorrectly equate[] the standard for protective orders, which are intended to facilitate pretrial discovery, with that of judicial orders to seal, which contravene the public's right to access court documents and accordingly demand a greater showing of need." *Hurley v. Averitt Exp., Inc.*, No. 2:11-cv-0624, 2012 WL 4609131, *1 (S.D.W. Va. Oct. 2, 2012) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 254 (4th Cir.1988) ("The reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents.")).

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Our Court of Appeals has made clear that "[p]ublicity of such records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Indeed, "[i]t is hardly possible to come to a

reasonable conclusion on that score without knowing the facts of the case." *Id.*

Regarding the common law, "while a district court 'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,' the 'presumption' in such cases favors public access." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (quoting *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984)). "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Virginia Dept. of State Police*, 386 F.3d at 575 (quoting *Stone v. University of Maryland Medical System Corporation*, 855 F.2d 178, 180 (4th Cir. 1988)). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Id.*

Importantly, "[r]egardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Id.* at 576 (quoting *Stone*, 855 F.2d 178, 182 (4th Cir. 1988)). In determining whether to seal documents, "the court should consider less restrictive 'alternatives to sealing [that] provide an adequate record for review' and should 'state the reasons for its decision [with] specific findings.'" *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018) (quoting *Knight*, 743 F.2d at 235).

Plaintiffs have not made the requisite showing for their two motions to seal.[1] However, the Court notes that the privacy interests at stake do not appear to be the Plaintiffs' but rather those of several Defendants. Thus, it is in the interest of justice that any relevant party be permitted to seek to make the required showing in a further sealing request.

---

[1] Of note, the Court observes that Exhibits 1 and 11 to the Plaintiffs' Motion for Class Certification are similarly marked "Confidential," yet Plaintiffs do not seek to seal those documents.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Plaintiffs' Motions to Seal [**Docs. 516, 520**]. The Court further **ORDERS** the subject exhibits remain provisionally sealed in the event any party desires to make the necessary showing to support a sealing order. The Court **DIRECTS** any revised sealing requests be made **on or before August 18, 2023**. In the event such a showing is not made by that date or otherwise deemed inadequate, the exhibits will be ordered unsealed.

The Clerk is **DIRECTED** to transmit a copy of this Order to all counsel of record and to any unrepresented party.

ENTER:   August 11, 2023

Frank W. Volk
United States District Judge