UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE,
EDWARD L. HARMON,
CHARLES BLESSARD,
ROBERT C. CHURCH, SR.,
NICOLE HENRY,
THOMAS FLEENOR, JR.,
WILLIAM BOHN, and
TONYA PERSINGER
*on their own behalf and on behalf
of all others similarly situated*,

      Plaintiffs,

v.                                                                                CIVIL ACTION NO. 5:22-cv-00405

MICHAEL FRANCIS and
LARRY WARDEN, both
*individually and as employees of
the West Virginia Division of Corrections
and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming


County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.
John/Jane Doe Wexford Employees,
BRAD DOUGLAS, *individually and in his official capacity as the acting Commissioner of the West Virginia Division of Corrections and Rehabilitation*,
JEFF S. SANDY, *individually and in his official capacity as the Cabinet Secretary of the West Virginia Division Department of Homeland Security*,
WILLIAM K. MARSHALL, III, *individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation*,
DAVID YOUNG, *individually and in his official capacity as the superintendent of Southern Regional Jail*,
PRIMECARE MEDICAL, INC.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiffs' Emergency Motion for Preliminary Injunctive Relief, filed March 22, 2023. [Doc. 117]. The matter is ready for adjudication.

## I.

This action arises out of Plaintiffs' proposed class action suit alleging inappropriate and inhumane conditions of confinement at the Southern Regional Jail ("SRJ"). On March 22, 2023, Plaintiffs filed an Emergency Motion seeking a preliminary injunction or temporary restraining order against Defendants Betsy Jividen, Brad Douglas, and Jeff Sandy (collectively, the relevant "Defendants"). [Doc. 117]. Plaintiffs assert Defendants and staff under their supervision at SRJ are deliberately destroying evidence and tampering with attorney-inmate mail.

2

Plaintiffs allege such activities have been ongoing despite Plaintiffs' counsel issuing evidence preservation notices as early as June 2022. Defendants maintain these claims are false. [*See* Doc. 134].

On April 3, 2023, the parties appeared for a hearing on the Emergency Motion. Following the hearing, the Court ordered the parties to file briefs respecting the relief sought. [Doc. 173]. The parties were also directed to draw an appropriate agreed preservation order to present to the Court for consideration and filing in the event they came to an agreement respecting document preservation or any other relief sought. The Court further advised that any relief sought beyond the matters discussed at the hearing would require a separate motion.

Plaintiffs maintain in their Post-Hearing Brief in support of the Emergency Motion that there is "little question" Defendants "have engaged in the destruction of evidence at SRJ," [Doc. 176 at 2], and that Defendants "have refused attorney-client mail, and even photocopied such mail" in violation of state policy [*id.* at 5]. Plaintiffs request a preservation order to ensure Defendants' compliance with their discovery obligations. In addition, Plaintiffs assert a preliminary injunction is still necessary to "provide additional security to the parties and provide a ready pathway to sanction [sic] and/or contempt should any party engage in the destruction of evidence moving forward." [*Id.* at 6]. Regarding Defendants' handling of attorney-inmate mail, Plaintiffs maintain that even if Defendants' relevant mail-handling policies do not offend the Constitution and precedent, "Defendants have still failed . . . to 'suspend' their document policies in anticipation of litigation." [*Id.* at 5].

Defendants oppose both the Emergency Motion and the request for a preservation order. [Doc. 178]. Specifically, Defendants maintain that Plaintiffs fail to meet the preliminary

3

injunction standard because (1) they have "failed to produce any credible evidence that any intentional document destruction or mail tampering occurred" [*id.* at 2], and (2) "they are not likely to suffer irreparable harm in the absence of an injunction because an injunction is not necessary to require the preservation of evidence" [*id.* at 3]. In addition, Defendants urge the Court to deny Plaintiffs' request for a preservation order because Plaintiffs' proposed order [*see* Doc. 177] imposes an undue burden on Defendants to preserve "all video and audio recordings" at SRJ for the pendency of this matter. [Doc. 178 at 3]. Defendants contend it is "impossible technologically to store and maintain this data" and such maintenance "would impede their ability to operate [SRJ] due to the amount of man hours it would take to continually preserve this data." [*Id.*].

