UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE,
and EDWARD L. HARMON,
*on their own behalf and on behalf*
*of all others similarly situated*,

        Plaintiffs,

v.                                            CIVIL ACTION NO.  5:22-cv-00405

MICHAEL FRANCIS,
*individually and as an employee of*
*the West Virginia Division of Corrections*
*and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming
County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the*
*West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.
John/Jane Doe Wexford Employees,

BRAD DOUGLAS, *individually and in his official*
*capacity as the acting Commissioner of the West*
*Virginia Division of Corrections and Rehabilitation*,
JEFF S. SANDY, *individually and in his official*
*capacity as the Cabinet Secretary of the West*
*Virginia Division Department of Homeland Security, and*
WILLIAM K. MARSHALL, III
*individually and in his official capacity as the Commissioner*
*of the West Virginia Division of Corrections and Rehabilitation*,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Michael Francis and Wexford Health Sources, Inc.'s joint Motion to Dismiss Charles Blessard's Claims under Rule 37 of the *Federal Rules of Civil Procedure* [Doc. 480], filed July 31, 2023.

### I.

Mr. Francis and Wexford Health each timely filed and served notices of the deposition of Mr. Blessard to occur at the office of Plaintiffs' counsel New, Taylor & Associates in Beckley. [*See* Docs. 278, 446]. Mr. Blessard failed to appear for either deposition without explanation. On September 7, 2023, the Court held a hearing which Mr. Blessard was ordered to attend. Mr. Blessard was advised in advance that his failure to appear would result in the dismissal of his case. [Doc. 576]. Again, Mr. Blessard failed to appear.

### II.

*Federal Rule of Civil Procedure* 37 provides that the Court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed. R. Civ. P. 37(d)(3). This includes dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Further, "instead of or in addition to these sanctions, the court

must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless the Court deems the failure "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Our Court of Appeals has developed a four-part test to determine what sanctions are appropriate under Rule 37. "The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Beach Mart, Inc. v. L&L Wings, Inc.*, 784 F. App'x 118, 123 (4th Cir. 2019) (unpublished); *Justice v. Cabot Oil & Gas Corp.*, No. 2:17-CV-02986, 2018 WL 3624974, at *1 (S.D.W. Va. July 30, 2018) (in action with multiple plaintiffs, dismissing one plaintiff's claims for failure to participate in any way in the litigation).

### III.

Defendants contend dismissal of Mr. Blessard's claims is an appropriate sanction. Applying the *Anderson* factors, the Court agrees. First, Mr. Blessard's failure to appear for either of his two timely noticed depositions or otherwise participate in the litigation appears to be a result of his own bad faith. Notably, Defendants do not contend counsel for Mr. Blessard is responsible for his conduct. Indeed, counsel for Mr. Blessard asserted at the September 8, 2023, hearing that they have been unsuccessful in their efforts to contact Mr. Blessard since his initial participation in discovery. Second, the Court finds Defendants have been prejudiced by Mr. Blessard's non-compliance. As a named plaintiff, Mr. Blessard represents a putative sub-class of pretrial detainees who were housed at Southern Regional Jail. His failure to submit to a deposition deprived

Defendants of the opportunity to prepare an effective defense against his allegations relating to certification of the putative class. Likewise, the need to deter similar conduct is significant. In a class action, it is crucial that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Mr. Blessard's non-compliance not only disregards the time and resources of the parties, but it neglects the obligation he has to the members of the putative sub-class as their proposed representative. In light of the circumstances, the Court finds it unlikely that less drastic sanctions would be any more effective. Moreover, Mr. Blessard's failure to appear for the September 7 hearing warrants dismissal under *Federal Rule of Civil Procedure* 41(b). *See* Fed. R. Civ. P. 41(b); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (In determining whether dismissal under Rule 41(b) is proper, the Court must consider: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion'; and (4) the effectiveness of sanctions less drastic than dismissal.") (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)); *Taylor v. Huffman*, 120 F.3d 262, *1 (4th Cir. 1997) (per curiam) ("A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim.").

### IV.

Accordingly, the Court **GRANTS** the Defendants' Motion [**Doc. 480**] and **DISMISSES** Mr. Blessard as a plaintiff to this action.

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: September 11, 2023

Frank W. Volk
United States District Judge