## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

MICHAEL D. ROSE,
and EDWARD L. HARMON,
*on their own behalf and on behalf*
*of all others similarly situated*,

      Plaintiffs,

v.                                    CIVIL ACTION NO.  5:22-cv-00405

MICHAEL FRANCIS,
*individually and as an employee of*
*the West Virginia Division of Corrections*
*and Rehabilitation*,
THE RALEIGH COUNTY COMMISSION,
John/Jane Doe Employees of the Raleigh
County Commission,
THE FAYETTE COUNTY COMMISSION,
John/Jane Doe Employees of the Fayette
County Commission,
THE GREENBRIER COUNTY COMMISSION,
John/Jane Doe Employees of the Greenbrier
County Commission,
THE MERCER COUNTY COMMISSION,
John/Jane Doe Employees of the Mercer
County Commission,
THE MONROE COUNTY COMMISSION,
John/Jane Doe Employees of the Monroe
County Commission,
THE SUMMERS COUNTY COMMISSION,
John/Jane Doe Employees of the Summers
County Commission,
THE WYOMING COUNTY COMMISSION,
John/Jane Doe Employees of the Wyoming
County Commission,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
John/Jane Doe PrimeCare Employees,
JOHN/JANE DOE CORRECTIONAL OFFICERS,
BETSY JIVIDEN, *individually as an employee of the*
*West Virginia Division of Corrections and Rehabilitation*,
WEXFORD HEALTH SOURCES, INC.
John/Jane Doe Wexford Employees,

BRAD DOUGLAS, *individually and in his official*
*capacity as the acting Commissioner of the West*
*Virginia Division of Corrections and Rehabilitation*,
JEFF S. SANDY, *individually and in his official*
*capacity as the Cabinet Secretary of the West*
*Virginia Division Department of Homeland Security, and*
WILLIAM K. MARSHALL, III
*individually and in his official capacity as the Commissioner*
*of the West Virginia Division of Corrections and Rehabilitation*,

           Defendants.

## MEMORANDUM OPINION & ORDER

       Pending are Defendants Betsy Jividen, Brad Douglas, Jeff Sandy, and William K. Marshall, III's Expedited Motion for Disqualification of Plaintiffs' Counsel New, Taylor & Associates [Doc. 445], filed July 20, 2023, and Plaintiffs' Motion for Rule 11 Sanctions [Doc. 530], filed August 11, 2023. The matters are ready for adjudication.

### I.

       On September 22, 2022, Plaintiffs initiated this action on behalf of a putative class of current and former inmates at Southern Regional Jail. On June 5, 2023, Plaintiffs' counsel New, Taylor & Associates ("New Taylor") hired Christopher Frost as an associate attorney. Mr. Frost is not assigned to work on this case. [*See Affidavit*, Doc. 530-1]. However, on July 13, 2023, Mr. Frost was asked to cover a deposition on behalf of another New Taylor attorney at St. Mary's Correctional Center. *Id.* Due to technological issues, the deposition did not proceed as scheduled.

       On July 19, 2023, William Murray, former counsel for Defendants Jividen, Douglas, Sandy, and Marshall (collectively, "Defendants"), advised counsel for Plaintiffs Stephen New of his intention to file a motion to disqualify New Taylor as Plaintiffs' counsel based on Mr. Frost's prior representation of WVDCR and his personal relationship with the Court's staff. [Doc.

531 at 2]. The same day, Mr. New emailed Mr. Murray to advise that Mr. Frost's representation of WVDCR was limited to an employment discrimination case against the Potomac Highlands jail, and that he understood the relevant staff member had been screened from the present case. [*See* Doc. 530-2].

