IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHAEL D. ROSE,** *et al.***,**

      **Plaintiffs,**

v.

**JEFF S. SANDY,** *et al.*

      **Defendants.**

Civil Action No.: 5:22-cv-00405
Honorable Frank W. Volk

**DEFENDANTS' SUPPLEMENTAL BRIEF REQUESTING JUDICIAL NOTICE**

**I.     INTRODUCTION**

Pursuant to this Court's Order, Defendants Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall, III submit this supplemental brief. *See* ECF No. 739. These Defendants request the Court to take judicial notice that Plaintiff Nicole Henry, represented by the same counsel as in this action, recently filed a complaint captioned *Henry v. West Virginia Division of Corrections and Rehabilitation*, No. 5:23cv655 (S.D. W. Va. Oct. 2, 2023),[1] that the complaint in *Henry* arises from the same occurrence of Ms. Henry's incarceration at the Southern Regional Jail ("SRJ") as this action, that the complaint in *Henry* alleges that Ms. Henry is "one of almost a dozen female inmates who were beaten by the same gang of female inmates . . . *who has or will file a similar action*," Ex. A. at ¶ 14, and that the complaint in *Henry* includes several of the same claims as this action and demands compensatory and punitive damages, among other things.  Therefore, for these reasons and those previously briefed by Defendants, the Court should take judicial notice of the complaint in *Henry* and deny Plaintiffs' motion for class certification, holding that Plaintiffs have not met their burden under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3), or (c)(4).

---

[1] A copy of the complaint with exhibits in *Henry*, ECF No. 1, is attached as Exhibit A.

1

18269315.1

## II. STATEMENT OF THE CASE

Plaintiffs, including Ms. Henry, filed their complaint in this action on September 22, 2022. ECF No. 1. In the complaint, Ms. Henry alleges that she was assaulted by other inmates during her incarceration at the SRJ. ECF No. 433 at 50, ¶401–07.

Ms. Henry sat for her deposition in her counsel's office on July 12, 2023. Ms. Henry testified that she was last incarcerated at the SRJ from July of 2021 to December of 2021. Depo. N. Henry, ECF No. 575-7 at 6:15–7:9. Ms. Henry has no plans to return to the SRJ and will not commit another crime. *Id.* at 89:12-19.

Ms. Henry testified that during her incarceration at the SRJ, she was attacked and sexually assaulted by other inmates. *Id.* at 72:12–73:10. At the time of her deposition, Ms. Henry was unaware that her attorneys are also seeking to represent the women that attacked her through this purported class action. *Id.* at 77:21-24. When asked if Ms. Henry thought her attorneys could simultaneously represent her and the women that attacked her, she responded as follows: Q: Do you think they can fairly represent you in a claim - - A: Uh-huh. Q: -- and also represent the women that attacked you? A: That don't sound right, no. Q: Are you uncomfortable with that, with your attorneys representing the lady that essentially sexually assaulted you? A: I feel like if she says anything happened to her, I feel like it is a lie. *Id.* at 78:1–11. When asked if she would like to make a claim against the women that attacked her, she responded, "I would make a claim, yes." *Id.* at 79:2–4. Ms. Henry also testified that not all of the inmates suffered the same conditions that she did, as one inmate named "Dice" would be " . . . lying if she says that she suffered some of the same conditions because she made sure that she had everything if she took it from somebody or if the officers gave it to her." *Id.* at 81:19–82:11.

18269315.1

## III. DISCUSSION

Federal Rule of Evidence 201 provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004) (stating that "[o]nly indisputable facts are susceptible to judicial notice"). The Fourth Circuit has held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.' " *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508–09 (4th Cir. 2015). Ultimately, "whether information is the proper subject of judicial notice depends on the use to which it is put." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 558 (4th Cir. 2013) (citing *United States v. Bello*, 194 F.3d 18, 22 (1st Cir. 1999)).

In *Saleh v. Heckard*, No. 5:21cv185, 2022 WL 17819649 (S.D. W. Va. Dec. 20, 2022), this Court overruled the plaintiff's objections to the magistrate judge's judicial notice of certain facts and the procedural history from the plaintiff's prior cases in the Second Circuit. The Court recognized that a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings. *Id.* at *9 (citing *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992)).

