## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BECKLEY DIVISION

| | | |
|---|---|---|
| **NICOLE HENRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:23-cv-00655 |
| | ) | |
| **WEST VIRGINIA DIVISION OF** | ) | |
| **CORRECTIONS AND** | ) | |
| **REHABILITATION, and** | ) | |
| **JOHN/JANE DOE CORRECTIONAL** | ) | |
| **OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiff, Nicole Henry, by the undersigned counsel, and for her Complaint states and alleges the following:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and under its authority to decide pendent state law claims.

2.      Venue is proper because Defendants can be served with process within the Southern District of West Virginia, Beckley Division, and because the incidents giving rise to this Complaint occurred within the Southern District of West Virginia, Beckley Division.

### PARTIES

3.      Plaintiff Nicole Henry (hereinafter "Plaintiff") was at all times relevant hereto an inmate of the Southern Regional Jail (hereinafter "SRJ") in Beaver, Raleigh County, West Virginia.

4.      Defendant West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDOCR") is a state agency under the authority and control of the West Virginia Department of

**EXHIBIT
A**

Homeland Security. The WVDOCR operates, manages and controls all state correctional facilities in West Virginia, including SRJ.

5.    According to *West Virginia Code* § 15A-3-1, the purpose of the WVDOCR is to "establish a just, humane and efficient corrections program" in West Virginia (emphasis added).

6.    Defendants John/Jane Doe Correctional Officers are yet to be identified current and/or former correctional officers employed by the WVDOCR who worked, or are still working, at SRJ.

7.    All Defendants are sued up to the limits of the insurance policy(s) that provides liability coverage for their actions and omissions, or as otherwise permitted by law.

### STATEMENT OF FACT

8.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

9.    At all times relevant hereto, Plaintiff was incarcerated at SRJ and in the custody of the WVDOCR.

10.    During a period of her incarceration at SRJ, Plaintiff was housed in the Quarantine Pod and A-8 Pod of SRJ.

11.    At all times relevant hereto, the Quarantine Pod and A-8 Pod of SRJ housed what was commonly known by inmates and correctional officers as the "A-8 Gladiators," a female gang of inmates who inflicted violence and serious injury to numerous female inmates with the acquiescence of and without intervention from John/Jane Doe Correctional Officers.

12.    On or about September 1, 2021, Plaintiff was violently beaten by the A-8 Gladiators in the Quarantine Pod and suffered serious and permanent physical injuries. John/Jane Doe Correctional Officers failed to ensure Plaintiff's cell was properly locked and secure at appropriate times, ignored Plaintiff's attempts to receive help, failed to intervene in the beating, failed to

separate the gang following the beating and failed to take Plaintiff to the medical unit following the beating.

13      On or about November 1, 2021, Plaintiff was again violently beaten by the A-8 Gladiators in the A-8 Pod and suffered serious and permanent physical injuries.  John/Jane Doe Correctional Officers failed to ensure Plaintiff's cell was properly locked and secure at appropriate times, ignored Plaintiff's attempts to receive help, failed to intervene in the beating, failed to separate the gang following the beating and failed to take Plaintiff to the medical unit following the beating.

14.     Plaintiff was not the first female inmate to be beaten by the A-8 Gladiators.  Plaintiff is one of almost a dozen female inmates who were beaten by the same gang of female inmates, with the acquiescence of and without intervention from John/Jane Doe Correctional Officers, who has or will file a similar action.

15.     John/Jane Doe Correctional Officers were fully aware of the A-8 Gladiators' existence and the beatings administered by the gang, to include prior to Plaintiff being beaten.  John/Jane Doe Correctional Officers failed to intervene in the beatings when they were occurring, separate the gang following the beatings, respond to inmates who hit their cell's callbox needing assistance, ensure inmates' cells were properly locked and secure at appropriate times, take inmates who had been beaten to the medical unit, and overall encouraged the beatings.

## CAUSES OF ACTION

### COUNT I – EIGHTH AMENDMENT VIOLATIONS UNDER 42 U.S.C. § 1983
*John/Jane Doe Correctional Officers*

16.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

17.     Defendants, while acting under color of law and within the scope of their employment, violated the Eighth Amendment right of Plaintiff to be free from cruel and unusual punishment and the unnecessary and wanton infliction of pain.

18.     The actions of Defendants, described hereinabove, violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment of the United States Constitution by acting with deliberate indifference to her health and safety.

19.     Defendants, as described hereinabove, were deliberately indifferent to, and willfully ignored, the health and safety of Plaintiff.

20.     Defendants were both objectively and subjectively aware of the risk of serious harm posed by ignoring or otherwise failing to properly address Plaintiff's health and safety.

