IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL D. ROSE et al.,**

    **Plaintiffs,**

v.                                                     **Civil Action No. 5:22-cv-00405**
                                                          **Honorable Frank W. Volk**

**JEFF SANDY, et al.,**

    **Defendants.**

**JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND MOTION TO STRIKE MEMORANDUM IN SUPPORT THEREOF**

       **NOW COME** the Defendants, by their respective counsel, and hereby respond in opposition to Plaintiffs' Motion for Leave to Supplement the Record in Support of Their Motion for Class Certification (ECF No. 769) and further move to **STRIKE** the Memorandum in Support of same (ECF No. 770). In support thereof, Defendants state as follows:

**I.    PROCEDURAL HISTORY CONCERNING MOTION FOR CLASS CERTIFICATION**

       On August 9, 2023, Plaintiffs filed a Motion for Class Certification and Memorandum of Law in Support Thereof. (ECF Nos. 518-519). On August 23, 2023, Defendants filed a Joint Response in Opposition to the Motion for Class Certification. (ECF No. 566). On August 24, 2023, this Court ordered Plaintiffs' Memorandum of Law and Defendants' Joint Response stricken from the docket and directed the parties to re-file the documents by August 28, 2023 in conformance with the Court's ordered page limitations of forty (40) pages for the memorandum in support of class certification and response thereto and twenty (20) pages for any reply. (ECF No. 570).

       On August 28, 2023, Defendants filed their revised Joint Response in Opposition to the

Motion for Class Certification. (ECF No. 575). On August 29, 2023, Plaintiffs filed their revised Memorandum of Law in Support of their Motion for Class Certification. (ECF No. 587). On August 31, 2023, Plaintiffs filed a Reply Memorandum in support of their Motion for Class Certification. (ECF No. 595).

On October 19, 2023, the parties came before the Court for a hearing on the Motion for Class Certification. Prior thereto, on October 18, 2023, the parties were notified by the Court that:

> In the event that counsel intend to confine their presentations tomorrow to argument on class certification, **the Court deems such argument unnecessary**. If instead counsel intend to present evidence, the Court would like an estimate of the time necessary for doing so. Could each party please provide their forecast in the event they will be providing evidence.

*October 18, 2023, E-Mail*, Ex. 1 (emphasis added).

At the hearing, when asked what witnesses were ready to testify on behalf of Plaintiffs, counsel for Plaintiffs represented that they did not have any witnesses. Instead, Plaintiffs' counsel attempted to proffer twelve (12) exhibits, all of which were provided to counsel for Defendants mere minutes before the hearing began. Without the ability to determine the admissibility of these exhibits and with no witness present to testify to same, various Defendants' counsel objected. The Court advised the parties that it would allow Plaintiffs time to move to supplement the record with these exhibits with Defendants having an opportunity to respond.

In this regard, the Court entered an Order on October 20, 2023, in which "Plaintiffs are given leave to move to supplement the record – with the twelve (12) exhibits identified during the hearing – **on or before October 27, 2023**." (ECF No. 739) (emphasis added). On October 27, 2023, Plaintiffs filed a motion for Leave to Supplement the Record in Support of Their Motion for Class Certification, in which they attach the twelve (12) exhibits with a brief explanation as to why the record should be supplemented as follows:

> At the time the *Motion for Class Certification* was filed, Plaintiffs did not have Exhibit Numbers 3, 4, 9, 10, and 12 in their possession as they were produced in discovery by Defendants after the motion was filed. The remaining Exhibits are ancillary to the evidence already provided to this Court. These exhibits further elucidate the deplorable condition of SRJ (Exhibit No. 1); the risk of harm to the inmates from violence (Exhibit Nos. 2 and 5); and, the completely inadequate medical care at SRJ (Exhibit Nos. 6-8 and 11). Defendants currently have knowledge of the information contained in these Exhibits and Plaintiffs are providing no new or novel information.

