IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHAEL D. ROSE,** *et al.,*

        **Plaintiffs,**

v.                                                                  Civil Action No.: 5:22-cv-00405
                                                                 Honorable Frank W. Volk

**JEFF S. SANDY,** *et al.,*

        **Defendants.**

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF
REQUESTING JUDICIAL NOTICE**

I. **Introduction**

Pursuant to this Court's Order, Plaintiffs submit their response to Defendants Jeff S. Sandy, Betsy Jividen, Brad Douglas and William K. Marshall, III, Supplemental Brief Requesting Judicial Notice. ECF No. 739. On October 27, 2023, these Defendants filed their aforementioned supplemental brief requesting the Court to take judicial notice that Plaintiff Nicole Henry filed an individual complaint against the West Virginia Division of Corrections and Rehabilitation, No. 5:23-cv-00655 (S.D. W. Va. Oct. 2, 2023). Defendants assert Ms. Henry's individual complaint arises from the same occurrence of Ms. Henry's incarceration at the Southern Regional Jail ("SRJ") as this action, that the complaint alleges Ms. Henry is one of numerous female inmates who were beaten by the same gang of female inmates "who has or will file a similar action,"[1] and that the complaint includes several of the same claims as this action. However, for the reasons stated below, the Court should find Defendants' arguments in its supplemental brief requesting judicial

---

[1] In their supplemental brief, Defendants make multiple references that the individual complaint filed by Ms. Henry states she is one of many who has or will file an action pertaining to the gang-related beatings. At present, Ms. Henry is the only individual who has filed such complaint. Therefore, Defendants' reliance that others will file individual actions, without those actions actually being filed, to support their position in their supplemental brief is speculative.

notice as moot, and for those reasons previously briefed by Plaintiffs, find Plaintiffs have met their burden for class certification and grant their motion for class certification.

## II. Brief Overview

The Court is well aware of the proceedings in this action. Plaintiffs filed their complaint on September 22, 2022, alleging numerous constitutional violations while incarcerated at SRJ. ECF No. 1. In the complaint, Ms. Henry alleges she was assaulted by other inmates during her incarceration at SRJ. ECF No. 433 at 50, ¶ 401-07. Ms. Henry filed her individual complaint on October 2, 2023, alleging she was assaulted by other inmates during her incarceration at SRJ. ECF No. 1 at 2, ¶ 12-13 (No. 5:23-cv-00655).

## III. Argument

Defendants desperately attempt to use the filing of Ms. Henry's individual complaint as evidence that the prerequisites for class certification are not met. Plaintiffs have fully briefed how they have met their burden for class certification, and incorporate those arguments here. ECF No. 587.

Regarding Defendant's request for judicial notice of Ms. Henry's individual complaint, Rule 41(a)(1)(A)(i) of the *Federal Rules of Civil Procedure* states a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. In No. 5:23-cv-00655, Plaintiff filed a Rule 41 Notice of Dismissal on November 2, 2023, before any of the named defendants filed an answer or motion for summary judgment. ECF No. 4. Therefore, Defendants' request for judicial notice and their arguments against class certification, in part, due to the filing of Ms. Henry's individual complaint are moot because Ms. Henry voluntarily dismissed her individual action.

IV.     Conclusion

WHEREFORE, for these reasons and those reasons previously briefed by Plaintiffs, the Court need not take judicial notice of Ms. Henry's individual complaint because said action has been voluntarily dismissed by Ms. Henry, and the Court should grant Plaintiffs' motion for class certification.

                        **MICHAEL D. ROSE, et al.,**
                        By Counsel,

/s/ Stephen P. New
Stephen P. New (WVSB No. 7756)
Emilee B. Wooldridge (WVSB No. 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newlawoffice.com

Amanda J. Taylor (WVSB No. 11635)
Taylor, Hinkle & Taylor, Inc.
115 ½ South Kanawha Street
Beckley, WV 25801
O: (304) 894-8733
F: (681) 245-6236

Zachary K. Whitten, WV Bar #13709
Whitten Law Office, L.C.
P.O. Box 753
Pineville, WV 24874

Timothy P. Lupardus, WV Bar #6252
Lupardus Law Office
275 Bearhole Road
Pineville, WV 24874

Robert Dunlap, WV Bar #10012
Robert Dunlap & Associates
208 Main Street
Beckley, WV 25801

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHAEL D. ROSE,** *et al.,*

      **Plaintiffs,**

v.                                                                           Civil Action No.: 5:22-cv-00405
                                                                                        Honorable Frank W. Volk

**JEFF S. SANDY,** *et al.,*

      **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 3rd day of November, 2023, a true and accurate copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF REQUESTING JUDICIAL NOTICE** was filed via the CM/ECF system, which will send notification to all counsel of record.

                                                          **s/ Stephen P. New**
                                                          Stephen P. New, WV Bar #7756