IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 5:22-cv-00405 |
| | ) |
| **JEFF SANDY,** *et al*. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT WEXFORD HEALTH SOURCES, INC., TO RESPOND FULLY AND ADEQUATELY TO PLAINTIFFS' SECOND SET OF DISCOVERY**

COME NOW Plaintiffs, by undersigned counsel, and in further support of *Plaintiffs' Motion to Compel Defendant Wexford Health Sources, Inc., to Respond Fully and Adequately to Plaintiffs' Second Set of Discovery* state as follows:

**FACTUAL AND PROCEDURAL HITORY**

On November 1, 2023, Wexford served its responses to *Plaintiffs' Second Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant Wexford Health Sources, Inc.,* ["Plaintiffs' Second Set of Discovery"]. On November 16, 2023, undersigned counsel directed correspondence to counsel for Wexford, pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37.1 of the Local Rules, outlining the deficiencies in Wexford's responses to Plaintiff's Second Set of Discovery. See November 16, 2023, letter at **Exhibit 1**. On the same date, counsel engaged in a telephone call to discuss possible resolution of the matters. A follow-up email outlined the phone call. See November 16, 2023, email at **Exhibit 2**. The Parties are unable to reach an agreement regarding Wexford's responses to Request for Production 1, Request for Production 3, and Request for Production 4, which state as follows:

1

1.      **Produce all medical records for all putative class members from June 26, 2022, to present.**

RESPONSE: Wexford Health Sources, Inc. objects to this discovery request on the grounds that at this time, it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as a class has not been certified against Wexford Health Sources, Inc. at this time. Wexford Health Sources, Inc. has produced the medical records for the named Plaintiffs previously in discovery. To the extent Plaintiffs wish to obtain the medical records for all individuals who have been incarcerated at Southern Regional Jail from June 26, 2022, until present, said information is irrelevant and not discoverable until a class is certified. Additionally, the requested information is overly broad and unduly burdensome. See attached affidavit of Mary Stone in support of this objection. Without waiving this objection and to resolve this discovery issue without court intervention, to the extent a class is certified regarding claims asserted against Wexford Health Sources, Inc., Wexford Health Sources, Inc. will agree to produce a reasonable number of individuals' medical records selected on a random basis with the criteria of such randomized process to be agreed upon with counsel for Plaintiffs.

3.      **Produce the complete audit log(s), audit trail(s), and all audit records for all putative class members' electronic medical records from June 26, 2022, to present, sorted chronologically by the date and time of the event, showing the following data fields:**

a.      **Date and time of event, including the exact date and time of the access event and the exit event;**

b.      **User identification;**

c.      **Access device identifying all on-site terminals and remote work stations or devices from which the user obtained access; Type of action performed (additions, deletions, changes, queries, print, copy), specific inquiry, any changes made (with reference to original data) and a delete specification (with reference to deleted information);**

d.      **Identification of the patient data that is accessed;**

e.      **Source of access, please identify the application through which the access occurred;**

f.      **Reason for access;**

      g.      **Any alarms, alerts, reminders, notifications and/or warnings messages and identify who was notified of the same; and**

      h.      **Every actual or attempted print, transmit, or delete activity by any user at any time between June 26, 2022, to the present.**

    RESPONSE:  Wexford Health Sources, Inc. objects to this discovery request on the grounds that at this time, it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as a class has not been certified against Wexford Health Sources, Inc. at this time. Wexford Health Sources, Inc. has produced the medical records for the named Plaintiffs previously in discovery. To the extent Plaintiffs wish to obtain the medical records for all individuals who have been incarcerated at Southern Regional Jail from June 26, 2022, until present, said information is irrelevant and not discoverable until a class is certified. Additionally, the requested information is overly broad and unduly burdensome. See attached affidavit of Mary Stone in support of this objection. Without waiving this objection, Wexford does not have the information requested. Wexford believes that this information can only be obtained through CorEMR.

**4.    Produce all Nurse Sick Call forms for Southern Regional Jail from June 26, 2022, to present.**

    RESPONSE:  Objection. Overly broad and unduly burdensome. See attached Affidavit as to the reasons this is overly broad and unduly burdensome. Without waiving this objection, see Bates Stamp WEX008830-008834, which contains all statistics regarding medical care at Southern Regional Jail from July 1, 2022, until August 31, 2022.

