## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement"), effective this _____ day of December, 2023, submitted to the Court for its consideration and approval, is entered into between and among Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, individually and on behalf of a putative class of others similarly situated (collectively, "Plaintiffs" ) and Defendants Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis (collectively, "Settling Defendants) (all collectively, "Settling Parties").

## I.    RECITALS

WHEREAS, Plaintiffs filed their original class action complaint on September 22, 2022, styled *Rose, et al. v. Sandy, et al.*, in the United States District Court for the Southern District of West Virginia, No. 5:22cv405 (the "Class Action"), alleging unconstitutional conditions of confinement at Southern Regional Jail in Beaver, Raleigh County, West Virginia against Settling Defendants, among others;

WHEREAS, Plaintiffs filed an amended class action complaint on October 7, 2022, and a second amended class action complaint thereafter on July 17, 2023;

WHEREAS, in the second amended class action complaint Plaintiffs claim on behalf of themselves and all those similarly situated: (1) Eighth Amendment violations under 42 U.S.C. § 1983 – conditions of confinement; (2) Eighth Amendment Violations under 42 U.S.C. § 1983 - deliberate indifference to serious medical needs; (3) conspiracy to commit Eighth Amendment violations under 42 U.S.C. § 1983; (4) Fourteenth Amendment Violations under 42 U.S.C. § 1983- conditions of confinement; (5) Fourteenth Amendment violations under 42 U.S.C. § 1983 –

deliberate indifference to serious medical needs; (6) conspiracy to commit Fourteenth Amendment Violations under 42 U.S.C. § 1983; (7) failure to intervene/bystander liability under 42 U.S.C. § 1983; (8) negligence; (9) gross negligence; (10) *prima facie* negligence; (11) intentional infliction of emotional distress/tort of outrage; (12) common law civil conspiracy; (13) violation of the Americans with Disabilities Act; and (14) temporary injunctive relief under Fed. R. Civ. P. 65;

WHEREAS, Settling Defendants joined a motion to dismiss the second amended class action complaint filed on July 31, 2023, and that motion has been denied as moot without prejudice as to Settling Defendants;

WHEREAS, Plaintiffs filed a motion for class certification on August 29, 2023, and that motion has been denied as moot without prejudice as to Settling Defendants;

WHEREAS, Plaintiffs filed a motion to file a third amended complaint on October 16, 2023, and that motion has been denied as moot without prejudice as to Settling Defendants;

WHEREAS, On October 30, 2023, Magistrate Judge Aboulhosn entered an Order and Proposed Findings and Recommendations that recommended granting Plaintiffs' expedited motion to compel Defendants Sandy and Douglas to respond fully and adequately to discovery and to deem requests for admission admitted, and sanctions, and recommended granting Plaintiffs' motion for a finding of spoliation and for sanctions against Defendants Sandy, Jividen, Douglas, and Marshall, and the Settling Parties believe that the Court has held that to the extent approval of this Agreement is withheld, a new deadline will be set for objections to the Order and Proposed Findings and Recommendations;

WHEREAS, Plaintiffs' attorneys Stephen P. New, Emilee Wooldridge, Amanda Taylor, Timothy Lupardus, Zachary Whitten, and Robert Dunlap ("Class Counsel") have conducted extensive investigation of the allegations in the Proceedings and have vigorously prosecuted Plaintiffs' claims;

WHEREAS, Settling Defendants have vigorously defended against Plaintiffs' claims and have denied and continue to deny any and all allegations of wrongdoing and any and all liability as to them with respect to the Class Action;

WHEREAS, Class Counsel and Settling Defendants' Counsel began arms-length settlement discussions in October 2023 and determined that the following conditions exist: (1) the totals of the aggregated liquidated claims and the State of West Virginia's liability insurance coverage available for satisfying them under *Pittsburgh Elevator Company v. West Virginia Board of Regents*, 310 S.E.2d 675 (W. Va. 1983), set definitely at their maximums, demonstrate the inadequacy of the State's insurance coverage to pay all claims; (2) the whole of the State's insurance policy limits should be devoted to pay the overwhelming claims; and  (3) Class Members identified by a common theory of recovery may be treated equitably among themselves;

WHEREAS, Class Counsel have concluded, after extensive factual investigation  and after carefully considering the circumstances of the Class Action, that it is in Class Members' best interests to enter into this Agreement to avoid the uncertainties, burdens, risks, and delays inherent in litigation, and to assure that the substantial benefits reflected herein are obtained for the Class in an expeditious manner, and, further, that this Agreement is fair, reasonable, adequate, and in the best interests of Class Members;

WHEREAS, Settling Defendants have concluded that, despite their defenses to the claims and allegations, this Settlement Agreement is fair, reasonable, and adequate inasmuch as it is beneficial to reduce and avoid the further expense, burden, and inconvenience of protracted litigation, and to resolve finally and completely the Released claims, as defined herein;

WHEREAS, the purpose of the Agreement is to conclusively and comprehensively resolve the Released Claims;

NOW, THEREFORE, for good and valuable consideration the sufficiency of which is acknowledged, subject to and conditioned upon Court approval, Settling Parties, intending to be

legally bound, agree to settle the Class Action under the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Agreement and its Attachments, the following terms shall have the meanings set forth below. Terms used in the singular shall include the plural and vice versa.

