IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE and EDWARD L. HARMON,
on their own behalf and on the behalf of all
others similarly situated,

                                                       PLAINTIFFS,

v.

                                                   Civil Action No.: 5:22-cv-00405
                                                   Honorable Frank W. Volk

BESTY JIVIDEN, individually and in her
official capacity as the Commissioner of
The West Virginia Division of Corrections and
Rehabilitation, MICHAEL FRANCIS, individually
as an employee of the West Virginia Division of
Corrections and Rehabilitation, LARRY WARDEN,
individually as an employee of the West
Virginia Division of Corrections and Rehabilitation,
BRAD DOUGLAS, individually and in his official
capacity as the acting Commissioner of the
West Virginia Division of Corrections and
Rehabilitation, JEFF S. SANDY, individually and in his
official capacity as the Cabinet Secretary of the
West Virginia Department of Homeland Security,
The RALEIGH COUNTY COMMISSION,
JOHN/JANE DOE EMPLOYEES OF THE RALEIGH
COUNTY COMMISSION, The FAYETTE COUNTY COMMISSION,
JOHN/JANE DOE EMPLOYEES OF THE FAYETTE
COUNTY COMMISSION, The GREENBRIER COUNTY
COMMISSION, JOHN/JANE DOE EMPLOYEES OF
THE GREENBRIER COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE GREENBRIER COUNTY COMMISSION,
The MERCER COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE MERCER COUNTY COMMISSION,
The MONROE COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE MONROE COUNTY COMMISSION,
The SUMMERS COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE SUMMERS COUNTY COMMISSION,
The WYOMING COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE WYOMING COUNTY COMMISSION,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
JOHN/JANE DOE PRIMECARE EMPLOYEES,
WEXFORD HEALTH SOURCES, INC., JOHN/JANE DOE
WEXFORD EMPLOYEES, and JOHN/JANE DOE
CORRECTIONAL OFFICERS,

                                                        DEFENDANTS.

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT, PRIMECARE MEDICAL OF WEST VIRGINIA, INC., TO RESPOND FULLY AND ADEQUATELY TO PLAINTIFFS' SECOND AND THIRD SETS OF DISCOVERY**

**NOW COMES** Defendant, PrimeCare Medical of West Virginia, Inc., (hereinafter "PrimeCare") by counsel, D.C. Offutt, Jr., Anne Liles O'Hare, and the law firm of Offutt Simmons Simonton, PLLC, and hereby responds in opposition to Plaintiffs' Motion to Compel Defendant PrimeCare Medical of West Virginia, Inc. to Respond Fully and Adequately to Plaintiffs' Second and Third Sets of Discovery [ECF No. 845]. In support thereof, PrimeCare states as follow:

### I. ARGUMENT

**A. Request for Production No. 1 in Plaintiffs' Second Set of Discovery**

Request for Production No. 1 requests that PrimeCare produce the medical records for all putative class members from July 1, 2019, to present. PrimeCare objected to this request on several grounds, many of which are similar or identical to the objections raised by Wexford in their Response in Opposition to Plaintiffs' Motion to Compel Defendant Wexford Health Sources, Inc. to Respond Fully and Adequately to Plaintiff's Second Set of Discovery [ECF No. 842]. First, it should be noted that PrimeCare ceased operations at Southern Regional Jail on June 25, 2022, and therefore, has no medical records for treatment received by patients after that date. Secondly, no class has been certified at this time. Therefore, Plaintiffs are requesting that the medical records of non-parties be produced to prosecute their claims. The medical records of non-parties have no bearing on whether PrimeCare provided

2

constitutionally adequate medical care to Plaintiffs. As pointed out by counsel for Wexford in his Response [ECF 842], the Plaintiffs own expert, after reviewing the medical records of the eight named Plaintiffs, found Wexford had only deviated from the standard of care for one patient and PrimeCare only deviated from the standard of care as to two Plaintiffs, Michael Rose and Thomas Fleenor. Depo D. Mathis, pages 106 to 112 – **Exhibit A** A deviation by PrimeCare from the standard of care of two individuals does not translate into the need to review thousands of inmates' medical records.

