IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE**, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 5:22-cv-00405 |
| ) | (Judge Volk) |
| **JEFF S. SANDY**, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SETTLING DEFENDANTS' RESPONSE TO ORDER**

Defendants Jeff S. Sandy, William K. Marshall III, Betsy Jividen, Brad Douglas, and Michael Francis (collectively, "Settling Defendants) state as follows in response to this Court's Order directing counsel to provide "an estimate of the expected recovery of a class member in each proposed category" and "advise the extent to which, if at all, the payment of attorney fees might be accomplished without penetrating the proceeds from the applicable policies of insurance." ECF No. 869.

1. The proposed Settlement Agreement ("Settlement Agreement"), as discussed, in corresponding Joint Motion for Preliminary Approval ("Joint Motion"), was based upon an arm's length negotiation between the Settling Defendants and Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, individually and on behalf of a putative class of others similarly situated (collectively, "Plaintiffs") (collectively with the Settling Defendants the "Settling Parties"), and the Settling Parties' respective counsel.

2. The Settlement Agreement consisted of $4,000,000.00 that would be used to establish a class fund ("the Settlement Fund"), as well as $50,000.00 to be paid toward the Claims Administrator for the cost of Class Notice.

3. As proposed and negotiated and agreed to by the Settling Parties, the $4,000,000.00 Settlement Fund specifically included a contingency fee up to 35% for Plaintiffs' counsel ("Class Counsel") as well as Class Counsel's reasonable costs associated with prosecuting the portion of the lawsuit against the Settling Defendants. The Settling Defendants agreed not to – and do not - oppose Class Counsel's application for the 35% contingency fee and/or its application for reasonable costs associated with prosecuting the portion of the lawsuit against the Settling Defendants.

4. It was further agreed by the Settling Parties, as reflected in the Settlement Agreement and the Joint Motion, that an award of attorneys' fees and costs would be paid exclusively from the Settlement Fund, and that Plaintiffs waived any right to seek attorneys' fees and costs from any other source or under any other authority.

5. The Settlement Agreement, like most settlements in litigation, was arrived at by the Settling Parties after taking into account that there were multiple pending motions that created uncertainties, the burdens, expenses, risks and delays inherent in litigation, as well as the uncertainty of outcome should the case proceed through trial. The Settling Defendants and Class Counsel agreed that the proposed settlement, reflected in the Settlement Agreement, was fair, reasonable, adequate and in the best interest of the parties, including the potential class members.

6. The Settling Defendants believe that Class Counsel's estimated calculations of expected recovery of a class member in each proposed category both with, and without, a class-

18728828.1

wide deduction for attorney fees and expenses is a reasonable estimate of those values assuming that the entire class participates.[1]

7.   The Settling Defendants agreed to not take a position on the contingency fee and/or the costs Class Counsels seek.  To the extent that Plaintiffs have taken a position as to whether the insurance policies ("the Policies") identified in the Settlement Agreement could have provided for costs above and beyond the policy limits, the Settling Defendants are individual parties and the undersigned counsel do not represent the insurance company that issued the Policies. As such, neither the Settling Parties nor the undersigned counsel can take a position as any coverage issues. Nor would any position taken by the Settling Defendants and/or the undersigned counsel be binding on any insurance company that issued or was responsible for the Policies.

Respectfully submitted,


*/s/ Michael D. Mullins*
Michael D. Mullins (WVSB No. 7754)
Larry J. Rector (WVSB No. 6418)
Amy M. Smith (WVSB No. 6456)
Peter J. Raupp (WVSB No. 10546)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
michael.mullins@steptoe-johnson.com

*Counsel for Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall III*


*/s/   Chip E. Williams*
Chip E. Williams (WV Bar #8116)
Jared C. Underwood (WV Bar #12141)

---

[1] As this Court knows, many potential class members decline to participate in class settlement. Therefore, the participating class members will likely receive more money than is currently estimated.

18728828.1

Pullin Fowler Flanagan Brown & Poe
252 George Street
Beckley, WV 25801
T: 304-254-9300
cwilliams@pffwv.com

*Counsel for Michael Francis*

18728828.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**MICHAEL D. ROSE on his own behalf and on behalf of all others similarly situated, et al.** )
)
)
)
     **Plaintiffs,** )
)
v. )   **Civil Action No. 5:22-cv-00405**
)              **(Judge Volk)**
**JEFF S. SANDY, et at.,** )
)
     **Defendants.** )
)

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of January 2024, I filed the foregoing **"Settling Defendants' Response to Order"** via the CM/ECF system, which will send a notification to all counsel of record.

                                                  */s/Michael D. Mullins*

18728828.1