IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE**, *et al.*,   )<br>  )<br>  **Plaintiffs,**    )<br>  )<br>v.      )<br>  )<br>**JEFF S. SANDY**, *et al.*,    )<br>  )<br>  **Defendants.**    )<br>_____ ) | Civil Action No. 5:22-cv-00405<br>(Judge Volk) |

**SETTLING DEFENDANTS' RESPONSE TO ORDER**

This Court ordered counsel to file briefs "respecting whether, upon the Court's approval of the proposed settlement, Plaintiffs will qualify as 'prevailing part[ies]' under 42 U.S.C. § 1988." ECF No. 885 ("Order"). If this Court approves the Settling Parties' Settlement Agreement, Plaintiffs will not qualify as prevailing parties. Regardless, the Settling Parties have agreed to limit the recovery of attorney's fees and costs to the amounts set forth in the Settlement Fund and any approval of the Settlement Agreement would include that limitation.

### I. NECESSARY BACKGROUND

The proposed Settlement Agreement ("Settlement Agreement"), as discussed at length in the Joint Motion for Preliminary Approval ("Joint Motion"), was based upon an arm's length negotiation between Defendants Jeff S. Sandy, William K. Marshall III, Betsy Jividen, Brad Douglas, and Michael Francis (collectively, "Settling Defendants) and Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, individually and on behalf of a putative class of others similarly situated (collectively,

"Plaintiffs") (collectively with the Settling Defendants the "Settling Parties"), and the Settling Parties' respective counsel. *See* ECF Nos. 849-50.

The Settlement Agreement consisted of $4,000,000.00 that would be used to establish a class fund ("the Settlement Fund"), as well as $50,000.00 to be paid toward the Claims Administrator for the cost of Class Notice. The Settling Parties agreed that any attorneys fee and costs would be paid exclusively from the Settlement Fund and not from any other source or under any other legal authority. This limitation constitutes an express waiver by Plaintiffs of the right to seek attorney's fees and costs from any source other than the Settlement Fund.

The Settlement Agreement was arrived at by the Settling Parties after considering that there were multiple pending motions that created uncertainties, burdens, expenses, risks, and delays inherent in litigation, as well as the uncertainty of the outcome should the case proceed through trial. The Settling Defendants and Class Counsel agreed that, considering all these uncertainties, as well as the claims made, the Settlement Agreement, was fair, reasonable, adequate and in the best interest of the parties, including the potential class members. *See* ECF No. 850 at 2-4, 7-8. The Settling Parties agreed that approval of the Joint Motion would result in the dismissal of "all claims against each Settling Defendant with prejudice" and a finding that "the amount of the Settlement Fund is fair, reasonable, and adequate under the circumstances with due recognition given to the risks of continued litigation against Defendants, as well as the insufficiency of their funds." ECF No. 849-14 at 18.

On January 16, 2024, this Court directed counsel to provide "an estimate of the expected recovery of a class member in each proposed category" and "advise the extent to which, if at all, the payment of attorney fees might be accomplished without penetrating the proceeds from the

2

applicable policies of insurance." ECF No. 869. On January 19, 2024, the Settling Defendants responded, in relevant part, that:

> To the extent that Plaintiffs have taken a position as to whether the insurance policies ("the Policies") identified in the Settlement Agreement could have provided for costs above and beyond the policy limits, the Settling Defendants are individual parties and the undersigned counsel do not represent the insurance company that issued the Policies. As such, neither the Settling Parties nor the undersigned counsel can take a position as any coverage issues. Nor would any position taken by the Settling Defendants and/or the undersigned counsel be binding on any insurance company that issued or was responsible for the Policies.

ECF No. 873.

That same day, Plaintiffs indicated that they believe that the applicable insurance policies could, as drafted, permit an award of attorney's fees and costs, but "only if the Court were to find that Plaintiffs are a 'prevailing party.'" ECF No. 872.

On February 2, 2024, this Court held a hearing on the Settling Parties' Joint Motion. During the hearing, Class Counsel reiterated that, as part of the Settling Parties' extensive negotiations and because of the uncertainties of litigation, the Settlement Agreement required the recovery of attorney's fees and costs come exclusively from the Settlement Fund.