## II.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019). "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." *Id.* at 20; *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), *as amended* (Jan. 14, 2020); *League of Women Voters v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014); *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010). All four factors must be met to justify this extraordinary relief. *Real Truth*, 575 F.3d at 347.

### III.

As a preliminary matter, the Court notes that the preliminary injunction standard is inappropriate in this document-preservation context. Indeed, "to consider whether [Plaintiffs are] likely to be successful on the merits of [their] case in deciding whether to protect records from destruction . . . would be decidedly to put the cart before the horse." *Pueblo of Laguna v. United States*, 60 Fed.Cl. 133, 138 n.8 (2004); *see also Treppel v. Biovail Corp.*, 233 F.R.D. 363, 369 (S.D.N.Y. 2006) ("Likewise, it is difficult to evaluate the injury that might be caused by the destruction of evidence without yet knowing the content of that evidence."); *Cunningham v. Bower*, No. 89-2101-s, 1989 WL 35993, *1 (D. Kan. Mar. 21, 1989) ("[The] first element of a preliminary injunction is actually irrelevant for purposes of the motion [concerning document preservation]."); *In re: Am. Med. Sys., Inc.*, No. 2325, 2016 WL 6666890, at *4 (S.D.W. Va. Nov. 10, 2016) (providing the alternative factors courts generally consider regarding preservation issues). In any event, Plaintiffs are unable to satisfy the demanding standard they urge the Court to use.

For example, the Supreme Court has unequivocally required the proponent of a preliminary injunction to demonstrate a likelihood of success on the merits. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Although Plaintiffs "need not establish a certainty of success," they must "make a clear showing that [they are] likely to succeed at trial." *Roe*, 947 F.3d at 219 (quoting *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation and citation omitted)). The operative Complaint alleges neither a claim for spoliation of evidence nor

5

for tampering with attorney-inmate mail.[1] And there the inquiry ends. *Real Truth*, 575 F.3d at 346 ("*All four elements* must be established by a 'clear showing' before the injunction will issue.") (emphasis added).

As the Court noted during the hearing, however, "the filing of a lawsuit . . . triggers the duty to preserve evidence." *Id.* And if evidence is destroyed, the remedies are harsh under *Federal Rule of Civil Procedure* 37; they include sanctions, adverse jury instructions, and, in extreme cases, an establishment order which, under the right circumstances, could result in a merits victory.[2] Accordingly, while a preliminary injunction is both unauthorized and inappropriate in this instance, document destruction, if proven, will warrant the strongest medicine inasmuch as Defendants are now on notice the matter has been brought previously to the Court.

Regarding Plaintiffs' proposed Agreed Preservation Order [Doc. 177], the lack of detail in the order and the accompanying lack of specificity by Defendants in opposition to the order counsel in favor of simply reminding the Defendants of the aforestated obligation to preserve that is imposed by law, along with the perils of not doing so.

---

[1] The Court observes that the Second Amended Complaint includes limited allegations seeking relief for mail tampering [*see* Doc. 433 ¶¶ 703, 704]; however, Plaintiffs have not moved since its filing for injunctive relief thereon.

[2] Relatedly, Plaintiffs' Post-Hearing Brief appears to suggest the Court maintains wide discretion to issue a preliminary injunction as a sanction under Rule 37. [*See* Doc. 176 at 6–8]. A preliminary injunction is not a sanction contemplated by Rule 37. Further, Plaintiffs' position that "[a] preliminary injunction, along with a preservation order, creates a pathway for the Court to more readily and appropriately exercise its broad discretion to address any ongoing or future discovery abuses in this matter" is unavailing. [*Id.* at 8]. Neither a preliminary injunction nor a preservation order is required to trigger the Court's authority under Rule 37.

IV.

Based upon the foregoing reasons, Plaintiffs' Emergency Motion is **DENIED** [**Doc. 117**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 6, 2023

Frank W. Volk
United States District Judge