On July 20, 2023, Defendants filed their Expedited Motion for Disqualification of Plaintiffs' Counsel. [Doc. 445]. Defendants move under *West Virginia Rule of Professional Conduct* 1.9 to disqualify New Taylor from appearing in this action due to counsel's prior attorney-client relationship with the West Virginia Division of Corrections and Rehabilitation ("WVDCR") and counsel's personal relationship with the Court's staff. Specifically, Mr. Frost assisted in defending an employment action filed against WVDCR and the Potomac Highlands Regional Jail while working for the law firm of Shuman McCuskey Slicer, PLLC.[1] *See id.* at 4. During that representation, Defendants allege Mr. Frost "learned of confidential information . . . of significance in his representation of his present client." *Id.* (internal quotation and citation omitted). In addition, Mr. Frost's spouse is a law clerk to the undersigned.[2] Plaintiffs maintain that Mr. Frost's involvement in the present case extended only to his last-minute coverage of Plaintiff Robert Church's deposition. [Doc. 447 at 8]. Mr. Frost further attests that he is not assigned to work on this matter. [Doc. 447-2 ¶4]. Regardless, Plaintiffs contend the subject matter of Mr. Frost's prior representation is neither the same as nor substantially related to the subject matter of this case; thus, disqualification is unnecessary. [Doc. 447].

On August 11, 2023, Plaintiffs filed their Motion for Rule 11 Sanctions. [Doc. 530]. Plaintiffs assert Defendants filed their Motion for Disqualification in violation of *Federal Rule of*

---

[1] *See Ward v. W. Va. Div. Corr. & Rehab. et al.*, Civil Action No. 21-C-201.

[2] Inasmuch as the Court has screened Mr. Frost's spouse from this case and counsel for the Defendants indicated no objection thereto, the Court declines to further address the matter herein.

*Civil Procedure* 11(b). [Doc. 530; *see also* Fed. R. Civ. P. 11(b)(1)–(3)]. Defendants maintain that their actions do not rise to the level of sanctionable conduct. [*See* Doc. 573].

Following initial briefing of both matters, the Court heard oral argument on September 7, 2023, and invited the parties to submit additional briefing thereafter. The matters are ready for adjudication.

## II.

Rule 83.7 of the *Local Rules of Civil Procedure* provides that all attorneys who practice before this Court must adhere to the Rules of Professional Conduct as adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association. "A lawyer whose continued representation will violate these rules must withdraw as counsel." *Von Newman v. Marshall Univ. Police Dep't*, No. CV 3:19-0075, 2020 WL 1865850, at *2 (S.D.W. Va. Apr. 14, 2020) (citing W. Va. R. Prof'l Conduct 1.16(a)(1); ABA Model Rule 1.16(a)(1)). Most relevant here, Defendants contend New Taylor is disqualified under Rule 1.9 of the *West Virginia Rules of Professional Conduct* due to Mr. Frost's prior attorney-client relationship with WVDCR.

Rule 1.9(a) of the *West Virginia Rules of Professional Conduct* provides "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in *the same or substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." W. Va. R. Prof'l Conduct 1.9(a) (emphasis added); ABA Model Rule 1.9(a) (same). "The principles underlying this Rule arise from the duty of fidelity and loyalty a lawyer owes his or her former clients and the requirement that a lawyer maintain the attorney-client privilege and not disclose or adversely use confidential information." *Von Newman*, 2020 WL 1865850 at *2 (citing

4

*State ex rel. McClanahan v. Hamilton*, 430 S.E.2d 569, 572 (W. Va. 1993)). This mandate is extended to law firms by West Virginia Rule 1.10(a), which further provides:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule[] . . . 1.9, unless the prohibition is based on a personal interest of the disqualified lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

W. Va. R. Prof'l Conduct 1.10(a). Accordingly, to disqualify an attorney pursuant to Rule 1.9(a), five criteria must be satisfied:

> (1) the existence of an attorney-client relationship between the attorney and the former client; (2) the existence of an attorney-client relationship between the attorney and the subsequent client; (3) the subject matter of the subsequent client's representation either is the same as or is substantially related to the subject matter of the former client's representation; (4) the subsequent client's representation is materially adverse to the interests of the former client; and (5) the former client has not consented, after consultation, to the subsequent representation.