In *Bragg v. Sweeney*, No. 2:17cv3693 (S.D. W. Va. Mar. 13, 2018), the Court also took judicial notice of the fact that an order of settlement was entered in a related state court civil forfeiture proceeding. *Id.* at *2. The Court further held that the order of settlement mooted the plaintiff's individual claim and divested this Court of subject matter jurisdiction to consider the plaintiff's remaining requests, including a request for class certification and appointment of

3

counsel. *Id.* at *3–4. The Court reasoned:

> *In light of the finding that Bragg's individual claim cannot proceed, certification of a class as requested by Bragg is not appropriate because he cannot meet the requirements of commonality, typicality, and fair and adequate representation.* Consequently, Bragg has not demonstrated that this matter is appropriate for class certification under Rule 23.

*Id.* at *4 (emphasis added). See *Student A v. Liberty Univ., Inc.*, No. 6:20cv23, 2023 WL 6612525 (W.D. Va. Oct. 10, 2023) (denying class certification under Rule 23(b)(2), (b)(3), and (c)(4) because the plaintiffs' claims were moot and the plaintiffs did not establish commonality, typicality, predominance, or superiority for certification); *see also Jonathan R. v. Justice*, No. 3:19cv710, 2023 WL 5674150, at *4 (S.D. W. Va. Sept. 1, 2023) (holding that a plaintiff did not suffer an injury in fact at the hands of the defendant at the time of filing or thereafter, and he lacked standing to bring his claim individually or on behalf of the class).

*Post v. Amerisourceberen Corporation*, No. 1:19cv73, 2023 WL 5602084 (N.D. W. Va. Aug. 29, 2023), was decided after Defendants' filing of the response to Plaintiffs' motion for class certification in this action. *See* ECF No. 575. In *Post*, the court denied the plaintiff's motion for class certification, where among other things the plaintiff had filed a separate individual action. The plaintiff in *Post* filed a complaint in the Northern District of West Virginia alleging that the defendants unlawfully made payments to her doctor to induce him to misdiagnose the plaintiff and putative class members and refer them to the defendants for certain prescription treatment. The seven-count federal complaint claimed (1) negligence; (2) personal injury; (3) civil conspiracy; (4) fraudulent concealment; (5) unjust enrichment/disgorgement; (6) breach of confidentiality and violation of privacy; and (7) medical negligence. The court noted that the plaintiff had also filed an individual action against her doctor in state court. *Id.* at *1 & n.1. The plaintiff sought class certification on the first, third, fourth, fifth, and sixth claims, but not the second or seventh. *Id.* at

4

\*1. The court held that the plaintiff failed to prove typicality under Federal Rule of Civil Procedure 23(a)(3) and adequacy under Rule 23(a)(4), reasoning in relevant part as follows:

> Plaintiff is atypical and inadequate because she has abandoned any claims and/or relief related to personal injury and related damages. The Second Amended Complaint alleges that she and putative class members suffered "physical and financial harm, injuries and damages" as a result of misdiagnosis and unnecessary IVIG treatment. Despite these allegations, Plaintiff's motion for class certification does not seek certification for Count Two (personal injury) or Count Seven (medical negligence). Plaintiff's decision to abandon these grounds for relief presents a conflict of interest and renders her an inadequate class representative. *As Defendants point out, this conflict is even more apparent given that Plaintiff filed an individual lawsuit against Brizuela in state court, alleging in that case that she suffered physical and financial harm.* She entered into a settlement agreement in that case. Thus, Plaintiff has already recovered for any alleged physical injury, and the putative class members would be deprived of the same opportunity.

*Id.* at \*3 (emphasis added).

The court further found that the plaintiff failed to prove predominance under Rule 23(b)(3) because individual issues predominated for the plaintiff's first, fourth, and fifth claims. *Id.* at \*4. The Court noted again that the plaintiff did not move to certify a class for the second and seventh claims, explained that it had already dismissed the sixth claim, and opined that the third claim was not a stand-alone claim. *Id.* at \*4 n.2.