21.     The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable and were in violation of clearly established law.

22.     During the time period at issue, it was clearly established that subjecting an inmate to cruel and unusual punishment and the unnecessary and wanton infliction of pain, as described hereinabove, violated the Eighth Amendment of the United States Constitution.

23.     During the time period at issue, it was clearly established that acting with deliberate indifference to, and willfully ignoring, the health and safety of an inmate, as described hereinabove, violated the Eighth Amendment of the United States Constitution.

24.     The actions of Defendants, described hereinabove, shock the conscience.

25.     The actions of Defendants, described hereinabove, were unlawful and unjustified.

26.     As a direct and proximate result of Defendants' unreasonable, unjustified and unconstitutional actions, Plaintiff suffered violations of her constitutional rights, severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

27.     In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and costs incurred during the course of this litigation.

28.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s),

## COUNT II – CONSPIRACY TO COMMIT EIGHTH AMENDMENT VIOLATIONS
## UNDER 42 U.S.C. § 1983
### *John/Jane Doe Correctional Officers*

29.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

30.     Defendants, while acting under color of law and within the scope of their employment, acted jointly and in concert to deprive Plaintiff of her Eighth Amendment right to be free from cruel and unusual punishment.

31.     Defendants committed overt acts to accomplish the constitutional violations and injuries described herein.

32.     The actions of Defendants, described hereinabove, violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment of the United States Constitution.

33.     The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable and were in violation of clearly established law.

34.     During the time period at issue, it was clearly established that subjecting an inmate to cruel and unusual punishment and the unnecessary and wanton infliction of pain, as described hereinabove, violated the Eighth Amendment of the United States Constitution.

35.     During the time period at issue, it was clearly established that acting with deliberate indifference to, and willfully ignoring, the health and safety of an inmate, as described hereinabove, violated the Eighth Amendment of the United States Constitution.

36.     The actions of Defendants, described hereinabove, shock the conscience.

37.     The actions of Defendants, described hereinabove, were unlawful and unjustified.

38.     As a direct and proximate result of Defendants' unreasonable, unjustified and unconstitutional actions, Plaintiff suffered violations of her constitutional rights, severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

39.     In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and costs incurred during the course of this litigation.

40.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT III – FAILURE TO INTERVENE/BYSTANDER LIABILITY UNDER 42 U.S.C. § 1983
### John/Jane Doe Correctional Officers

41.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

42.     Defendants, while acting under color of law and within the scope of their employment, violated Plaintiff's constitutional rights by failing to intervene while the above-referenced constitutional violations occurred.

43.     Defendants were aware that Plaintiff's constitutional rights were being violated, as set forth hereinabove, yet purposefully failed and/or refused to take reasonable steps to protect her.

44.     Defendants had opportunities to intervene and protect Plaintiff, but chose not to.

45.     The actions of Defendants, described hereinabove, violated the constitutional rights guaranteed to Plaintiff under the Eighth Amendment of the United States Constitution.

46.     The actions of Defendants, described hereinabove, were not taken in good-faith, were objectively unreasonable and were in violation of clearly established law.

47.     The actions of Defendants, described hereinabove, shock the conscience.

48.     The actions of Defendants, described hereinabove, were unlawful and unjustified.

49.     As a direct and proximate result of Defendants' unreasonable, unjustified and unconstitutional actions, Plaintiff suffered violations of her constitutional rights, severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

50.     In addition to these compensatory damages, Plaintiff will also seek to recover, under 42 U.S.C. § 1983, attorneys' fees and costs incurred during the course of this litigation.

51.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

### COUNT IV – NEGLIGENCE
*John/Jane Doe Correctional Officers*

52.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

53.     At all times relevant hereto, Defendants owed Plaintiff a duty of care.

54.     As set forth hereinabove, Defendants, while acting within the scope of their employment, breached their duties of care to Plaintiff.

55.     As a direct and proximate result of Defendants' negligent, reckless and unreasonable conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering. Plaintiff will seek to recover all damages permitted under the law.

56.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

### COUNT V – GROSS NEGLIGENCE
*John/Jane Doe Correctional Officers*

57.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

58.     At all times relevant hereto, Defendants owed Plaintiff a duty of care.

59.     As set forth hereinabove, Defendants, while acting within the scope of their employment, breached their duties of care to Plaintiff.

60.     In breaching their duties of care, Defendants displayed a conscious indifference to probable harmful consequences for their actions.

61.     In breaching their duties of care, Defendants displayed a reckless disregard for the welfare of Plaintiff.

62.     As a direct and proximate result of Defendants' grossly negligent, reckless and unreasonable conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering. Plaintiff will seek to recover all damages permitted under the law.