(ECF No. 769 at 1).

Additionally, however, Plaintiffs go on to file a **sixteen (16)** page Memorandum in support of this Motion in which they present additional argument in support of their Motion for Class Certification. (ECF No. 770). This is the same argument that the Court expressly advised was not necessary. It is from this procedural history that Defendants now respond.

## II. SUPPLEMENTATION OF THE RECORD

Regarding supplementation of the record, this Court has adopted the following standard:

> In a recent opinion addressing this issue, Judge Copenhaver established three different instances when it may be appropriate to supplement an earlier-filed motion for summary judgment: "when new material is not merely cumulative or corroborative . . . and . . . creates a new question of material fact that may impact the ruling," when "doing so provides the court with newly discovered evidence that, with reasonable diligence, could not have been discovered earlier," or when "the request is not made in bad faith and will not result in prejudice to the other parties."

*Old White Charities, Inc. v. Bankers Ins., LLC*, 325 F. Supp. 3d 681, 693–4 (S.D. W. Va. 2018). *See Kerr v. McKay*, No. 2:20cv190, 2022 WL 985869, at *6 (S.D. W. Va. Mar. 31, 2022) (affirming magistrate judge's decision not to grant the plaintiff leave to file supplemental affidavit to add portions of and commentary on administrative grievance hearing beyond portions of audio timely submitted), *aff'd*, No. 22-1417, 2023 WL 6619538 (4th Cir. Oct. 11, 2023).

Here, Plaintiffs are attempting to supplement their Motion for Class Certification with twelve (12) exhibits:

    1.    Photographs included in Bobby Berry's After-Action Report.

3

2. CID Summary.

3. Grievance Reports.

4. Defendant Francis Email Production Excerpts.

5. Andrew Fleshman and Steve Wimmer Information.

6. Defendant Wexford's Responses to Plaintiffs' First Set of Interrogatories, RPDs and RFAs.

7. Excerpts from William Bohn's Deposition taken on July 12, 2023.

8. Defendant PrimeCare Medical's First Supplemental Responses.

9. Defendant PrimeCare Medical's Email Production 1-Daily Log Spreadsheet.

10. Defendant PrimeCare Medical's Email Production 2-Daily Log Spreadsheet.

11. Excerpts from Plaintiff Larry Harmon's Deposition taken on August 1, 2023.

12. Excerpts from Chad Lester's Deposition take on September 26, 2023.

Admittedly, more than half of these proposed exhibits were in Plaintiffs' counsel's possession prior to the filing of the Motion for Class Certification on August 9, 2023. *See* ECF No. 769 at 1. Specifically, Plaintiffs' counsel had the deposition transcripts for Larry Harmon and William Bohn. Plaintiffs' counsel had the discovery responses from Wexford, which were served on July 7, 2023. *See Certificate of Service*, Ex. 2. Plaintiffs' counsel had PrimeCare Medical's First Supplemental Responses, which were served on August 4, 2023. *See Certificate of Service*, Ex. 3. Also, Plaintiffs' counsel had the "Grievance Reports" attached as Exhibit 3, pages 1-2, which were produced on July 17, 2023. *See Response to RPD No. 14*, Ex. 4. Additionally, pages 29-97 were produced on August 4, 2023. *See Response to RPD No. 12*, Ex. 5. Last, the photographs from Bobby Berry's After-Action Report were also produced on August 4, 2023. *See Response to RPD No. 5*, *Id*.