*See* Wexford's Responses to Plaintiffs' Second Set of Discovery, at **Exhibit 3**. Specifically, Plaintiffs maintain that Wexford's objections are improperly made and, therefore, waived. In the alternative, Plaintiffs maintain that the medical records and Nurse Sick Call Forms are relevant, discoverable, reasonable in scope, and sufficiently protected by the *Stipulated HIPPA Qualified Protective Order Regarding Production of Protected Health Information* [ECF 735]. Plaintiffs maintain that the same is true of the audit logs and trails and, further, maintain that the logs and

3

trails are within Wexford's possession, custody, and/or control.

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the . Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. Rule 26. Rule 34 further requires that a responding party "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P., Rule 34.

A party seeking discovery may, after good-faith conferral on the issues, move for an order compelling discovery where they party fails to produce documents or respond to q request for inspection. Fed. R. Civ. P., Rule 37. Evasive or incomplete responses are deemed a failure to respond. Id.

## ARGUMENT

### I. ENTRY OF AN ORDER COMPELLING A RESPONSE TO REQUEST FOR PRODUCTION NO. 1 IS PROPER.

Plaintiff's request for Production No. 1 sought the production of medical records for all putative class members from June 26, 2022, to present. Ex. 3. Wexford's response first objected on the basis that the request was irrelevant and not likely to lead to the discovery of admissible evidence. Id. The objection was based on a summary statement that the Court has not yet granted class certification. Id. No further explanation was offered. This objection is not in conformity with the Federal Rules and the jurisprudence of the Southern District.

The United States District Court for the Southern District of West Virginia requires that objections to reasonable interrogatories "explain or demonstrate precisely why or how the party is entitled to withhold from answering." *Mills v. East Gulf Coal Preparation co., LLC*, 259 F.R.D.

4

118, 131. (S.D.W.Va. 2009). "Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable." *Id*, 259 F.R.D. at 132. Objections conforming with the rules will contain:

> (1) a recital of the parties claims and defenses, (2) a summary of the applicable statutory and/or case law upon which the parties claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or imposed for an improper purpose.

*Id*. "Failure to state objections specifically in conformity with the Rules will be regarded as a **waiver of those objections**. *Id*. (**emphasis** added). Accordingly, Plaintiffs seeking a ruling that the relevance objection was waived for failure to comport with these requirements and compelling a response.

In the alternative, Plaintiffs take exception to the applicability of the relevance objection. This matter was filed as and remains a putative class action on behalf of all inmates at Southern Regional Jail. With respect to Wexford, the class is limited to inmates from June 26, 2022, to present. Allegations against Wexford include deliberate indifference to serious medical needs of inmates at Southern Regional Jail. Wexford's medical expert relies upon the provision of medical services by Defendant in conformity with the standard of care. The medical records are crucial evidence bearing directly on these points, both for the substance of the class claims and for the establishment of class elements, such as commonality and typicality. See *Austin v. Foodliner, Inc*., 2018 WL 1168694 at * 1-*2 (N.D. Cal. 2018) (numerous courts have allowed per-certification discovery of putative class member confidential information subject to a protective order, without requiring prior notice to class members).

Further, on October 19, 2023, the Court entered the *Stipulated HIPPA Qualified Protective*

*Order Regarding Production of Protected Health Information*, agreed upon and submitted jointly by the Parties. The purpose of the Order was to ensure that the Parties' protected the privacy of any inmate whose health information was requested or produced in this matter. Additionally, Wexford's willingness to produce grievance logs and other unredacted document following entry of this Order cuts against its argument that information regarding individuals that are not named class representatives is irrelevant.

Wexford next objected on the basis that the requested information was overly broad and unduly burdensome, producing an affidavit of Mary Stone in support of this assertion. Ex. 3. The objection and the affidavit are devoid of any analysis of "the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The objection further fails to comply with the requirements set forth in *Mills*, *supra*. Accordingly, Plaintiffs seek a ruling that the insufficient objection is waived and compelling a response.

In the alternative, Plaintiff seeks an order determining that the production of the putative class members' medical records would not be overly burdensome considering the factors set forth in Rule 26. This is a putative class action asserting constitutional violations based upon failure to provide adequate medical care to all inmates at Southern Regional Jail. Medical records for the putative class members are central to the issues at the heart of this matter and, therefore, the burden or expense would need to be substantial to outweigh the benefit of production. A cursory review of Ms. Stone's affidavit indicates that there are 5,689 putative class members' medical records in Wexford's possession, custody, or control. Ex. 3. Ms. Stone avers that searching these records for Nurse Sick Call forms would take three employees at least three weeks. Ex. 3. She further avers

that simply producing the medical record would require the same effort. Ex. 3. It is not credible to believe that searching through and producing medical records would require the same effort. Even assuming it were, this effort is not sufficient to outweigh the benefit of production. Wexford did indicate that, if a class was certified, it would agree to produce "a reasonable number of individuals' medical records selected on a random basis with the criteria of such randomized process to be agreed upon with counsel for Plaintiffs." This is a tacit acknowledgement that the records are significant and discoverable in this matter. Accordingly, Plaintiffs request entry of an order compelling Wexford to produce the putative class members' medical records.