**2.1**   **"Agreement"** or **"Settlement Agreement"** means this Settlement Agreement and Release, including any permitted and executed amendments and exhibits hereto, which are incorporated herein by reference.

**2.2**   **"Authorized Claimant"** means any Class Member who submits a Claim Form according to the terms of the Agreement and who is approved by the Claims Administrator.

**2.3**   **"BRIM"** means West Virginia's Board of Risk and Insurance Management.

**2.4**   **"CAFA Notice"** means the notice of the proposed settlement in compliance with the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715.

**2.5**   **"Claim"** means a request made by a Class Member to receive a Settlement Payment pursuant to the procedures stated below.

**2.6**   **"Claim Deadline"** means the period during which a Class Member may submit a Claim Form, which is the period beginning when the Claims Administrator mails the Claim Form and ending ninety (90) days later or as otherwise Ordered by the Court.

**2.7**   **"Claim Form"** means the form a Class Member must validly and timely submit to receive a Settlement Payment under this Agreement. A draft Claim Form is attached as <u>Exhibit A</u> to this Agreement. A final version will be filed within 7 days.

**2.8**   **"Claimant"** means a Class Member who has submitted a Claim Form.

**2.9**   **"Claims Administration Fund"** means a fund consisting of $50,000.00 that Defendants will cause to be established as set forth below to fund amounts up to $50,000.00 to apply to the initial fees and costs of Class Notice and settlement administration any remaining balance to be paid from the Settlement Fund.

4

2.10    **"Claims Administrator"** means Tiffaney Janowicz and Rust Consulting, Inc. and any successors agreed upon by Settling Parties and approved by the Court.

2.11    **"Class"** means all persons who were incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period.

2.12    **"Class Action"** means the action titled Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleener, Jr., William Bohn, and Tonya Persinger, Plaintiffs, individually and on behalf of all Class Members, against Jeff S. Sandy, individually and in his official capacity as the Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis, Defendants, No. 5:22cv405, pending in the United States District Court for the Southern District of West Virginia.

2.13    **"Class Counsel"** means Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office.

2.14    **"Class Member"** means a member of the Class.

2.15    **"Class Notice"** means, collectively or individually, the "Email Notice," "Long Form Notice," and "U.S. Mail Notice."

2.16    **"Class Period"** means the period from September 22, 2020 to the date of the Final Approval Order.

2.17    **"Class Representatives"** means  Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger.

2.18    **"Comments Deadline"** means the date identified in the November 15, 2023, Order to file comments on the Joint Motion for Preliminary Approval.

2.19    **"Email Notice"** means the Class Notice summarizing the proposed Settlement terms as agreed upon by Settling Parties and approved by the Court, to be provided to Class

Members via electronic mail. A draft Email Notice is hereby attached as Exhibit B. A final version will be filed within 7 days.

**2.20** **"Final Approval Hearing"** means the hearing currently is scheduled for 12:00 p.m. on January 26, 2024[1], to consider and determine whether the terms of the Settlement Agreement should be approved as fair, reasonable, and adequate, and whether the Final Approval Order approving the Settlement Agreement should be entered.

**2.21** **"Final Approval Order"** means the order entered by the Court after the Final Approval Hearing granting final approval of the Settlement Agreement. The Final Approval Order is being prepared and will be provided to the Court with the Joint Motion for Final Approval.

**2.22** **"Final Judgment"** means a document labeled by the Court as such and that has the effect of a final appealable judgement under Federal Rule of Civil Procedure 54(b). The Final Judgment is being prepared and will be provided to the Court with the Joint Motion for Final Approval.

**2.23** **"Final Settlement Date"** means the date following the Final Judgment when any appeal periods have run or any appeals have become finally resolved.

**2.24** **"Joint Motion for Preliminary Approval"** means the document identified in the November 15, 2023, Order that must be filed no later than December 8, 2023, attaching the Settlement Agreement and necessary Exhibits.

**2.25** **"Joint Motion for Final Approval"** means the document identified in the November 15, 2023, Order that must be filed no later than January 12, 2023, accompanied by a proposed Final Approval Order.

**2.26** **"Long Form Notice"** means the Class Notice of the proposed Settlement terms, as agreed upon by Settling Parties and approved by the Court, that the Claims Administrator is to provide to Class Members under this Settlement Agreement on the Settlement Website. A draft Long Form Notice is attached as Exhibit C. A final version will be filed within 7 days.

---

[1] Based on the notice and objection deadlines below, the Settling Parties understand that it may be necessary to move the Court to reschedule this hearing date. The Settling Parties will work cooperatively to do so.

2.27  **"Net Settlement Fund"** means the Settlement Fund, less the amounts over $50,000.00 paid to the Claims Administrator for the costs of Class Notice and settlement administration, any attorneys' fees and cost award to Class Counsel, and any incentive award to Class Representatives. Settlement Payments shall be made from the Net Settlement Fund.

2.28  **"Objection Deadline"** means the date identified in the Preliminary Approval Order and Class Notice by which a Class Member must file or serve written objections, if any, to the Settlement Agreement. The Objection Deadline shall be no later than thirty-five (35)  days from the date the Claims Administrator provides the Class Notice or as the Court may otherwise direct.

2.29  **"Plaintiffs"** means  Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, individually and on behalf of a putative class of others similarly situated.

2.30  **"Preliminary Approval Order"** means the proposed order preliminarily certifying the Class for Settlement purposes and approving and directing the provision of Class Notice.