The Plaintiffs argue that they have made a claim against PrimeCare for deliberate indifference to serious medical needs and that these records "crucial evidence bearing directly on these points, both for the substance of the class claims and for the establishment of class elements, such as commonality and typicality." [ECF No. 845 p. 7]. However, as it pertains to class elements, class discovery has concluded, and the Motion for Class Certification has been fully briefed. The information they are seeking at this point is to assist in establishing liability against PrimeCare. Yet, although they claim it is crucial evidence to establish PrimeCare's deliberate indifference to the medical needs of the purported class of individuals, they do not explain the need for every inmates' medical records. It appears they are doing nothing more than fishing for information to establish a viable claim against PrimeCare. This Court has specifically held that "[d]iscovery is a fishing expedition when it goes beyond the pleadings allegations to attempt finding additional violations or claims. [internal citations omitted]." *Blankenship v. Fox News Network*, 2020 U.S. District LEXIS

3

254998, *46 (S.D.W.Va. Sept. 1, 2020) (MJ Aboulhosn). Therefore, without articulating a particular need for all these medical records, they are not reasonably calculated to lead to the discovery of admissible evidence and Plaintiffs are simply undertaking a fishing expedition.

Moreover, even in cases where the request for records was timely made, courts have limited plaintiffs in class actions to a "sampling" of the records. Wexford cites in its brief, *Renfro v. Smith*, 2018 U,S, Dist. LEXIS 153307 (D. Colo., Sept.9, 2018.), a case in which the Court was confronted with a nearly identical putative class action to this one, as it pertains to PrimeCare. Renfro dealt with a proposed class of pretrial detainees who the plaintiff therein claimed to have been denied constitutionally inadequate medical care during their incarceration in Mesa County, Colorado. The plaintiff's pre-certification discovery sought the medical files of thousands of potential class members. Producing all those files was deemed to be unduly burdensome, and ultimately, the court ordered the applicable defendant to produce 200 randomly selected inmates' files (about 5% of the total population) and redacted personally identifying information.

Other courts have used this same "sampling" method in class actions where the production of thousands of files was found to be unduly burdensome. *See e.g. Smith v. Love's Home Ctrs.*, 235 D.R.D. 354, 357-58 (S.D.Oh. 2006) ("limiting discovery to a statistically significant representative sampling will both reasonably minimize the otherwise extraordinary burden imposed") *Barnhardt v. Safway Stores*, 25 Fed. R. Serv. 3rd (Callaghan) 35, 1992 U.S. Dist. LEXIS 22572 (E.D., Cal. 1992) (finding

4

"sampling is a reasonable compromise" and ordering the defendant to submit a proposed sampling method to the plaintiff.

The Plaintiffs argue that because the parties have entered into a *Stipulated HIPAA Qualified Protective Order Regarding Production of Protected Health Information*, the privacy of any inmate whose heath information was produced in this case would be protected. However, as pointed out by Wexford in its Response in Opposition to Plaintiff's Motion to Compel Defendant Wexford Health Sources Inc. to Respond Fully and Adequately to Plaintiff's Second Set of Discovery [ECF No. 842], the entry of a Protective Order merely protects the parties from an accusation of a violation of HIPAA if the medical records are produced. It does not necessarily mean the medical records are discoverable pursuant to Rule 26. The medical records for all inmates at Southern Regional Jail from July 1, 2019, to present are not discoverable. Therefore, the Motion as it pertains to RFP No. 1 Should be denied.

### B. Request for Production No. 3 in Plaintiffs' Second Set of Discovery

Request for Production No. 3 sought extensive information regarding audit logs and audit trails for all records sought in Request No. 1. As Plaintiffs point out in the Motion to Compel, PrimeCare's objections and responses to this request for production are substantially the same as its objections and responses to Request for No. 1 for all medical records of all inmates at Southern Regional Jail from July 2019 to present. PrimeCare asserts that it has produced the medical records for the named Plaintiffs previously in discovery and that to the extent Plaintiffs wish to obtain the medical records for all individuals who have been incarcerated at Southern Regional Jail from

5

July 1, 2019, to present, that information is irrelevant and not discoverable until a class is certified.

Plaintiffs state that the timing and editing of medical record entries is both discoverable and relevant in this action given the nature of the allegations of undue delay in providing medical treatment to inmates. [ECF 845 p. 9]. However, the timing of medical treatment is set out clearly in each entry in each medical record and any so called "editing" of the records can only be done by way of a late entry, which is itself timed as to the date and time the late entry was made. However, PrimeCare produced detailed statistics that provides this information, including (1) the number of nurse sick calls during the month; (2) the number of NP/PA sick calls during the month; (3) the number of PA/MD/CRNA sick calls during the month; (4) the number of MD physicals during the month; (5) the number of MD/PA physicals during the month; and (6) nursing physicals during the month and annual physicals during the month. *See* **Exhibit B,** PCM Supplemental Responses to Plaintiffs' Second Request for Production of Documents, Exhibit B, dated 11/15/23.