The Court's Order asked the parties to opine on "whether, ***upon the Court's approval of the proposed settlement***, Plaintiffs will qualify as 'prevailing part[ies]' under 42 U.S.C. § 1988." ECF No. 885 (emphasis added). In other words, the Order asks whether the Plaintiffs would qualify as prevailing parties if the Settlement Agreement – as submitted - is approved.

## II. ANAYLSIS

### A. If the Settlement Agreement is Approved Plaintiffs are not Prevailing Parties

Upon the Court's approval of the proposed settlement, Plaintiffs will not qualify as prevailing parties. In *Lefimine v. Wideman*, 568 U.S. 1 (2012), the Supreme Court explained the established standards for determining prevailing party status under Section 1988 as follows:

3

> The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, 42 U.S.C. § 1988, allows "the prevailing party" in certain civil rights actions, including suits brought under § 1983, to recover "a reasonable attorney's fee." A plaintiff "prevails" we have held, "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–112, 113 S. Ct. 566, 121 L.Ed.2d 494 (1992). And we have repeatedly held that an injunction or declaratory judgment, like a damages award, will usually satisfy that test. *See, e.g., Rhodes v. Stewart*, 488 U.S. 1, 4 109 S. Ct. 202, 102 L.Ed. 2d 1 (1988) (per curiam).

*Id.* at 11.

Recently, in *Stinnie v. Holcomb*, 77 4th 200 (4th Cir. 2023) (en banc), *appeal docketed*, No. 23-621 (U.S. Dec. 8, 2023), the Fourth Circuit held that some preliminary injunctions provide enduring, merits-based relief that satisfies all the requisites of the prevailing party standard. *Id.* at 203. The Court stressed:

> The plaintiff need not achieve his "central goal to prevail; instead, if "the plaintiff has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit, the plaintiff has crossed the threshold to a fee award of some kind." *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, 109 S. Ct. 1486, 103 L.Ed.2d 866 (1989) (cleaned up).
>
> As the Supreme Court has emphasized, "[t]his is a generous formulation" that does no more than bring a plaintiff "across the statutory threshold" to eligibility for a fee award. Hensley, 461 U.S. at 433, 103 S. Ct. 1933. . . . Accordingly, the Court has treated various forms of partial relief as sufficient to establish prevailing party status at this threshold stage of the inquiry. *See, e.g., Lefemine v. Wideman*, 568 U.S. 1, 4, 133 S. Ct. 9, 184 L.Ed.2d 313 (2012) (permanent injunction); Farrar, 506 U.S. at 112, 113 S. Ct. 566 (nominal damages); *Rhodes v. Stewart*, 488 U.S. 1, 4, 109 S. Ct. 202, 102 L.Ed.2d 1 (1988) (declaratory judgment); *Maher v. Gagne*, 448 U.S. 122, 130, 100 S. Ct. 2570, 65 L.Ed.2d 653 (1980) (settlement agreement enforced through consent decree).

*Id.* at 206.

The Court in *Stinnie* recognized that the "generous formulation" of prevailing party has limits. First, "the plaintiff's relief must be 'judicially sanctioned.' So a defendant's voluntary change in conduct, 'although perhaps accomplishing what the plaintiff sought to achieve by the

4

lawsuit, lacks the necessary judicial *imprimatur* on the change.'" *Id.* at 207 (citation omitted). Second, "the plaintiff's success must be 'enduring' rather than 'ephemeral.' So a preliminary injunction that is later 'reversed, dissolved, or otherwise undone by the final decision in the same case' cannot render a party prevailing." *Id.* (citation omitted).

Neither the Fourth Circuit nor this Court has decided the issue of whether, upon the approval of a proposed class action settlement, a settling plaintiff (or the class) qualifies as prevailing parties under Section 1988. In *Duvall v. O'Malley*, No. ELH-94-2541, 2014 WL 1379787, at *14 (D. Md. Apr. 7, 2014), the District of Maryland held that a class action settlement did not render the plaintiffs prevailing parties for purposes of a fee award under Section 1988 and alternatively that the fees sought by the plaintiffs were not directly incurred for an actual violation of their rights. *Id.* at 14. In that case, after all of the pending substantive matters were settled by the parties, the plaintiffs filed a motion for an award of attorneys' fees and a subsequent motion for a determination that the defendants were liable for attorneys' fees. *Id.* at * 1. The court explained that prevailing parties in prison litigation must satisfy additional requirements under the Prison Liability Reform Act ("PLRA"), 42 U.S.C. § 1927e(d), before becoming entitled to attorney's fees. The court observed: "Under the PLRA attorney's fees can be awarded only if the prisoner 'prove[s] an actual violation' of his federally protected rights. 42 U.S.C. § 1927e(d)(1)(A). 'Once a violation has been proven, later work is compensable if it is "directly and reasonably incurred in enforcing the relief ordered"'" for that violation." *Id.* at *8. The court continued:

> The PLRA's requirement of an "actual violation" limits the circumstances under which a prevailing party may obtain an award of attorney's fees. For example, an inmate who obtains a *preliminary* injunction may qualify as a "prevailing party" under 42 U.S.C. § 1988, but does not qualify for attorney's fees under the PLRA because the "preliminary injunction did not affirmatively establish that the State actually violated his protected rights." *Kimbrough v. California*, 609 F.3d 1027,

5

> 1032 (9th Cir. 2010). Likewise, a party who obtains relief via a consent decree –
> and therefore would be a prevailing party under 42 U.S.C. § 1988 – is only entitled
> to attorney's fees under the PLRA if the consent decree includes a finding or
> admission of a violation of federally protected rights.

*Id.*

The court concluded that the plaintiffs were not prevailing parties in the case, reasoning that the Partial Settlement Agreement ("PSA") and PSA Amendment that resolved the case were mere settlement agreements and not judicially enforceable orders because despite court approval under Federal Rule of Civil Procedure 23(e), they were "not 'judicially sanctioned' in the manner required for an award of attorney's fees under 42 U.S.C. § 1988." *Id.* at 9. Alternatively, the court concluded that, even if the plaintiffs were prevailing parties, the plaintiffs still could not satisfy the requirements of the PLRA because the fees they sought were "not 'directly and reasonably incurred in enforcing the relief ordered for the violation.' 42 U.S.C. §§ 1997e(d)(1)(A)–(B). The court reasoned that the fees were neither incurred in proving an actual violation nor directly and reasonably incurred in enforcing the relief ordered for an actual violation. *Id.* at *11–14.

Similarly, in *Christana A. v. Bloomberg*, 315 F.3d 990 (8th Cir. 2003), the Eighth Circuit reversed the district court's award of attorney's fees in a settlement of a juvenile inmate class action. The court held that "[a]lthough Rule 23(e) requires the district court to approve the class action agreement, it does not require the court to establish the *terms* of the agreement. *Id.* at 992–93. Accordingly, the district court's approval of the settlement agreement did not cause the inmate class to become a prevailing party. *Id.* at 993. The court further concluded that "the district court's enforcement jurisdiction alone [was] not enough to establish a judicial '*imprimatur*' on the settlement contract." *Id.* Finally, the court agreed with the Fourth Circuit's holding juvenile detention facilities are covered by the fee-limiting provisions of the PLRA. *Id.* at 994–95 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1383 (4th Cir. 1997)). *See Lane v. Lombardi*, No. 12-4219-

CV-C-NKL, 2014 WL 5394955 (W.D. Mo. Oct. 22, 2014) (approving proposed settlement of prisoner class action, finding that plaintiffs were not prevailing parties but that "private settlement was the trade-off for achieving the purpose of the litigation without the further time and expense of litigating it to its conclusion").[1]

In this action as in *Duvall* and *Christina A.*, upon the Court's approval of the proposed settlement Plaintiffs will not become prevailing parties. The Settlement Agreement is not a judicially enforceable order because despite court approval under Rule 23(e), it is not judicially sanctioned in the manner required for an award of attorney's fees under Section 1988. Rule 23(e) does not require (or even permit) the Court to establish the terms of the Settlement Agreement but only to approve the settlement as fair, reasonable, and adequate.[2] In addition, any jurisdiction