*State ex rel. Bluestone Coal Corp. v. Mazzone*, 697 S.E.2d 740, 751 (W. Va. 2010).

In deciding whether a prohibited conflict of interest exists, the Court "is not to weigh the circumstances 'with hair-splitting nicety' but, in the proper exercise of its supervisory power over the members of the bar and with a view of preventing 'the appearance of impropriety,' it is to resolve all doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 273 n.3 (4th Cir. 1977) (citations omitted); *Von Newman*, 2020 WL 1865850 at *2; *Fanning v. John A. Sheppard Mem'l Ecological Rsrv., Inc.*, No. 2:18-CV-01183, 2018 WL 5316009, at *2 (S.D.W. Va. Oct. 26, 2018). Nevertheless, "[t]he drastic nature of disqualification requires that courts avoid overly-mechanical adherence to disciplinary canons at the expense of litigants' rights freely to choose their counsel; and that they always remain mindful of the opposing possibility of misuse of disqualification motions for strategic reasons." *Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142, 146 (4th Cir. 1992) (internal citation omitted); *Folio v. Alorica, Inc.*, No. 1:22-CV-109, 2023

WL 3964104, at *10 (N.D.W. Va. May 16, 2023), *report and recommendation adopted*, No. 1:22-CV-109, 2023 WL 3956183 (N.D.W. Va. June 12, 2023).

Regarding sanctions, *Federal Rule of Civil Procedure* 11 imposes a duty on attorneys to certify, based on a reasonable inquiry, that any pleading or paper they file with a district court (1) "is not being presented for any improper purpose"; (2) is "warranted by existing law"; and (3) supported by facts that "have evidentiary support." Fed. R. Civ. P. 11(b); *see also Lokhova v. Halper*, 30 F.4th 349, 354 (4th Cir. 2022) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). "[T]he primary purpose of sanctions against counsel is not to compensate the prevailing party, but to 'deter future litigation abuse.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 151 (4th Cir. 2002) (quoting *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990) (disallowing award of attorneys' fees which compensated defendants "rather than . . . deterring improper litigation")).

Our Court of Appeals has stated that "in order to determine 'improper purpose,' a district court must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent." *In re Kunstler*, 914 F.2d at 518 (4th Cir. 1990). "[I]t is not enough that the injured party subjectively believes that a lawsuit was brought to harass . . . instead, such improper purposes must be derived from the motive of the signer." *Id.* at 518–19; *see also Williams v. The Ests. LLC*, No. 1:19-CV-1076, 2023 WL 2607021, at *7 (M.D.N.C. Mar. 23, 2023). "[W]hether or not a pleading has a foundation in fact or is well grounded in law will often influence the determination of the signer's purpose." *Id.* at 518; *Caraballo v. Russell*, 586 F. App'x 620 (4th Cir. 2013).

Our Court of Appeals has further recognized that "maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said

that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter*, 281 F.3d at 153 (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir.1998)). In short, a sanctionable legal argument must have "absolutely no chance of success under the existing precedent." *Id.* (citation omitted). Moreover, "[f]actual allegations fail to satisfy Rule 11(b)(3) when they are 'unsupported by *any* information obtained prior to filing.'" *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (emphasis in original).

### III.

#### A.    *Disqualification of Counsel*

The Plaintiffs dispute whether Defendants satisfy the third *Bluestone* factor; that is, whether Mr. Frost's prior representation of WVDCR is substantially related to the present matter. Relevant here, the West Virginia Supreme Court of Appeals has determined that

> a current matter is deemed to be substantially related to an earlier matter in which a lawyer acted as counsel if (1) the current matter involves the work the lawyer performed for the former client; or (2) there is a substantial risk that representation of the present client will involve the use of information acquired in the course of representing the former client, unless that information has become generally known.