In this action, similar to *Bragg* and *Post* the Court should take judicial notice that Plaintiff Nicole Henry, represented by the same counsel as in this action, recently filed a complaint captioned *Henry v. West Virginia Division of Corrections and Rehabilitation*, No. 5:23cv655 (S.D. W. Va. Oct. 2, 2023). Specifically, the Court should take judicial notice that the complaint in *Henry* arises from the same occurrence of Ms. Henry's incarceration at the SRJ as this action. The Court should further take judicial notice that the complaint in *Henry* alleges that Ms. Henry is "one of almost a dozen female inmates who were beaten by the same gang of female inmates . . . *who has or will file a similar action*," Ex. A. at ¶ 14. The Court should further take judicial notice that the

complaint in *Henry* includes several of the same claims as this action, including (1) eighth amendment violations under 42 U.S.C. § 1983; (2) conspiracy to commit eighth amendment violations under 42 U.S.C. § 1983; (3) failure to intervene/bystander liability under 42 U.S.C. § 1983; (4) negligence; (5) gross negligence; (6) intentional infliction of emotional distress/tort of outrage; and (7) common law civil conspiracy. Finally, the Court should take judicial notice that the complaint in *Henry* demands compensatory and punitive damages, among other things.

Similar to *Post*, the complaint in *Henry* makes the conflicts between Plaintiffs and their counsel on the one hand and the putative class on the other hand even more apparent. Plaintiffs cannot meet their burden to prove typicality or adequacy of class representatives or counsel under Rule 23(a) in light of the complaint in *Henry*, which is based on the same occurrence, raising many of the same claims, and demanding compensatory and punitive damages without regard to the impact on the broad putative classes that Plaintiffs seek to represent in the motion for class certification. Indeed, contrary to the broad putative classes sought to be certified, Ms. Henry's counsel made the following statement during her deposition: ""And certainly people who did the beating of those women are not going to be part of the subclass she represents and that she is offered for. . . . And if they did participate, they would be in a separate subclass for conditions only." This statement demonstrates the awareness that Plaintiffs' counsel has of the conflicts of interest. Yet, Plaintiffs have not attempted to narrow the putative classes to avoid such conflicts.[2]

In addition, Plaintiffs cannot meet their burden to prove predominance or superiority under

---

[2] The *Henry* complaint also cuts against Plaintiffs' argument for numerosity insofar as Ms. Henry may wish to represent a subclass. As discussed above, the complaint in *Henry* alleges that Ms. Henry was one of almost a dozen inmates who were beaten by the same gang of female inmates who have or will file a similar action. *See* Ex. A at ¶ 14. "Subclasses must independently satisfy each of the requirements set out in Rule 23(a) and (b)." *Jonathan R. V. Justice*, 344 F.R.D. 294, 302 (S.D. W. Va. 2023). A subclass of less than twelve would not be so numerous that joinder would be impractical. *See Stay the Course W. Va. v. Tennant*, No. 1:12cv1658, 2013 WL 209479, at *2 (S.D. W. Va. Jan. 17, 2013) (holding that joinder was not impracticable in light of the relatively small size of the plaintiff's proposed class and the Court's consideration of other factors).

6

Rule 23(b)(3). The *Henry* complaint demonstrates that putative class members, including almost a dozen female inmates who have or will file similar actions, have many individualized issues that they wish to pursue through individual actions.

Finally, similar to *Bragg*, *Student A*, and *Jonathan R.*, Ms. Henry (as well as other Plaintiffs) cannot bring a claim for injunctive relief individually or as a class representative because she lacks standing and/or any claim for injunctive relief is moot. Ms. Henry was last incarcerated in December 2021, which was several months prior to the filing of the complaint in this action, and she has no plans to return to the SRJ. ECF No. 575-7 at 6:15–7:9, 89:12–19. Accordingly, Ms. Henry cannot bring a claim for injunctive relief, and she likewise cannot represent a class under Rule 23(b)(2).

## IV. CONCLUSION

for these reasons and those reasons previously briefed by Defendants, the Court should take judicial notice of the complaint in *Henry* and deny Plaintiffs' motion for class certification.

**JEFF SANDY, BETSY JIVIDEN, BRAD DOUGLAS, and WILLIAM MARSHALL,**

**By Counsel,**

*/s/ Amy M. Smith*
Michael D. Mullins (WVSB No. 7754)
Larry J. Rector (WVSB No. 6418)
Amy M. Smith (WVSB No. 6456)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
michael.mullins@steptoe-johnson.com
larry.rector@steptoe-johnson.com
amy.smith@steptoe-johnson.com

18269315.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHAEL D. ROSE,** *et al.***,**

   **Plaintiffs,**

v.

**JEFF S. SANDY,** *et al.*

              **Civil Action No.: 5:22-cv-00405**
   **Defendants.**       **Honorable Frank W. Volk**

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October 2023, I filed the foregoing "**Defendant's Supplemental Brief**" via the CM/ECF system, which will send a notification to all counsel of record.

                */s/ Amy M. Smith*

18269315.1