63.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

### COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/TORT OF OUTRAGE
*John/Jane Doe Correctional Officers*

64.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

65.     Defendants' actions toward Plaintiff, as described hereinabove, were atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency.

66.     Defendants acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from their outrageous conduct.

67.     Defendants' heinous actions caused Plaintiff to suffer severe emotional distress.

68.     The emotional distress was so severe, no reasonable person could be expected to endure it.

69.     As a direct and proximate result of Defendants' reckless, intolerable and outrageous conduct, Plaintiff suffered severe emotional distress and will seek compensatory damages for the same.

70.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

### COUNT VII – COMMON LAW CIVIL CONSPIRACY
*John/Jane Doe Correctional Officers*

71.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     As set forth hereinabove, Defendants acted jointly and in concert to:

a.      Negligently injure Plaintiff;

b.      Injure Plaintiff in a grossly negligent manner; and

c.      Intentionally inflict emotional distress on Plaintiff.

73.     As set forth hereinabove, Defendants had a meeting of the minds to accomplish the tortious actions and injuries described herein.

74.     As set forth hereinabove, Defendants committed overt acts to accomplish the tortious actions and injuries described herein.

75.     As a direct and proximate result of Defendants' tortious conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

76.     The actions of Defendants were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT VIII – NEGLIGENT HIRING
### *WVDOCR*

77.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     At all times relevant hereto, WVDOCR owed inmates at SRJ, including Plaintiff, a duty of care.

79.     WVDOCR owed inmates at SRJ, including Plaintiff, a duty to not negligently hire employees and place them in positions of power and authority where they can cause harm or injuries to others.

80.     Upon information and belief, WVDOCR did not conduct a reasonable investigation into the background of their Employee Defendants and did not adequately assess the possible risk of harm or injury to third-parties that could result from the conduct of their Employee Defendants if they were employed at SRJ.

81.     Upon information and belief, WVDOCR's Employee Defendants had a history of prior negligent acts and misconduct, including but not limited to, unjustified violence towards inmates; cruel and unusual punishment and the unnecessary and wanton infliction of pain; and deliberate indifference to, and willfully ignoring, the health and safety of inmates.

82.     Upon information and belief, had WVDOCR conducted a reasonable investigation into the background of their Employee Defendants, they would have discovered that their Employee Defendants had a history of negligent acts and misconduct.

83.     Upon information and belief, had WVDOCR conducted a reasonable investigation into the background of their Employee Defendants, their negligent acts described hereinabove could have been prevented.

84.     WVDOCR violated clearly established rights and/or laws with respect to the hiring of its Employee Defendants, *inter alia*, *West Virginia Code* § 15A-3-5 and WVDOCR Regulations.

85.     As a direct and proximate result of WVDOCR's negligent conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

86.     The actions of WVDOCR were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

## COUNT IX – NEGLIGENT SUPERVISION AND TRAINING
### *WVDOCR*

87.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

88.     At all times relevant hereto, WVDOCR owed inmates at SRJ, including Plaintiff, a duty of care.

89.     WVDOCR owed inmates at SRJ, including Plaintiff, a duty to properly and adequately supervise and train their employees, especially those in positions of power and authority, to prevent them from negligently causing harm or injuries to others.

90.     Upon information and belief, WVDOCR's Employee Defendants were not properly or adequately supervised at SRJ.

91.     Upon information and belief, WVDOCR's Employee Defendants were not properly or adequately trained at SRJ.

92.     Upon information and belief, WVDOCR's negligent supervision and training of their Employee Defendants allowed them to freely commit the negligent acts described hereinabove.

93.     Upon information and belief, had WVDOCR properly and adequately supervised and trained their Employee Defendants, their negligent acts described hereinabove could have been prevented.

94.     The WVDOCR violated clearly established rights and/or laws with respect to the supervision and training of its Employee Defendants, *inter alia*, *West Virginia Code* § 15A-3-4(a)(4), *West Virginia Code* § 15A-3-5 and WVDOCR Regulations.

95.     As a direct and proximate result of WVDOCR's negligent conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering.  Plaintiff will seek to recover all damages permitted under the law.

96.     The actions of WVDOCR were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

### COUNT X – NEGLIGENT RETENTION
*WVDOCR*

97.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

98.     At all times relevant hereto, WVDOCR owed inmates at SRJ, including Plaintiff, a duty of care.

99.     WVDOCR owed inmates at SRJ, including Plaintiff, a duty to not negligently retain unfit employees, especially those in positions of power and authority, who have engaged in negligent or otherwise wrongful conduct.