It was not until after Plaintiffs had the benefit of reviewing Defendants' Response and more than six (6) weeks of time between the filing of the Response and the hearing on the Motion for

Class Certification that they decided the previously known information should be made part of their Motion for Class Certification. Under any of the standards identified by this Court *supra*, these previously known documents should not become part of the record. In Plaintiffs' own words, the proposed exhibits are cumulative and do not impact the ruling on the Motion for Class Certification – "the remaining Exhibits are ancillary to evidence already provided to this Court." (ECF No. 769, p. 1). As stated above, some of the proposed exhibits are not newly discovered, as many of them were in Plaintiffs' counsel's possession prior to the filing of the Motion for Class Certification – specifically the photographs from Bobby Berry's After-Action Report, the two Plaintiffs' deposition transcripts, the Grievance Reports, Wexford's discovery responses and PrimeCare's First Supplemental Responses. Last, the request to admit some of these exhibits is in bad faith and has prejudiced the Defendants. For instance, had Plaintiffs desired, William Bohn and Larry Harmon could have testified at the October 19, 2023, hearing, giving counsel for Defendants a fair opportunity to cross examine them. Instead, Plaintiffs' counsel wishes to supplement the record with their testimony without Defendants having the opportunity to call into question its validity or accuracy. Additionally, the use of these Plaintiffs' deposition is impermissible pursuant to Rule 32(a)(4) of the *Federal Rules of Civil Procedure* because they were in fact available to testify at the hearing. Thus, for the foregoing reasons, this Court should preclude Plaintiffs from supplementing the record with the deposition testimony of William Bohn and Larry Harmon, the Photographs from Bobby Berry's After-Action Report, the Grievance Reports, as well as the discovery responses from Wexford and the First Supplemental Responses from PrimeCare.

Additionally, Plaintiffs' contention that the Court's procedure did not allow for the presentation of evidence at the hearing held on August 19, 2023, is patently false. The Court specifically advised the parties that it would entertain evidence and would not entertain argument.

5

Instead of having testimony or evidence that could be admitted through the *Federal Rules of Evidence*, Plaintiffs attempted to enter exhibits into the record without any evidentiary foundation. Plaintiffs' failure to be properly prepared for an evidentiary hearing on a Motion for Class Certification should not be excused by allowing Plaintiffs to supplement their Motion with additional exhibits, many of which they admit were already in possession, and all of which they admit are cumulative of what has already been submitted. Therefore, Plaintiffs' Motion should be denied.

**III.     MOTION TO STRIKE MEMORANDUM**

In addition to precluding Plaintiffs from supplementing the record with the aforementioned exhibits, the Memorandum filed by Plaintiffs with the Motion should be stricken from the docket. As this Court is keenly aware, the parties were specifically advised prior to the hearing and during the hearing that additional argument on the Motion for Class Certification was not necessary. Despite this, Plaintiffs filed a **<u>sixteen (16)</u>** page Memorandum going into explicit detail as to how these new exhibits support one or more of the factors in support of class certification and even cite to caselaw in support thereof in various instances. (ECF No. 770, p. 3).

> LR Civ P 7.1(a)(2) states:
>
> A memorandum of not more than 20 pages in length must accompany the following types of motions: (1) to intervene; (2) to transfer; (3) to vacate; (4) to reconsider; (5) for rehearing; (6) for attorney fees; (7) for clarification; (8) to realign parties; (9) to consolidate; (10) to recuse; (11) to dismiss; (12) to remand; (13) for summary judgment; (14) for sanctions; (15) for default judgment; (16) for declaratory judgment; (17) to compel arbitration; (18) for injunctive relief or for a temporary restraining order; (19) for a new trial, to reconsider or to alter or amend judgment; (20) to reinstate or reopen a civil action; (21) to substitute a party; (22) to stay; (23) to seal; or (24) to show cause.
>
> In addition to these motions, the court has discretion to direct a movant to submit a memorandum to accompany any other type of motion. If a movant deems appropriate, a memorandum of not more than 20 pages in length may accompany any other type of motion even if not required by this rule or the court.

LR Civ P 7.1 (2023); *see also* ECF No. 569 (striking Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and striking Defendants' Reply Brief in Support of Defendants' Motion to Dismiss for failure to comply with the Court's earlier Order regarding page limitation). The Court did not direct an accompanying memorandum in this instance. In fact, the Court specifically advised the parties that additional argument was deemed unnecessary. Thus, the Memorandum filed by Plaintiffs is beyond the scope of the Court's order and the Court's express instructions to the parties.