## II. ENTRY OF AN ORDER COMPELLING A RESPONSE TO REQUEST FOR PRODUCTION NO. 3 IS PROPER.

Request for Production No. 3 sought audit logs and audit trails for all records sought in Request No. 1. Ex. 3. Wexford lodged substantially similar objections and responses as it did to Request No.1. Ex. 3. For the reasons set forth hereinabove, Plaintiffs request that these objections be deemed waived and/or Defendant be compelled to produce responsive information. Plaintiffs further state that the timing and editing of medical record entries is both discoverable and relevant in this action given the nature of the allegations and the evidence of undue delay in providing medical treatment to inmates.

Wexford further asserted that the requested audit information could only be obtained through its electronic medical records system - CorEMR and that Wexford "does not have the information requested." This response does not accurately reflect the proper standard under Rule 34, which requires production of items in a party's "possession, custody, or control." Wexford undoubtedly has possession, custody, or control of its own electronic medical records. Nevertheless, following good-faith communication on this matter, Wexford has refused to provide a substantive response. Accordingly, Plaintiffs seek entry of an order compelling production.

### III. ENTRY OF AN ORDER COMPELLING A RESPONSE TO REQUEST FOR PRODUCTION NO. 4 IS PROPER.

Request for Production No. 4 sought production of all Nurse Sick Calls for Southern Regional Jail from June 26, 2022, to present. Ex. 3. Wexford objected to the request as overly broad and unduly burdensome and produced the Affidavit of Mary Stone as support for these objections. Ex. 3. Specifically, Wexford alleges that it would have to search through all medical records to determine whether there were any Nurse Sick Calls. Ex. 3. However, the Affidavit of Ms. Stone does not support this position. Rather, as set forth regarding Request No. 1, above, the medical records can be produced in whole in lieu of pulling out specific documents. Further, as detailed herein, Ms. Stone's affidavit does not properly detail any time, effort, or other difficulty which would make producing the Nurse Sick Calls burdensome, or which would merit nondisclosure under Rule 26.

Wexford responded, in part, by referencing previously produced documents which reflect "all statistics regarding medical care at Southern Regional Jail from July 1, 2022, to present, until August 21, 2022." As an initial matter, this unilateral limitation on the timeframe for information sought is not agreeable. Additionally, the statistics are not sufficient to provide the substance of the information contained within the Nurse Sick Calls. Accordingly, Plaintiffs seek entry of an order compelling production of the medical records, inclusive of Nurse Sick Call forms, for all putative class members.

### CONCLUSION

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter an order compelling Defendant Wexford Health Sources, Inc., to respond fully and adequately to *Plaintiff's Second Set of Interrogatories, Requests for Production, and Requests for Admissions to Defendant Wexford Health Sources, Inc.*, as set forth more fully herein. Plaintiffs further

request all such other relief as the Court deems just and proper.

**MICHAEL D. ROSE, *et al.*, on their own behalf and on behalf of all those similarly situated,**
**By Counsel**

*/s/ Amanda J. Taylor*
Amanda J. Taylor
Taylor, Hinkle & Taylor
115 ½ S. Kanawha St.
Beckley, WV 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com

Stephen P. New (WVSB No. 7756)
Emilee B. Wooldridge (WVSB No. 14310)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012

Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

Robert Dunlap (WVSB No. 10012)
Robert Dunlap & Associates
208 Main Street
Beckley, West Virginia 25801
(304) 255-4762
*Counsel for Plaintiffs*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:22-cv-00405 |
| ) | (Judge Volk) |
| **BETSY JIVIDEN,** *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that a true and correct copy of the foregoing *Memorandum of Law in Support of Plaintiffs' Motion to Compel Defendant Wexford Health Sources, Inc., to Respond Fully and Adequately to Plaintiffs' Second Set of Discovery* was served this day, November 29, 2023, via the CM/ECF System on all counsel of record.

                                                    */s/ Amanda J. Taylor*
                                                    Amanda J. Taylor  (WVSB No. 11635)