2.31  **"Released Claims"** means the claims against Settling Defendants that Plaintiffs and Class Members shall release. This includes all damages arising out of continuous or repeated exposure to substantially the same general conditions at Southern Regional Jail between September 22, 2020, and the date of the Final Settlement Hearing in Civil Action No. 5:23-cv-00405 [the "Civil Action"], as set forth in the class action complaint.  This includes any action, cause of action, claim, demand, right suit, obligation, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, asserted, or which could have been asserted in the class action complaint. Released Claims does not include occurrences or claims which are unknown or could not have been asserted in the class action complaint and specifically excludes, without limitation, matters related to excessive force, medical malpractice, overdose, overdetention, and any and all claims asserted against the remaining Defendants in the Civil Action. See, *e.g. Sheppheard, et al. v. Justice, et al.*, 5:23-cv-530; *Stump, et al. v. WVDCR, et al.*, 1:23-cv-184; *Smith on behalf of the Estate of Alvis Shrewsbury v. WVDCR, et al.*, 5:23-cv-210. Nothing herein shall be construed as the State of West Virginia waiving any sovereign immunity defenses that the State of West Virginia may have to any current or future litigation.

**2.32**   **"Released Parties"** means Settling Defendants, together with the State of West Virginia, the West Virginia Department of Homeland Security, the West Virginia Division of Corrections, and each of their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors, or anyone acting on their behalf.

**2.33**   **"Releasing Persons"** means Plaintiffs and all Class Members and their respective assigns, agents, representatives, attorneys, heirs, executors, administrators, beneficiaries, and privies.

**2.34**   **"Settlement"** means the Settlement of the Class Action effectuated by the Settlement Agreement, including any permitted and executed amendments and exhibits.

**2.35**   **"Settlement Agreement"** or **"Agreement"** means this Settlement Agreement and Release, including any permitted and executed amendments and exhibits hereto, which are incorporated herein by reference.

**2.36**   **"Settlement Fund"** means a fund consisting of $4,000,000.00 that Defendants will cause to be established as set forth below to fund amounts over $50,000.00 paid to the Claims Administrator for the costs of Class Notice and settlement administration, and any attorneys' fees and cost award to Class Counsel, any incentive award to Class Representatives, and Settlement Payments.

**2.37**   **"Settlement Payment"** means a lump-sum cash payment payable to each Authorized Claimant, the amount of which is to be determined by the Claims Administrator in accordance with the criteria set forth on the Claim Form, in the schedule set forth below, and in Exhibits A -C. No interest shall be paid on the Settlement Payment.

**2.38**   **"Settling Defendants"** means Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis.

**2.39**   **"Settling Parties"** means Plaintiffs and Settling Defendants.

2.40    **"Settling Defendants' Counsel"** means Michael D. Mullins, Larry J. Rector, Amy M. Smith, Peter J. Raupp and the law firm of Steptoe & Johnson PLLC representing Settling Defendants Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis.

2.41    **"U.S. Mail Notice"** means the Long Form Notice summarizing the proposed Settlement terms, as agreed upon by Settling Parties and approved by the Court, that the Claims Administrator shall provide to Class Members in an envelope with the claim form and reply envelope.  The U.S. Mail Notice is being prepared and will be provided to the Court separately.

## III.    PURPOSE OF SETTLEMENT AGREEMENT

3.1    This Settlement Agreement is entered into among Settling Parties to conclusively and comprehensively settle the Released Claims.

3.2    Plaintiffs and Class Counsel recognize the expense and length of continued prosecution of the Class Action against Settling Defendants through trial and appeals. They have considered the difficulties, expense, delay, uncertainty, and risk of continued litigation, especially given the problems of proof and defenses to be asserted in the Class Action and the limited financial resources of Settling Defendants, who may not possess sufficient insurance to satisfy all claims of the Class Members if judgment is obtained against Settling Defendants. Plaintiffs and Class Counsel have therefore determined that the Settlement is in the best interests of the class.

3.3    Settling Defendants have concluded that the further defense of the Class Action against them would be protracted and expensive and that settlement is desirable. Settling Defendants have considered the uncertainty and the risk of the outcome of any litigation, especially complex cases such as the Class Action. Substantial amounts of time, energy, and resources of Settling Defendants have been, and unless this Settlement is completed, will continue to be devoted

to the defense of the Class Action. Settling Defendants may not possess sufficient insurance to satisfy all claims of the Class Members if judgment is obtained against Settling Defendants. Settling Defendants have therefore determined that it is desirable and beneficial that the Class Action be settled in the manner and upon the terms and conditions set forth herein.

## IV.     JURISDICTION

4.1     The Court has jurisdiction, and shall retain and have continuing and, for purposes of this Settlement, exclusive jurisdiction over Settling Parties: (1) to make such orders as may be proper and necessary to effectuate, consummate, and enforce, on a continuing basis, the terms and conditions of this Agreement; (2) to appoint the Claims Administrator, supervise the Claims Administrator's provision of Class Notice, claims administration, and distributions from the Settlement Fund, and to resolve any controversies that may arise over the calculation and distribution of the Net Settlement Fund; and (3) to award any attorneys' fees and costs to Class Counsel and incentive awards to Class Representatives from the Settlement Fund.

4.2     Settling Parties agree to request that if the Court enters a Final Approval Order and Final Judgment, the Final Approval Order and Final Judgment include a provision for the retention of the Court's jurisdiction over Settling Parties and the Class Action to enforce the terms of the Settlement Agreement.