Without specifying why Plaintiffs need this detailed audit information in place of the statistics already provided or narrowly tailoring the discovery request to a specific group of individuals, date/time range, etc. there is no justification to compel PrimeCare to produce hundreds of pages of information that would take countless hours and resources to obtain. The Motion regarding Request for Production No. 3 should be denied.

### C. Request for Production No. 4. in the Plaintiffs' Second Set of Discovery

Plaintiffs' Request for Production No. 4 sought production of all nurse sick calls for Southern Regional Jail from July 1, 2019 to June 25, 2022. As set forth in Plaintiffs' Motion to Compel [ECF 845 p. 9] PrimeCare's counsel did request this information from its client and was informed that any and all nurse sick call forms are scanned into the individual medical record. Any sick calls made by the representative class members would already have been provided to Plaintiffs in medical records of those representative Plaintiffs. Because all nurse sick calls are scanned into the medical records of all patients, the provision of the sick call records for the patients who are not class representatives are irrelevant and not discoverable until a class is certified. The Motion Regarding Request for Production No. 4 should be denied.

### D. Request for Production No. 7 in Plaintiffs Second Set of Discovery

As stated by Plaintiffs' counsel in their Motion to Compel [ECF 845 p. 10], PrimeCare's counsel learned while investigating this request that the actual staffing schedules for the individual payroll periods were not retained by PrimeCare in the ordinary course of business. However, we have now obtained monthly reports of the staffing hours at Southern Regional Jail during the applicable time period as well as an Affidavit from Tom Weber, CEO of PrimeCare Medical, Inc. regarding the fact that the individual staffing schedules were not retained. That supplemental response is being provided to Plaintiff contemporaneously with the filing of this Response in Opposition to Plaintiffs' Motion to Compel and is attached hereto as **Exhibit C.**

E.  Request for Production No. 11 in Plaintiff's Second Set of Discovery

Plaintiffs' Request for Production No. 11 sough production of all notes, reports, summaries, correspondence, or other documents generated as a result of any healthcare record review at Southern Regional Jail. PrimeCare misunderstood exactly what documents Plaintiffs were seeking until a telephone call in which Plaintiffs' counsel referred counsel to p. 97-101 of PrimeCare's 30(b)(6) deposition. PrimeCare has now produced the CQI (Continuous Quality Investigation) notes and reports for the relevant period. *See*, Supplemental Response to Plaintiffs' Second Set of Discovery, **Exhibit C.**

F.  **Plaintiffs' Third Set of Discovery**

All of the information sought in Plaintiff's Third Set of Discovery for copies o medical records or for information to be found in the medical records of Nicholas Van Buren, Richard Wristen, Timothy Considine, Cameron Dunbrack, Anthony Brown and John Jarrell. None of these people are parties to this lawsuit and no class has yet been certified. Again, Plaintiffs are requesting the medical records and confidential information contained in the medical records of non-parties be produced to prosecute their claim. This information is irrelevant and not discoverable until a class is certified.

**WHEREFORE**, in light of the forgoing, Defendant PrimeCare Medical of West Virginia, Inc. prays that this Honorable Court deny Plaintiffs' Motion to Compel PriemCare Medical of West Virginia Inc. to Respond Fully and Adequately to Plaintiffs' Second Set and Third Set of Discovery.

                                        **PRIMECARE MEDICAL OF WEST VIRGINIA, INC.**

                                        **By Counsel,**

<u>/s/ Anne Liles O'Hare</u>
D.C. Offutt, Jr., Esquire (WV Bar No. 2773)
Anne Liles O'Hare, Esquire (WV Bar No. 9171)
***Offutt Simmons Simonton, PLLC***
Post Office Box 2868
Huntington, West Virginia  25728
Phone: (304) 529-2868
Facsimile: (304) 529-2999
<u>dcoffuttjr@offuttlegal.com</u>
<u>alohare@offuttlegal.com</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE and EDWARD L. HARMON,
on their own behalf and on the behalf of all
others similarly situated,

                                                 PLAINTIFFS,

v.