---

[1] In a case that is readily distinguishable from *Christina A.*, the Eighth Circuit affirmed the district court's award of attorney's fees in a prisoner class action where the class obtained a court-ordered consent decree, which governed the operation of the prison for twelve years. *Cody v. Hillard*, 304 F.3d 767 (8th Cir. 2002). In *Cody*, the court analyzed the work for which fees were sought in three phases. The court determined with regard to the first phase that the consent decree "was clearly a 'judicially sanctioned change' in the parties' relationship that conferred prevailing party status" *Id.* at 773. As to the second phase, the court held that the work to resist a motion to vacate the consent decree was also consistent with the prevailing party requirement. *Id*. at 775 (citing *Plyler v. Evatt*, 902 F.2d 273 (4th Cir. 1990)). As to the third phase, the court held that the negotiation of the settlement agreement was consistent with the prevailing party requirement because the settlement agreement's provisions corresponded to the original consent decree and the supplemental remedial orders. *Id.* the court further held that the work in the first phase was performed before the effective date of the PLRA. Id. at 777. The court held that the work in the second phase was compensable under the PLRA because "the class's effort to prolong the efficacy of the remedial decree wis time spent 'enforcing' that decree," which was "an existing remedy." *Id.* The court held that the work in the third phase was compensable under the PLRA because "the settlement agreement sets forth specific responses to constitutional violations that were acknowledged in the trial court's decision and the consent decree. *Id.* Finally, the court rejected the state's argument that the class waived its right to seek attorney's fees by entering into a private settlement agreement. *Id.* at 778. The court reasoned that no presumption against fees applied because "[t]he settlement was reached after the class won a consent decree, clearly establishing its status as a prevailing party." *Id.* In addition, the settlement agreement did not purport to resolve all disputed issues. *Id.* The court concluded that the agreement was textually ambiguous with respect to fees. *Id.* Finally, "[t]here was no waiver of the right to seek fees." *Id.* at 779.

[2] Rule 23(h) further provides that a court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. As discussed below, Plaintiffs have expressly waived any attorney's fees under Section 1988. Instead, the Settlement Agreement authorizes an award of attorney's fees and costs from the Settlement Fund subject to Court approval.

7

retained to enforce the terms of the Settlement Agreement does not cause Plaintiffs to become prevailing parties. This is especially so because, unlike the settlement agreement in *Cody*, the Settlement Agreement terms do not correspond to any prior consent decree or preliminary injunction. Indeed, in this action there has been no consent decree or preliminary or any other form of actual relief on the merits of their claim causing a material alteration of the legal relationship between the parties by modifying Defendants' behavior in a way that directly benefits Plaintiffs.

For this reason as well, even if Plaintiffs may be prevailing parties, which they are not, they still could not satisfy the requirements of the PLRA because attorney's fees were not incurred in proving an actual violation nor directly and reasonably incurred in enforcing relief ordered for an actual violation. In sum, approval of the Settlement Agreement does not cause Plaintiffs to become prevailing parties under Section 1988. Moreover, if the Settlement Agreement is approved, Plaintiffs will not have proven an actual violation of any rights necessary for recovery of attorney's fees under the PLRA.

### B. Plaintiffs Waived the Right to Seek Fees and Costs

Plaintiffs are not prevailing parties. Regardless, they waived the right seek attorney's fees and cost from any source other than the Settlement Fund.

The Supreme Court explained that there are numerous uncertainties involved in civil rights cases, including the risks of unknown costs and attorney's fees, and held that parties can agree to settlements that limit the recovery of attorney's fees and costs:

> Most defendants are unlikely to settle unless the cost of the predicted judgment, discounted by its probability, plus the transaction costs of further litigation, are greater than the cost of the settlement package. If fee waivers cannot be negotiated, the settlement package must either contain an attorney's fee component of potentially large and typically uncertain magnitude, or else the parties must agree to have the fee fixed by the court. Although either of these alternatives may well be acceptable in many cases, there surely is a significant number in which neither alternative will be as satisfactory as a decision to try the entire case. The adverse

8

> impact of removing attorney's fees and costs from bargaining might be tolerable if the uncertainty introduced into settlement negotiations were small. But it is not. The defendants' potential liability for fees in this kind of litigation can be as significant as, and sometimes even more significant than, their potential liability on the merits. This proposition is most dramatically illustrated by the fee awards of district courts in actions seeking only monetary relief. . . .Undoubtedly there are many other civil rights actions in which potential liability for attorney's fees may overshadow the potential cost of relief on the merits and darken prospects for settlement if fees cannot be negotiated. The unpredictability of attorney's fees may be just as important as their magnitude when a defendant is striving to fix its liability. Unlike a determination of costs, which ordinarily involve smaller outlays and are more susceptible of calculation . . . The consequence of this succession of necessarily judgmental decisions for the ultimate fee award is inescapable: a defendant's liability for his opponent's attorney's fees in a civil rights action cannot be fixed with a sufficient degree of confidence to make defendants indifferent to their exclusion from negotiation. It is therefore not implausible to anticipate that parties to a significant number of civil rights cases will refuse to settle if liability for attorney's fees remains open, thereby forcing more cases to trial, unnecessarily burdening the judicial system, and disserving civil rights litigants. Respondents' own waiver of attorney's fees and costs to obtain settlement of their educational claims is eloquent testimony to the utility of fee waivers in vindicating civil rights claims. We conclude, therefore, that it is not necessary to construe the Fees Act as embodying a general rule prohibiting settlements conditioned on the waiver of fees in order to be faithful to the purposes of that Act.