*State ex rel. Keenan v. Hatcher*, 557 S.E.2d 361, 368 (W. Va. 2001); *see also* W. Va. R. Prof'l Conduct 1.9, cmt. 2 ("The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."). "Once a former client establishes that the attorney is representing another party in a substantially related matter, the former client need not demonstrate that he divulged confidential information to the attorney as this will be presumed." Syl. Pt. 4, *McClanahan*, 430 S.E.2d at 570; *State ex rel. Ogden Newspapers, Inc. v. Wilkes*, 482 S.E.2d 204, 208 (1996).

On balance, the Court finds the work Mr. Frost performed for WVDCR is

distinguishable from this matter. Notably, the prior case involved a correctional officer's allegations of employment and racial discrimination, while this case is an inmate civil rights class action. Although the operative Complaint includes claims related to understaffing, these are but some of the many other alleged violations for which Plaintiffs seek relief. In addition, the state and federal cases involve claims against different jails. Further, Plaintiffs contend the work Mr. Frost performed for WVDCR only extended to discovery matters, and even if Mr. Frost were to represent the Plaintiffs in this action -- which he is not -- such information has become generally known by virtue of WVDCR being a government agency. Indeed, Mr. Frost testified that during the prior representation he suggested the plaintiff's counsel file a *Freedom of Information Act* request for certain discovery he believed irrelevant to the underlying case. [Doc. 624 at 47:22–25, 48:1–6].

The Court is not persuaded that this case is substantially related to the earlier matter. Accordingly, the Court does not find the existence of a conflict requiring the "drastic step" of disqualification.[3]

**B.      *Rule 11 Sanctions***

Plaintiffs contend sanctions are appropriate pursuant to *Federal Rule of Civil Procedure* 11 because the Defendants (1) did not "fully and accurately represent the state of the law in West Virginia"; (2) failed to provide case materials from Mr. Frost's prior representation

---

[3] In any event, the Court is satisfied with New Taylor's representation at the September 7, 2023, hearing that Mr. Frost has been screened from this case and will have no further involvement. [Doc. 624 at 54:16–25, 55:1–5]; *see also HealthNet, Inc. v. Health Net, Inc.*, 289 F.Supp.2d 755, 761 (S.D. W. Va. 2003) ("Law firm screens . . . are supposed to keep a conflicted lawyer from discussing the matter with firm personnel, from having access to files concerning the matter, and from sharing fees derived from the matter."); *Von Newman*, 2020 WL 1865850, at *4 (discussing the adequacy of establishing a protective screen). It also appears clear he has disclosed no confidential information -- if any he had -- resulting from his prior engagement. He is commanded to avoid any such disclosure going forward.

and misrepresented Plaintiffs' discovery requests; and (3) did not have a "good-faith basis" to allege an existing conflict based on Mr. Frost's relationship to Court staff. [Doc. 531 at 4].

The Court does not find Defendants' filing of the disqualification motion rises to the level of sanctionable conduct. Defendants relied on relevant language from the *West Virginia Rules of Professional Conduct* and cases which remain good law in West Virginia. Further, Defendants were not required to present additional materials from the state case to support their contention that the matters were related. Syl. Pt. 4, *McClanahan*, 430 S.E.2d at 570 ("Once a former client establishes that the attorney is representing another party in a substantially related matter, the former client need not demonstrate that he divulged confidential information to the attorney as this will be presumed."). Defendants also acknowledged -- and corrected -- incorrect citations to the Plaintiffs' discovery requests. Counsel for the Defendants had a duty to their clients to notify the Court of the potential conflicts. In bringing their motion, counsel fulfilled that duty. Accordingly, sanctions are not warranted under Rule 11.

### IV.

For the foregoing reasons, the Court **DENIES** both the Defendants' Expedited Motion for Disqualification of Plaintiffs' Counsel New, Taylor & Associates [**Doc. 445**] and the Plaintiffs' Motion for Rule 11 Sanctions [**Doc. 530**].

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:          September 15, 2023

Frank W. Volk
United States District Judge