100.    Upon information and belief, WVDOCR's Employee Defendants had a history of prior negligent acts and misconduct, including but not limited to, unjustified violence towards inmates; cruel and unusual punishment and the unnecessary and wanton infliction of pain; and deliberate indifference to, and willfully ignoring, the health and safety of inmates.

101.    Despite these aforementioned negligent acts, as described hereinabove, WVDOCR's Employee Defendants were retained.

102.    Upon information and belief, WVDOCR knew or should have known that their Employee Defendants were unfit, but retained them anyway.

103.    Upon information and belief, WVDOCR could have reasonably foreseen the possible risk of harm or injury to others that could result from the conduct of their unfit Employee Defendants.

104.    Upon information and belief, had WVDOCR not negligently retained their Employee Defendants, their negligent acts described hereinabove could have been prevented.

105.    WVDOCR violated clearly established rights and/or laws with respect to the retention of its Employee Defendants, *inter alia*, *West Virginia Code* § 15A-3-5 and WVDOCR Regulations.

106.    As a direct and proximate result of WVDOCR's negligent conduct, Plaintiff suffered severe bodily injury and conscious pain and suffering. Plaintiff will seek to recover all damages permitted under the law.

107.    The actions of WVDOCR were reprehensible, willful and wanton, malicious and in blatant disregard for the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent such damages are recoverable under the applicable insurance policy(s).

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an amount exceeding the minimum jurisdictional limit of this Court, and in such sums as will fairly and fully compensate Plaintiff for her injuries and damages proximately caused by the wrongful conduct of Defendants, together with pre and post judgment interest, for reasonable attorneys' fees and costs for the prosecution of this action, for punitive damages, and for any further relief this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

NICOLE HENRY
By Counsel,

**/s/ Timothy P. Lupardus**
Timothy P. Lupardus, WV Bar #6252
Lupardus Law Office
275 Bearhole Road
Pineville, WV 24874
Phone: (304) 732-0250
Email: office@luparduslaw.com

**/s/ Stephen P. New**
Stephen P. New, WV Bar #7756
Amanda J. Taylor, WV Bar #11635
Emilee B. Wooldridge, WV Bar #14310
New, Taylor & Associates
430 Harper Park Drive
Beckley, WV 25801
Phone: (304) 250-6017
Fax: (304) 250-6012
Email: steve@newtaylorlaw.com

**/s/ Zachary K. Whitten**
Zachary K. Whitten, WV Bar #13709

Whitten Law Office, L.C.
P.O. Box 753
Pineville, WV 24874
Phone: (304) 202-0511
Email: zwhittenlaw@gmail.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| NICOLE HENRY | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. 5:23-cv-00655 |
| DIVISION OF CORRECTIONS AND REHABILITATION | ) |
| AND JOHN/JANE DOE CORRECTIONAL OFFICERS | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ DIVISION OF CORRECTIONS AND REHABILITATION
1409 GREENBRIER STREET
CHARLESTON, WV 25311

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

TIMOTHY P. LUPARDUS (WVSB #6252)
LUPARDUS LAW OFFICE, L.C.
P.O. BOX 1680
PINEVILLE, WV 24874

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.    5:23-cv-00655

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

     ❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

     ❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

     ❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

     ❑ I returned the summons unexecuted because _____ ; or

     ❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

                                   _____
                                                   *Server's signature*

                                   _____
                                            *Printed name and title*

                                   _____
                                                *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of West Virginia

| | | |
|---|---|---|
| NICOLE HENRY | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.    5:23-cv-00655 |
| DIVISION OF CORRECTIONS AND | ) | |
| REHABILITATION | ) | |
| AND JOHN/JANE DOE CORRECTIONAL OFFICERS | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_      JOHN/JANE DOE
ADDRESS UNKNOWN

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

TIMOTHY P. LUPARDUS (WVSB #6252)
LUPARDUS LAW OFFICE, L.C.
P.O. BOX 1680
PINEVILLE, WV 24874

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
                                                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.      5:23-cv-0655

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                             *Server's signature*

                                             _____
                                             *Printed name and title*


                                             _____
                                             *Server's address*

Additional information regarding attempted service, etc:

Print        Save As...                                    Reset

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicole Henry

**DEFENDANTS**

West Virginia Division of Corrections and Rehabilitation and John/Jane Doe Correctional Officers

**(b)** County of Residence of First Listed Plaintiff    Raleigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Kanawha
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Timothy P. Lupardus, Esq. Lupardus Law Office, LC, P.O. Box 1680 Pineville, WV 24874 (304)732-0250

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Civil rights violation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   10/2/2023

SIGNATURE OF ATTORNEY OF RECORD   /s/ Timothy P. Lupardus (WVSB #6252)

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.