Indeed, Plaintiffs' Memorandum is like an unauthorized surreply in support of the motion for class certification. Local Rule of Civil Procedure 7.1(a)(7) explicitly and clearly requires: "Surreply memoranda shall not be filed except by leave of court." L.R. Civ. P. 7.1(a)(7). *See Hallman-Warner v. Bluefield State Coll.*, No. 1:17cv2882, 2018 U.S. Dist. LEXIS 41929, at *2–3 (S.D. W. Va. Jan. 19, 2018) (proposed findings and recommendation striking reply to response that was characterized as a surreply). "Surreplies are discouraged in this Court and are permitted only with leave of Court under Local Rule 7.1. Failure to raise issues that should have been raised in an oppositional response is not grounds for invoking this Court's indulgence." *Stevens v. Thornsbury*, No. 2:13cv31719, 2014 U.S. Dist. LEXIS 112020, at *11 (S.D. W. Va. Aug. 13, 2014). In *Stevens*, the Court denied a motion for leave to file a surreply because the proper time to raise the argument had passed. *Id.* at *11. *See also* ECF No. 570. Plaintiffs already had a chance to say the final word when they filed their Reply Brief. However, after having the benefit of over six weeks of time, Plaintiffs now attempt to circumvent the Court's Order and pre-hearing directive and add additional argument in support of each of the class certification factors. Such attempt is made in bad faith and prejudicial to Defendants. To allow Plaintiffs to supplement their argument invites nothing more than a briefing schedule for this Motion in perpetuity. At some point the argument must end and the Motion is ripe

for adjudication. The Plaintiffs were invited to move to supplement the record with twelve (12) exhibits identified during the class certification hearing, not to file a memorandum with additional legal argument. They have done so by proffering their exhibits. Defendants have responded in opposition *supra*.

The Court did not authorize the Memorandum filed by Plaintiffs. If the Court would have authorized a memorandum, it would have set a page limitation like the page limitation set for the supplemental brief it authorized on behalf of certain Defendants. The Memorandum filed by Plaintiffs is nothing more than additional unauthorized argument and therefore should be stricken from the docket.

**WHEREFORE**, in light of the foregoing, Defendants pray that this Honorable Court **DENY** Plaintiffs' Motion to Supplement the Record as it pertains to proposed Exhibits 6, 7, 8, and 11, and further **STRIKE** from the docket Plaintiffs' Memorandum (ECF No. 770) and further grant these Defendants any and all other relief this Honorable Court deems just and proper.

**FAYETTE COUNTY COMMISSION,**
**By Counsel,**

 /s/ Harrison M. Cyrus
Charles R. Bailey (WV Bar #0202)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
cbailey@baileywyant.com
hcyrus@baileywyant.com

**RALEIGH COUNTY COMMISSION,**
**By Counsel,**

/s/ Daniel J. Burns
J. Victor Flanagan (WV Bar #5254)
Daniel J. Burns (WV Bar #11866)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
T: (304) 254-9300
F: (304) 255-5519
vflanagan@pffwv.com
dburns@pffwv.com

                **WYOMING COUNTY COMMISSION; SUMMERS COUNTY COMMISSION; MONROE COUNTY COMMISSION; MERCER COUNTY COMMISSION; and, GREENBRIER COUNTY COMMISSION,**
                **By Counsel,**

/s/ Wendy E. Greve
Wendy E. Greve (WV Bar #6599)
Benjamin B. Vanston (WV Bar #14146)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV 25301
(304) 344-0100
(304) 342-1545
wgreve@pffwv.com
bvanston@pffwv.com