## V.     COOPERATION TO OBTAIN COURT APPROVAL OF SETTLEMENT

5.1     Settling Parties shall take reasonable steps necessary to secure the Court's approval of this Settlement, including by filing motions, briefs, and responses in the Class Action and any other proceeding where the Settlement may be challenged.

**5.2**     Settling Parties shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary to carry out the terms of the Settlement Agreement.

## VI.     THE SETTLEMENT FUND AND OTHER SETTLEMENT CONSIDERATION

**6.1**     As consideration for the release and dismissals provided in the Settlement Agreement and the other promises and obligations of Plaintiffs and the Class:

**6.1.1**     Within fourteen (14) days of the filing by Settling Parties of this Settlement Agreement, Settling Defendants shall transfer $50,000.00 to the Claims Administration Fund, to be held in trust, under the supervision and continuing jurisdiction of the Court, to pay for the Claims Administrator's expenses and fees necessary for administration of the Settlement, including providing the Notices set forth in this Settlement Agreement, up to $50,000.00. In the event that Claims Administrator fees and costs exceed $50,000.00, they shall be paid from the Settlement Fund under the supervision and continuing jurisdiction of the Court. In the event that Claims Administrator fees and costs are less than $50,000.00, the remainder shall be refunded to Settling Defendants.

**6.1.2**     Within fourteen (14) days of entry of a Final Approval Order and Final Judgment, Settling Defendants shall authorize BRIM to transfer $4,000,000.00 to the Settlement Fund, consisting of the limits of the State of West Virginia's insurance policies, including: National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 172-89-16 for coverage from July 1, 2020 to July 1, 2021; National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 654-71-29 for coverage from July 1, 2021 to July 1, 2022; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 688-22-75 for coverage from July 1,

2022 to July 1, 2023; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 991-17-59 for coverage from July 1, 2023 to July 1, 2024.

6.2     Plaintiffs acknowledge that Settling Defendants have provided Plaintiffs reasonable and sufficient information of their financial condition, including the limits of the State of West Virginia's insurance policies.

6.3     Under no circumstances will Settling Defendants or Settling Defendants' Counsel have any liability for taxes or tax expenses for any payments from the Claims Administration Fund or Settlement Fund. Class Representatives are responsible for any taxes on any incentive awards awarded by the Court, and Settling Plaintiffs' Counsel are responsible for any taxes on any attorneys' fees or litigation costs awarded by the Court.

## VII.   SUBMISSION OF JOINT MOTION FOR PRELIMINARY APPROVAL

7.1     Settling Parties agree to recommend approval of the Settlement by the Court as being fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(a), (b)(1)(B), and 23(e). Settling Parties submit that a limited fund Settlement contemplated in the Agreement is the only reasonable means of obtaining the Settlement Fund for the benefit of the Settlement Class. In that regard, Settling Parties agree that on or before December 8, 2023, Settling Parties shall file with the Court a Joint Motion for Preliminary Approval, attaching the Settlement Agreement and necessary exhibits.

7.2     The Joint Motion for Preliminary Approval shall request and, subject to Court approval, the proposed Preliminary Approval Order shall provide, among other things, that the Court:

(a)     Preliminarily approve the Settlement Agreement, subject to the rights of Class Members to object to the Settlement at the Final Approval Hearing;

(b)     Preliminarily certify for purposes of this Settlement only under the provisions of Rule 23(a) and Rule 23(b)(l)(B) of the Federal Rules of Civil Procedure, a Class as specified herein to include all persons who have been incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period;

(c)     Preliminarily appoint Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger. as Class Representatives for Settlement purposes;

(d)     Preliminarily appoint Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for settlement purposes;

(e)     Approve the form, manner, and content of the Email Notice, U.S. Mail Notice, and Claim Form described in this Settlement Agreement, which is being prepared and will be provided to the Court separately;

(f)     Appoint Tiffany Janowicz and Rust Consulting, Inc.  as the Claim Administrator and direct the Claims Administrator to email, mail, and post said Class Notice within twenty-five (25) days of the entry of the Preliminary Approval Order to the Class Members, and order Settling Defendants to provide a Class Member list to the Claims Administrator in electronic format within five (5) days of the entry of the Preliminary Approval Order;

(g)     Find that the provision of the Class Notice as described above constitutes the best notice practicable under the circumstances, and is due and sufficient notice to the Class,

and that the Class Notice fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure;

(h)      Find that Settling Defendants have complied with 28 U.S.C. § 1715;

(i) Appoint a Guardian Ad Litem to represent and protect the interests of class members who are incarcerated pursuant to Rule 17(c)(2) of the *Federal Rules of Civil Procedure.*

## VIII.   CAFA NOTICE

Within ten (10) business days following the filing of the Joint Motion for Preliminary Approval, Settling Defendants shall serve CAFA Notice of the proposed Settlement in compliance with 28 U.S.C. § 1715. Settling Defendants' Counsel shall promptly execute and submit a declaration providing that CAFA Notice has been served.