                               Civil Action No.: 5:22-cv-00405
                               Honorable Frank W. Volk

BESTY JIVIDEN, individually and in her
official capacity as the Commissioner of
The West Virginia Division of Corrections and
Rehabilitation, MICHAEL FRANCIS, individually
as an employee of the West Virginia Division of
Corrections and Rehabilitation, LARRY WARDEN,
individually as an employee of the West
Virginia Division of Corrections and Rehabilitation,
BRAD DOUGLAS, individually and in his official
capacity as the acting Commissioner of the
West Virginia Division of Corrections and
Rehabilitation, JEFF S. SANDY, individually and in his
official capacity as the Cabinet Secretary of the
West Virginia Department of Homeland Security,
The RALEIGH COUNTY COMMISSION,
JOHN/JANE DOE EMPLOYEES OF THE RALEIGH
COUNTY COMMISSION, The FAYETTE COUNTY COMMISSION,
JOHN/JANE DOE EMPLOYEES OF THE FAYETTE
COUNTY COMMISSION, The GREENBRIER COUNTY
COMMISSION, JOHN/JANE DOE EMPLOYEES OF
THE GREENBRIER COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE GREENBRIER COUNTY COMMISSION,
The MERCER COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE MERCER COUNTY COMMISSION,
The MONROE COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE MONROE COUNTY COMMISSION,
The SUMMERS COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE SUMMERS COUNTY COMMISSION,
The WYOMING COUNTY COMMISSION, JOHN/JANE DOE
EMPLOYEES OF THE WYOMING COUNTY COMMISSION,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.,
JOHN/JANE DOE PRIMECARE EMPLOYEES,
WEXFORD HEALTH SOURCES, INC., JOHN/JANE DOE
WEXFORD EMPLOYEES, and JOHN/JANE DOE
CORRECTIONAL OFFICERS,

                                                 DEFENDANTS.

## CERTIFICATE OF SERVICE

I, Anne Liles O'Hare, counsel for Defendant, PrimeCare Medical of West Virginia, Inc., do hereby certify that a true and correct copy of the foregoing *"Response in Opposition to Plaintiffs' Motion to Compel Defendant, PrimeCare Medical of West Virginia, Inc., to Respond Fully and Adequately to Plaintiffs' Second and Third Sets of Discovery"* has been served upon the following via U.S. Mail and/or email this the **8th** day of **January, 2024** addressed as follows:

Stephen P. New, Esquire
Russell A. Williams, Esquire
*New, Taylor & Associates*
430 Harper Park Drive
Beckley, WV 25801

Timothy Lupardus, Esquire
*The Lupardus Law Office*
275 Bearhole Road
Pineville, WV 24874

Zachary Whitten, Esquire
*Whitten Law Office, L.C.*
P.O. Box 753
Pineville, WV 24874

Robert Dunlap, Esquire
*Robert Dunlap & Associates*
208 Main Street
Beckley, WV 25801

Chip E. Williams, Esquire
Jared C. Underwood, Esquire
*Pullin, Fowler, Flanagan,*
  *Brown & Poe, PLLC*
252 George Street
Beckley, WV 25801
*Counsel for Michael Francis*

Jordan K. Herrick, Esquire
David E. Schumacher, Esquire
*Bailey & Wyant, PLLC*
500 Virginia St. E., Suite 600
Charleston, WV 25337-3710
*Counsel for Wexford Health Sources, Inc.*

Michael D. Mullins, Esquire
Peter J. Raupp, Esquire
*Steptoe & Johnson, PLLC*
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
*Counsel for Brad Douglas, Betsey Jividen and Jeff S. Sandy, William K. Marshall*

Wendy E. Greve, Esquire
Benjamin B. Vanston, Esquire
*Pullin, Fowler, Flanagan,*
  *Brown & Poe, PLLC*
901 Quarrier Street
Charleston, WV 25301
*Counsel for Greenbrier County Commission, Mercer County Commission, Monroe County Commission, Summers County Commission, Wyoming County Commission*

Michael W. Taylor, Esquire
Harrison M. Cyrus, Esquire
*Bailey & Wyant, PLLC*
*500 Virginia Street, East, Suite 600*
P.O. Box 3710
Charleston, WV 25337-3710
*Counsel for Fayette County Commission*

J. Victor Flanagan, Esquire
Daniel J. Burns, Esquire
*Pullin, Fowler, Flanagan,*
  *Brown & Poe, PLLC*
252 George Street
Beckley, WV 25801
*Counsel for Raleigh County Commission*

Charles R. Bailey, Esquire  
Harrison M. Cyrus, Esquire  
*Bailey & Wyant, PLLC*  
500 Virginia Street, East, Suite 600  
P.O. Box 3710  
Charleston, WV 25337-3710  
*Counsel for Larry Warden*

Amanda J. Taylor, Esquire  
*Taylor, Hinkle & Taylor*  
115 ½ S. Kanawha Street  
Beckley, WV 25801  
*Counsel for Plaintiff*

/s/ Anne Liles O'Hare  
Anne Liles O'Hare, Esquire (WV Bar No. 9171)