*Evans v. Jeff D.*, 475 U.S. 717, 734–38, 106 S. Ct. 1531, 1541–43, 89 L. Ed. 2d 747 (1986) (citations omitted). *See also*, *Lilly v. City of New York*, 934 F.3d 222, 237 (2d Cir. 2019) ("[I}t is not against public policy for litigants to waive their statutory right to attorney's fees—let alone fees on fees.") (citing *Evans,* 475 U.S. 717, 734–38); *Ayers v. Thompson*, 358 F.3d 356, 375 (5th Cir. 2004) (noting that the Supreme Court "has declined to prohibit simultaneous negotiation of liability and fees, stating that a defendant may have good reason to demand to know his total liability.") (citation and internal quotations omitted); *Lide v. Abbott House*, No. 05 CIV. 3790 (SAS), 2008 WL 194656, at *4 (S.D.N.Y. Jan. 23, 2008) (denying motion for fees in light of waiver in the settlement agreement); *Paradis v. Brady*, No. CV03-150-N-BLW, 2007 WL 925285, at *4 (D. Idaho Mar. 27, 2007) ("However, a prevailing plaintiff may waive the right to attorney's fees in the course of reaching a settlement of his claims. *Evans v. Jeff D., 475 U.S. 717, 730–32*

*(1986)*. Indeed, waiving attorney's fees often facilitates settlement. *Id.* at 736–37 (noting that defendants would be less likely to settle if they would remain exposed to an uncertain amount of attorney's fees).")

If approved, the Settlement Agreement includes valid and binding agreement by the Parties to limit the recovery of attorney's fees and costs to the limits set forth in the Settlement Fund.

### C. A Court Cannot Rewrite a Settlement Agreement

In *Evans*, the Supreme Court also held that a court cannot rewrite a settlement agreement by adding terms that were not agreed to or by deleting terms – including a limitation as to the source of fees and costs - that the parties agreed to:

> Rule 23(e) wisely requires court approval of the terms of any settlement of a class action, but the power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed. Although changed circumstances may justify a court-ordered modification of a consent decree over the objections of a party after the decree has been entered, and the District Court might have advised petitioners and respondents that it would not approve their proposal unless one or more of its provisions was deleted or modified, Rule 23(e) does not give the court the power, in advance of trial, to modify a proposed consent decree and order its acceptance over either party's objection. ***The options available to the District Court were essentially the same as those available to respondents: it could have accepted the proposed settlement; it could have rejected the proposal and postponed the trial to see if a different settlement could be achieved; or it could have decided to try the case. The District Court could not enforce the settlement on the merits and award attorney's fees anymore than it could, in a situation in which the attorney had negotiated a large fee at the expense of the plaintiff class, preserve the fee award and order greater relief on the merits***.

*Evans*, 475 U.S. at 726–27 (emphasis added). *See also*, *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010) ("The requirement that a district court review and approve a class action settlement before it binds all class members does not affect the binding nature of the parties' underlying agreement. . . .A district court is not a party to the settlement, nor may it modify the terms of a voluntary settlement agreement between parties.") (citation omitted); *Valley Disposal,*