                **JEFF SANDY, BETSY JIVIDEN, BRAD DOUGLAS, and WILLIAM K. MARSHALL, III,**
                **By Counsel,**

/s/ Amy M. Smith
Michael D. Mullins (WV Bar #7754)
Larry J. Rector (WV Bar # 6418)
Amy M. Smith (WV Bar # 6465)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 933-8704

michael.mullins@steptoe-johnson.com
larry.rector@steptoe-johnson.com
amy.smith@steptoe-johnson.com

**WEXFORD HEALTH SOURCES, INC.,**
**By Counsel,**

/s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
David E. Schumacher (WV Bar #3304)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com
dschumacher@baileywyant.com

**PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,**
**By Counsel,**

/s/ Anne Liles O'Hare
D. C. Offutt, Jr. (WV Bar #2773)
Anne Liles O'Hare (WV Bar #9171)
Offutt Simmons Simonton, PLLC
949 Third Avenue, Suite 300
P.O. Box 2868
Huntington, WV 25701
T: (304) 529-2868
F: (304) 529-2999
dcoffuttjr@offutlegal.com
alohare@offutlegal.com

**MICHAEL FRANCIS,**
**By Counsel,**

/s/ Jared C. Underwood
Chip E. Williams (WV Bar #8116)
Jared C. Underwood (WV Bar #12141)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George Street

Beckley, WV 25801
T: (304) 254-9300
F: (304) 255-5519
cwilliams@pffwv.com
junderwood@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL D. ROSE et al.,**

    **Plaintiffs,**

v.                                                   **Civil Action No. 5:22-cv-00405**
                                                                  **Honorable Frank W. Volk**

**JEFF SANDY, et al.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **JOINT RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD IN SUPPORT OF THEIR MOTION FOR CLASS CERTIFICATION AND MOTION TO STRIKE MEMORANDUM IN SUPPORT THEREOF** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, November 3, 2023:

Michael D. Mullins
Amy Marie Smith
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV 26330
Attorney For: Betsy Jividen, Brad Douglas, Jeff S. Sandy, William K. Marshall, III

D. C. Offutt, Jr.
Anne Liles O'Hare
Offutt Simmons Simonton, PLLC
949 Third Avenue, Suite 300
P.O. Box 2868
Huntington, WV 25701
Attorney For: PrimeCare Medical of West Virginia, Inc.

Charles R. Bailey
Harrison M. Cyrus
Bailey & Wyant, PLLC
PO Box 3710
Charleston, WV 25337-3710
Attorney For: Fayette County Commission

Chip E. Williams
Jared C. Underwood
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George St.
Beckley, WV 25801
Attorney For: Michael Francis

J. Victor Flanagan
Daniel J. Burns
Pullin Fowler Flanagan Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
Attorney For: The Raleigh County Commission

Robert P. Dunlap
Dunlap & Associates, PLLC
345 Prince Street
Beckley, WV 25801
Attorney For: Plaintiffs

Stephen Paul New
Stephen New & Associates
430 Harper Park Drive
PO Box 5516
Beckley, WV 25801
Attorney For: Plaintiffs

Timothy P. Lupardus
Lupardus Law Office
275 Bearhole Road
PO Box 1680
Pineville, WV 24874
Attorney For: Plaintiffs

Wendy E. Greve
Benjamin B. Vanston
Pullin Fowler Flanagan Brown & Poe, P.L.L.C.
James Mark Building
901 Quarrier St.
Charleston, WV 25301
Attorney For: Greenbrier County Commission, Mercer County Commission, Monroe County Commission, Summers County Commission, Wyoming County Commission

Amanda J. Taylor

Taylor, Hinkle & Taylor
115 ½ S. Kanawha Street
Beckley, WV 25801
Attorney For: Plaintiffs

Zachary K. Whitten
Whitten Law Office, L.C.
P.O. Box 753
Pineville, WV  24874
Attorney For: Plaintiffs


  /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
David E. Schumacher (WV Bar #3304)