## IX.      CLASS NOTICE

**9.1**      Subject to the Court entering the Preliminary Approval Order, the Parties agree that the Claims Administrator will provide the Class with Class Notice by the following methods:

**9.1.1   Settlement Website and Toll-Free Number.** Unless otherwise ordered by the Court, within twenty-four (24) days after entry of the Preliminary Approval Order, the Claims Administrator will set up the Settlement Website that provides a mailing address and email address for administrative inquiries and a toll-free number. The Settlement Website will post the Second Amended Complaint, Settlement Agreement, Preliminary Approval Order, Long Form Notice, Claim Form, and within three (3) business days after it is filed, Class Counsel's fee application. The Settlement Website will be active at least until the Claim Deadline. The Settlement Website shall be designed and constructed to accept electronic Claim Form submissions. The toll-free telephone number will receive calls relating to the Settlement to a live call center for information

about the Settlement and ability to request the emailing or mailing of a Claim Form. The toll-free telephone number will be active until at least the Claim Deadline. After the Claim Deadline, a recording will advise any callers that the Claim Deadline has passed and that information regarding the Settlement may be viewed on the Settlement Website.

   **9.1.2   Email Notice.** Unless otherwise ordered by the Court, within twenty-five (25) days after entry of the Preliminary Approval Order and after the Settlement Website is live, the Claims Administrator will send an Email Notice to each Class Member for whom Defendants have an email address and that Defendants have previously provided the Claims Administrator in connection with the Court-ordered class notice. The Email Notice will be substantially similar to the form that is being prepared and will be provided to the Court separately, and will provide the web address of the Settlement Website and an email and mailing address to contact the Claims Administrator.

   **9.1.3   U.S. Mail Notice**. Unless otherwise ordered by the Court, within twenty-five (25) days after entry of the Preliminary Approval Order and after the Settlement Website is live, the Claims Administrator will send a prepaid reply envelope containing the U.S. Mail Notice to each Class Member for whom Defendants have a facially valid U.S. Postal address that Settling Defendants have previously provided the Claims Administrator in connection with the Court ordered Class Notice and who was not sent notice by email pursuant to this Settlement Agreement. The U.S. Mail Notice will be substantially similar to the form that is being prepared and will be provided to the Court separately, and will provide the web address of the Settlement Website and a telephone number, email address, and mailing address to contact the Claims Administrator.

   **9.1.4**   Prior to mailing, the Claims Administrator will process the class member address information using the National Change of Address (NCOA) system maintained by the

United States Postal Service (USPS). The NCOA system contains new addresses of people and businesses that have moved over the past 48 months and notified USPS of their new addresses. Standardizing and updating addresses prior to mailing using NCOA is industry standard and improves delivery rates.

      **9.1.5**   Direct mail notices that ae returned as non-deliverable will be recorded. In the case of notices returned as non-deliverable with an automatic forwarding order, the notices will be re-mailed to any address indicated by the USPS. For all other non-deliverable, the Claims Administrator will perform a skip trace using the available contact information to locate a current mailing address, and notices will be re-mailed to the located addresses. This skip trace will be done through TransUnion or a similar third-party.

    **9.2**   No later than fourteen (14) days before the Final Approval Hearing, the Claims Administrator shall send Class Counsel and Settling Defendants' Counsel, via email, an executed declaration from the Claims Administrator confirming that Class Notice has been provided in accordance with this Settlement Agreement. Settling Parties shall file the executed declaration with the Court in support of their Joint Motion for Final Approval.

    **9.3**   Costs incurred by the Claims Administrator to provide Class Notice in the manner prescribed above or in any other manner directed by the Court shall be paid from the Claims Administration Fund subject to Court approval up to $50,000.00.  Any additional costs incurred by the Claims Administrator in providing Class Notice shall be paid from the Settlement Fund.

## X.    SUBMISSION OF JOINT MOTION FOR FINAL APPROVAL

    **10.1**   Settling Parties shall file a Joint Motion for Final Approval no later than January 12, 2024. The Joint Motion for Final Approval shall include as exhibits a proposed Final Approval Order and a proposed Final Judgment.

**10.2**    The Joint Motion for Final Approval shall request and, subject to the Court's approval, the Final Approval Order and Final Judgment shall provide, among other things, that the Court:

(a)    Find that the totals of the aggregated liquidated claims and the State of West Virginia's liability insurance coverage available for satisfying them under *Pittsburgh Elevator Company v. West Virginia Board of Regents*, 310 S.E.2d 675 (W. Va. 1983), set definitely at their maximums, demonstrate the inadequacy of the State's insurance coverage to pay all claims; (2) that the whole of the State's insurance policy limits should be devoted to pay the overwhelming claims; and  (3) that Class Members identified by a common theory of recovery may be treated equitably among themselves.[2]

(b)    Approve the Settlement Agreement as fair, reasonable, and adequate, and direct the Parties to consummate the Settlement in accordance with this Settlement Agreement;

(c)    Certify for purposes of this Settlement only under the provisions of Rule 23(a) and Rule 23(b)(l)(B) of the Federal Rules of Civil Procedure, a Class as  specified herein to include all persons who have been incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period;

(d)    Appoint  Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger. as Class Representatives for Settlement purposes;

(e)    Appoint Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and

---

[2] The Settling Parties understand that by agreeing to the definition of Released Claims, the Settling Defendants are not waiving any immunity defenses that the Settling Defendants may have to any current or future claims.

Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for settlement purposes;

(f)     Find that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

(g)     Withdraw Plaintiffs' expedited motion to compel Jeff S. Sandy and Brad Douglas to respond fully and adequately to discovery and to deem requests for admissions admitted and Plaintiffs' motion for a finding of spoliation and for sanctions against Jeff Sandy, Brad Douglas, Betsy Jividen, and William K. Marshall III.