10

*Inc. v. Cent. Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059 (2d Cir. 1995) ("The *Evans* case, while acknowledging that district courts possess considerable discretion to accept or reject settlement agreements, does not authorize courts to exercise a 'line-item veto' over those agreements. Indeed, in *Evans,* the Supreme Court reversed a Ninth Circuit decision that had done just that and held that while a district court possesses discretion to reject a proposed settlement because it contains a waiver of statutorily authorized attorneys' fees, it can do so only by rejecting *the entire settlement agreement* in which the waiver appears. . . . In the case before us, if the district court had found that the plaintiffs had waived their right to seek attorneys' fees, it was empowered to reject that waiver only by rejecting the global settlement.") (citation omitted); *Good v. W. Virginia-Am. Water Co.*, No. CV 14-1374, 2017 WL 2884535, at *9 (S.D.W. Va. July 6, 2017); *Olden v. LaFarge Corp.*, 472 F. Supp. 2d 922, 936 (E.D. Mich. 2007); *Ramirez v. DeCoster*, 203 F.R.D. 30, 37–38 (D. Me. 2001) ("In other words, the principle announced by *Evans* is that a federal court receives no authority to modify settlement contracts from Rule 23.")

After extensive negotiations, the Settling Parties agreed to the terms in the Settlement Agreement, including an unambiguous provision that that attorney's fees or costs would only come from the Settlement Fund. This Court can approve the Settlement Agreement in its entirety as drafted, reject the Settlement Agreement in its entirety, or advice the parties that it does not believe that the settlement is fair and reasonable. *Evans*, 475 U.S. at 726–27. But this Court cannot approve the Settlement Agreement and then permit Plaintiffs to seek attorney's fees and costs from a source outside the Settlement Fund. To hold otherwise would enforce "the settlement on the merits" while modifying the Settlement Agreement to include terms that the Settling Parties did not agree to and specifically disclaimed. *Id. See also*, *Pottinger v. City of Miami*, 805 F.3d 1293, 1298–1300 (11th Cir. 2015) ("The plaintiffs and the City, in other words, chose to limit future

11

attorneys' fees to enforcement proceedings. . . . Mr. Peery's reliance on cases like *Binta B.,* 710 F.3d at 625–27, is misplaced. The Sixth Circuit held in *Binta B.* that plaintiffs who achieve some success in opposing modifications to a consent decree are considered prevailing parties under § 1988, but that case did not involve a settlement agreement/consent decree which limited the availability of future attorneys' fees. Here we have just that sort of limitation . . . Again, we cannot rewrite paragraphs 25 and 30 to allow for attorneys' fees in modification proceedings.") (citation omitted); *Lucero ex rel. Lucero v. Detroit Pub. Sch.*, No. 01-CV-72792-DT, 2005 WL 1983178, at *6–7 (E.D. Mich. Aug. 15, 2005) (holding that the issue of whether plaintiffs were prevailing parties need "not be reached, since the Court decides that the settlement agreement precludes a motion for attorney's fees.")

### III. CONCLUSION

If this Court approves the Settlement Agreement, Plaintiffs are not prevailing parties. First, a class action settlement does not render Plaintiffs prevailing parties for purposes of a fee award under Section 1988. Second, Plaintiffs have not proven an actual violation of their rights, as required under the PLRA. Third, the Settling Parties agreed that any recovery of attorney's fees and costs would come solely from the Settlement Fund. Finally, this Court cannot approve the Settlement Agreement and then rewrite it to allow for Plaintiffs to seek attorney's fees and cost from a source other than the Settlement Fund.

Respectfully submitted,

*/s/ Michael D. Mullins*
Michael D. Mullins (WVSB No. 7754)
Larry J. Rector (WVSB No. 6418)
Amy M. Smith (WVSB No. 6456)
Peter J. Raupp (WVSB No. 10546)

Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
michael.mullins@steptoe-johnson.com

*Counsel for Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall III*


/s/    Chip E. Williams
Chip E. Williams (WV Bar #8116)
Jared C. Underwood (WV Bar #12141)
Pullin Fowler Flanagan Brown & Poe
252 George Street
Beckley, WV 25801
T: 304-254-9300
cwilliams@pffwv.com

*Counsel for Michael Francis*

13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE** on his own behalf and on behalf of all others similarly situated, et al. ) ) ) ) **Plaintiffs,** ) ) v. ) ) **JEFF S. SANDY, et at.,** ) ) **Defendants.** ) ) | Civil Action No. 5:22-cv-00405 (Judge Volk) |

## CERTIFICATE OF SERVICE

I certify that on this 16th day of February 2024, I filed the foregoing **"Settling Defendants' Response to Order"** via the CM/ECF system, which will send a notification to all counsel of record.

                                                 */s/Michael D. Mullins*