(h)     Dismiss all claims against each Settling Defendant with prejudice and without costs, and adjudge that Settling Defendants and Released Parties are released from any and all liability as to the Released Claims, and that any and all such Released Claims filed by or on behalf of any Class Member(s) in any forum against Released Parties are or shall be enjoined to the extent they assert Released Claims under this Settlement Agreement, subject to performance by Settling Defendants their obligations under this Settlement Agreement;

(h)     Permanently enjoin Class Members from prosecuting, commencing or continuing any and all Released Claims which they had or have, against the Released Parties in any forum, including but not limited to the Class Action;

(i)     Incorporate the release set forth in the Settlement Agreement;

(j)     Find that the amount of the Settlement Fund is fair, reasonable, and adequate under the circumstances with due recognition given to the risks of continued litigation against Defendants, as well as the insufficiency of their funds;

(k)     Find that there is no evidence of collusion, fraud, or tortious conduct by any of the Parties;

(l)     Find that the Settlement is entered into in good faith;

(m)     Issue orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Payments, payment of incentive awards, and payment of Settling Plaintiffs' Counsel's fees and costs award;

(n)     Dismiss the claims in the Class Action with prejudice and direct that the Final Judgment entered pursuant hereto be deemed final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

(o)     Reserve the Court's jurisdiction, without affecting the finality of the Final Judgment entered, over: (i) implementation of the Settlement and distribution of the Net Settlement Fund to Class Members; (ii) the Fee and Costs Petition; (iii) the Consolidated Actions and the claims until the judgment contemplated herein has become effective, and each and every act agreed to be performed by Parties shall have been performed pursuant to this Settlement Agreement; (iv) any attempts by any person to assert any claims barred under this Agreement; (v) all Parties for the purpose of enforcing and administering this Settlement Agreement; and (vi) any other necessary purpose.

## XI.     ATTORNEYS' FEES AND COSTS

Class Counsel may file with the Court, and Settling Defendants will not oppose, an application for an award of attorneys' fees and costs not to exceed thirty-five percent (35%) of the Settlement Fund concurrently with the submission of the Joint Motion for Final Approval. This

award shall be sought to compensate Class Counsel for fees and costs incurred in connection with the Class Action. Any award of attorneys' fees and costs shall be paid exclusively from the Settlement Fund, and Class Counsel waives any right to attorneys' fees and costs from any other source or under any other authority, including but not limited to prior Court awards of attorneys' fees and costs and 42 U.S.C. § 1988. A reduction of the award of attorneys' fees and costs sought by Class Counsel shall not affect any of the other rights and obligations under the Settlement Agreement other than the allocation of Settlement Payments under the Settlement Fund and shall in no way be a basis to renegotiate or terminate the Settlement Agreement.  If the Court awards attorneys' fees and costs, the Claims Administrator shall pay the amount awarded by the Court from the Settlement Fund by wire transfer within thirty (30) days after both of the following events occur: (a) the Final Settlement Date; and (b) Class Counsel provides the Claims Administrator with their completed Form W-9 and wire transfer information. No interest shall be paid on any award of attorneys' fees and costs.

## XII.   INCENTIVE AWARDS

Class Counsel may file with the Court, and Settling Defendants will not oppose, an application for incentive awards of up to $1,000.00 for each Class Representative concurrently with the with the submission of the Joint Motion for Final Approval. Any incentive awards approved by the Court shall be paid exclusively from the Settlement Fund. A reduction of the incentive awards sought by Class Counsel shall not affect any of the other rights and obligations under the Settlement Agreement other than the allocation of Settlement Payments under the Settlement Fund and shall in no way be a basis to renegotiate or terminate the Settlement Agreement.  If the Court approves the incentive awards to Class Representatives, the Claims Administrator shall pay the amount awarded by the Court from the Settlement Fund by wire

transfer within thirty (30) days after both of the following events occur: (a) the Final Settlement Date; and (b) all Class Representatives provide the Claims Administrator with their completed Form W-9 and wire transfer information.  No interest shall be paid on any incentive award.

## XIII.   OBJECTIONS AND RIGHT TO APPEAR

**13.1    Objections**. Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, the application for attorney fees and costs, or the application for incentive awards must file a written objection with the Clerk of Court, U.S. District Court for the Southern District of West Virginia, prior to the Objection Deadline. Written objections must include: (a) the name and case number of the Class Action; (b) the full name, street address, email address (if it exists), and telephone number of the person objecting; (c) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (d) facts showing that the person objecting is a Class Member. If an objecting class member intends to appear at the Final Approval Hearing (with or without personal counsel), the written objection must contain additional information as set forth in the paragraph below.  In all instances, the written objection must be signed and dated and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding Class membership are true and correct to the best of my knowledge."

**13.2    Rights to Appear**. Any Class Member who submits a timely written objection, as described above, has the option to appear at the Final Approval Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs, or the incentive awards. However, Class Members intending to make an appearance

at the Final Approval Hearing must include on the timely and valid written objection a statement noticing the intention to appear. If the objecting Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Final Approval Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who timely file written objections including Notices of Intention to Appear may speak at the Final Approval Hearing.

## XIV.   TERMINATION OF AGREEMENT IF SETTLEMENT IS NOT APPROVED

This Settlement Agreement is entered into only for the purpose of the Settlement. If the Court does not approve the Settlement or enter the Final Approval Order and Final Judgment for any reason, or if the Final Judgment is vacated or reversed, then this Agreement shall be null and void and Settling Parties shall be restored to their respective positions as if this Settlement Agreement was never negotiated, drafted, or executed. If the Court does not approve the Settlement or enter the Final Approval Order and Final Judgment for any reason, or if the Final Judgment is vacated or reversed, Settling Defendants shall retain all their rights to continue to object to the maintenance of the Class Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument concerning whether the Class Action may properly be maintained as a class action.

## XV.   INADMISSSIBILITY OF SETTLEMENT AGREEMENT

**15.1**    Settling Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs. Settling Defendants have repeatedly asserted and continue to assert many defenses thereto and have expressly denied and continue to deny any wrongdoing or legal liability. Neither this Settlement Agreement nor any document referred to herein nor any action taken to implement this Agreement is, may be construed as, may be used as, or offered or received into evidence as an admission, concession, or presumption by or against Settling Defendants of: (i) any fault, wrongdoing, or liability whatsoever, or that any of their defenses are without merit; or (ii) should the case not settle, any issue relating to class certification.

**15.2**    Plaintiffs have claimed, and continue to claim, that each and all of the allegations made by them in the Class Action have merit. Neither this Agreement nor any document referred to herein, nor any action taken to implement this Agreement is, may be construed as, may be used as, or offered or received into evidence as an admission, concession, or presumption by or against Plaintiffs or Class Members with regard to any claims in order to assert or support: (i) the contention that any of their claims are without merit; (ii) should the case not settle, any issue relating to class certification.

## XVI.   FINAL JUDGMENT AND RELEASE

Upon the Final Settlement Date, Plaintiffs and all Class Members, for themselves and for their assigns, agents, representatives, attorneys, heirs, executors, administrators, beneficiaries, and privies ("Releasing Persons") release Settling Defendants, together with the State of West Virginia, the West Virginia Department of Homeland Security, the West Virginia Division of Corrections, and their respective affiliates, agents, employees, officers, directors, parents, subsidiaries, attorneys, representatives, advisors, administrators, predecessors, successors, insurers, accountants, advisors, or anyone acting on their behalf ("Released Parties") from any and all of

the Released Claims. Releasing Persons expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any like or similar statute or common law doctrine), which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or Released Parties. Releasing Persons acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Persons expressly assume the risk, they freely and voluntarily give the release as set forth above.

## XVII.  CLAIMS PROCEDURES

**17.1**    To be eligible to receive a Settlement Payment, Class Members must complete and submit a Claim Form and deliver that form to the Claims Administrator no later than the Claim Deadline. The Claim Form may be submitted electronically through the settlement website's online claim form or by U.S. postal mail. The delivery date is deemed to be the date: (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail; or (b) in the case of submission electronically through the Settlement Website, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt. Any Class Member who fails to submit an accurate, valid, and timely Claim Form or who fails to provide any documentation requested by the Claims Administrator will not receive any benefits under this Settlement Agreement.

**17.2**    Each Authorized Claimant is entitled to receive a Settlement Payment, which shall be made by check to each Authorized Claimant. Authorized Claimants who receive a check shall have ninety (90) calendar days from the date of issuance within which to negotiate the check. If any Authorized Claimant has not cashed the check within sixty (60) calendar days from the date of issuance, the Claims Administrator shall send via regular U.S. postal mail such Authorized Claimant(s) a reminder notice in the form of a postcard stating the deadline to negotiate the check and instructions on how to obtain a reissued check in the event the original check was lost, stolen, or misplaced and remains un-negotiated. Any checks not negotiated within the ninety (90) day period shall be cancelled, and the funds for any such Authorized Claimant's Settlement Payment shall be returned to the Settlement Fund for further distribution to Authorized Claimants pro rata, or if there are insufficient funds for such pro rata distribution to be practicable, to Authorized Claimants in the discretion of the Claims Administrator.

**17.3**    The Claims Administrator shall review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request additional information and documentation to determine the validity of any claim. In addition, the Claims Administrator may verify that: (1) the information set forth in a submitted Claim Form is accurate; and (2) the Claimant is a Class Member. Settling Defendants agree to cooperate with the Claims Administrator and will provide, to the extent reasonably possible, any data, documentation, or information necessary to verify a Claimant or Claim Form.

## XVIII. SUPERVISION AND DISTRIBUTION OF SETTLEMENT FUNDS

**18.1**    After the Final Settlement Date, the Claims Administrator shall apply the Settlement Fund as follows: (a) To pay Class Counsel's court-awarded attorneys' fees and costs, if and to the extent awarded by the Court; to pay Class Representatives incentive payments, if and to

the extent awarded by the Court; and any remaining administration fees and costs related to the Settlement. (b) Subject to the direction and approval of the Court, the Claims Administrator shall distribute the Net Settlement Fund to Authorized Claimants in accordance with the provisions of this Settlement Agreement. Settling Defendants shall have no liability for the investment, allocation, or distribution of the Settlement Fund. (c) Any order, proceeding, dispute or appeal affecting the procedures for allocation and distribution of the Settlement Fund, including, without limitation, the procedure for and the allowance or disallowance by the Court of any Fee and Costs Petition or any plan of allocation, is not part of this Settlement Agreement, and shall not operate to terminate or cancel this Settlement Agreement or affect its finality.

**18.2**    Within 30 days after the Final Settlement Date, the Claims Administrator shall distribute the entirety of the Net Settlement Fund pro rata among the Authorized Claimants proportionate to the number of points set forth in below schedule. Since as of the time of the execution of this Settlement Agreement it is unknown how many Authorized Claimants there will be and how many such individuals will fall into each of the below categories, it is impossible as of the execution of this Settlement Agreement to specify the Settlement Payment each category of individuals will receive. However, Settling Parties have agreed that the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. The damages categories and proportionate shares are as follows:

1.  Class Members who were incarcerated at SRJ for a period of 181 days or greater (Category A) – 1 share;

2.  Class Members who were incarcerated at SRJ for a period of 120-180 days (Category B) -- .75 share;

3. Class Members who were incarcerated at SRJ for a period of 46-120 days (Category C) -- .5 share;

4. Class Members who were incarcerated at SRJ for a period of 3-45 days (Category D) -- .25 share.

## XIX.   ADDITIONAL TERMS

**19.1    Change of Time Periods**. All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or written agreement of Settling Parties subject to Court approval.

**19.2    Real Parties in Interest/No Transfer**. In executing this Settlement Agreement, Settling Parties warrant and represent that except as provided herein, neither said claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**19.3 Voluntary Agreement**. This Settlement Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of Settling Parties, or of any other person, firm, or entity.

**19.4 Binding on Successors**. This Settlement Agreement shall bind and inure to the benefit of the respective successors, successors-in-interest, assigns, legatees, heirs, and personal representatives of Settling Parties.

**19.5 Settling Parties Represented by Counsel**. Settling Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Settlement Agreement by independent counsel of their own choosing, that they have read this Settlement Agreement and

have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Settlement Agreement and of its legal effect.

**19.6 Authorization**. Except as otherwise provided in this Settlement Agreement, each Settling Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein and, further, that each person signing this Settlement Agreement on behalf of a Party warrants and represents that he or she is duly authorized to execute this Settlement Agreement on behalf of the Party.

**19.7 Entire Agreement**. This Settlement Agreement and attached exhibits contain the entire agreement between Settling Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the class action litigation. There is no, and this Settlement Agreement is executed without reliance on any, promise, representation, or warranty by any Settling Party or any Settling Party's representative other than those expressly set forth in this Settlement Agreement.

**19.8 Construction and Interpretation**. Neither Settling Parties nor any of Settling Parties' respective attorneys shall be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. This Settlement Agreement has been, and must be construed to have been, drafted by all Settling Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**19.9 Headings and Formatting of Definitions**. The various headings used in this Settlement Agreement are solely for the convenience of Settling Parties and shall not be used to

interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for Settling Parties' convenience and shall not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe Settling Parties' intent or the scope of this Settlement Agreement.

**19.10 Exhibits**. The exhibits to this Settlement Agreement, including those exhibits that, as referenced above, are still being drafted by the Settling Parties, are integral parts of the Settlement Agreement and Settlement and are hereby incorporated and made a part of this Settlement Agreement as though fully set forth in the Settlement Agreement.

**19.11 Severability**. Should any court declare or determine any provision of this Settlement Agreement to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby and the illegal or invalid part, term, or provision shall be deemed not be a part of this Settlement Agreement.

**19.12 Waiver.** A waiver of any breach of this Settlement Agreement shall not constitute a waiver of any other prior or subsequent breach of this Settlement Agreement.

**19.13 Modifications and Amendments**. No amendment, change, or modification of this Settlement Agreement or any part thereof shall be valid unless in writing signed by Settling Parties.

**19.14 Governing Law**. This Agreement is entered into in accordance with the laws of the State of West Virginia and shall be governed by and interpreted in accordance with the laws of the State of West Virginia, without regard to its conflict of law principles.

**19.16 Agreement Constitutes a Complete Defense**. To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted, or attempted in breach of or contrary to this Settlement Agreement.

**19.17 Counterparts**. This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies, including those delivered by email, of executed copies of this Settlement Agreement may be treated as originals.

**19.19 No Conflict Intended**. Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

**19.20 Notices**. Any notice, instruction, application for Court approval, application for Court orders sought in connection with the Settlement Agreement, or other document shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid (with a copy by email) if to Settling Defendants to the attention of Settling Defendants' Counsel, and if to Class Members to the attention of Class Counsel on their behalf.

**19.21 List of Exhibits**. The following exhibits are attached to this Settlement Agreement or, as noted above, are being prepared by the Settling Parties:

Exhibit A:     Claim Form

Exhibit B:     Email Notice

Exhibit C:     Long Form Notice

Plaintiffs:

Dated: _____     _____

                                        Michael D. Rose

Dated: _____        _____
                                        Robert C. Church, Sr.


Dated: _____        _____
                                        Nicole Henry


Dated: _____        _____
                                        Edward L. Harmon


Dated: _____        _____
                                        Thomas Fleenor, Jr.


Dated: _____        _____
                                        William Bohn


Dated: _____        _____
                                        Tonya Persinger



                                        Defendants:


Dated: _____        _____
                                        Jeff S. Sandy


Dated: _____        _____
                                        William K. Marshall III


Dated: _____        _____
                                        Betsy Jividen

Dated: _____          _____

                                        Brad Douglas


Dated: _____          _____

                                        Michael Francis