**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

**MICHAEL D. ROSE, CHARLES**
**BLESSARD, ROBERT C. CHURCH, SR.,**
**NICOLE HENRY, EDWARD L.**
**HARMON, THOMAS FLEENOR, JR.,**
**WILLIAM BOWN, and TONYA**
**PERSINGER, on their own behalf and on**
**behalf of all others similarly situated,**

    **Plaintiffs,**

                                      **Civil Action No. 5:22-cv-00405**
**v.**                                  **Honorable Frank W. Volk**

**JEFF S. SANDY, et al.,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF THE COUNTY DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

      **NOW COME**, the Defendants, Greenbrier, Fayette, Mercer, Monroe, Raleigh, Summers,

and Wyoming County Commissions, (hereinafter "County Defendants"), by their respective counsel,

and in support of their contemporaneously filed Motion for Summary Judgment offer the following

Memorandum of Law for the Court's consideration.

## I.   INTRODUCTION

      This case was filed by current or former inmates of the Southern Regional Jail ("SRJ")

located in Raleigh County, Beaver, West Virginia, specifically relating to the conditions of

confinement therein. There is no dispute in this matter that SRJ is operated and maintained by the

West Virginia Division of Corrections and Rehabilitation. Despite this indisputable fact, Plaintiffs

have sued the above County Defendants and their respective John/Jane Doe employees. Plaintiffs

have never, in any of their amendments or attempted amendments, moved to name the purported

John/Jane Does. Furthermore, the allegations against the County Defendants are not viable and have

never been viable. The County Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, reasserting that Plaintiffs have failed to state a claim against the County Defendants for which relief can be granted and that there is no evidentiary support for these non-viable claims.

As an additional matter, the County Defendants are also specifically entitled to summary judgment as to the Plaintiffs' class action claims, as more fully argued in the briefing of the Plaintiffs' Motion for Class Certification.

## II.  STATEMENT OF FACTS

The current operative complaint is the Second Amended Class Action Complaint.  (ECF No. 433). The causes of action in the Second Amended Complaint are as follows: Count I – Eighth Amendment Violations under 42 U.S.C. § 1983 (Conditions of Confinement); Count II – Eighth Amendment Violations under 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Need); Count III – Conspiracy to Commit Eighth Amendment Violations under 42 U.S.C. § 1983; Count IV – Fourteenth Amendment Violations under 42 U.S.C. § 1983 (Conditions of Confinement); Count V – Fourteenth Amendment Violations under 42 U.S.C. § 1983 (Deliberate Indifference to Serious Medical Need); Count VI – Conspiracy to Commit Fourteenth Amendment Violations under 42 U.S.C. § 1983; Count VII – Failure to Intervene/Bystander Liability under 42 U.S.C. § 1983; Count VIII – Negligence; Count IX – Gross Negligence; Count X – *Prima Facie* Negligence; Count XI – Intentional Infliction of Emotional Distress/Tort of Outrage; Count XII – Common Law Civil Conspiracy; Count XIII – Violations of the ADA; and, Count XIV – Temporary Injunctive Relief under Rule 65 of the *Federal Rules of Civil Procedure*. *Id*.

With respect to the County Defendants, Plaintiffs have alleged that they are vicariously liable for the negligence (Count VIII), gross negligence (Count IX), and *prima facie* negligence (Count X)

for their John/Jane Doe employees. Plaintiffs also assert that the County Defendants are vicariously liable for the negligent acts and omission of their employees committed within the scope of their employment under a common law conspiracy theory of liability. (Count XII). There are little or no supporting facts in the operative complaint which detail the nature of this conspiracy or the specific parties to the conspiracies or how an alleged conspiracy relating to the County Defendants and their unnamed employees proximately caused Plaintiffs' damages.

As this Court is aware, the parties have engaged in significant discovery concerning Plaintiffs' Complaint as well as in matters pertaining to class certification. Despite the efforts of counsel for the Plaintiffs, there has been no discovery that has established the viability of Plaintiffs' claims against these Defendants. Discovery has shown that the County Defendants have complied with their statutory obligation to tender to the State a per diem payment for incarcerations persons from their counties, as set by statute. *See* Deposition of Betsy Jividen, attached hereto as Ex. A, pgs. 95-98; W. Va. Code § 15A-3-16(g) (2018). Once those funds are paid by the County Defendants, the budget office and other state agencies determine how those funds are spent. *See* Ex. A, pgs. 97-99. As such, for the reasons set forth herein, these Defendants move for summary judgment as a matter of law.

## III.  STANDARD OF REVIEW

Rule 56(a) of the *Federal Rules of Civil Procedure* provides that:

A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

F.R.C.P., Rule 56(a). In analyzing the application of Rule 56, this Court has held that:

At bottom, the district court must determine whether the party opposing the motion

for summary judgment has presented genuinely disputed facts which remain to be tried; if not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly.

*Workman v. United Artists Theatre Circuit, Inc.*, 84 F.Supp.2d 790 (S.D. W.Va. 2000).

"Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Kitchen v. Summers Continuous Care Center, LLC*, 552 F.Supp.2d 589, 592 (S.D.W.Va. 2008) (Quoting *Fed.R.Civ.P.* 56(c)). "The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 322-323 (1986). "When determining whether there is an issue for trial, the Court must view all evidence in the light most favorable to the non-moving party." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 (4th Cir.1990). "The nonmoving party nonetheless must offer some 'concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]'" *Piedmont Behavioral Health Ctr., LLC v. Stewart*, 413 F.Supp.2d 746, 751 (S.D.W.Va. 2006) (Goodwin, J.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Moreover, a case involving solely a question of law is ripe to be resolved at the summary judgment stage. *See Rogers v. City of Richmond*, 851 F. Supp. 2d 983, 985 (E.D. Va. 2012); *see also Willingham v. Crooke*, 412 F.3d 553, 559 (4th Cir. 2006) ("[a] purely legal question . . . is always capable of decision at the summary judgment stage . . . .") (internal quotation and citation omitted). A party opposing summary judgment on the grounds that additional discovery is needed must show specified reasons for why it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P. 56(d); *see also Harrods Ltd. v. Sixty Internet Domain*

*Names*, 302 F.3d 214 (4th Cir. 2002).

## IV.  ARGUMENTS

The County Defendants are entitled to summary judgment and dismissal from this action. The SRJ is not a "county jail," and the County Defendants have no duty to operate, administer, or maintain the SRJ, as this is the function of the WVDCR. The County Defendants' statutory obligation is to pay the "per diem" amount set forth in statue. There is no evidence in record demonstrating that the County Defendants have not paid the statutory amount. As such they cannot be liable for the claims asserted against them. The County Defendants are also immune from Plaintiffs' claims as set forth in the *West Virginia Governmental Tort Claims and Insurance Reform Act*, W. Va. Code § 29-12A-5(a)(4), as Plaintiffs' claims stem from the provision, equipping, lawful operation or maintenance of a prison, jail or correctional facility. Lastly, in addition to being immune from such claim, there is no genuine dispute of material fact supporting Plaintiffs' claim that the County Defendants engaged in a conspiracy against Plaintiffs. Summary judgment is appropriate on all counts asserted by Plaintiffs against the Defendant County Commissions.

**a.    The County Defendants are entitled to summary judgement because they did not operate a "county jail", and cannot be liable for the operation, administration, and maintenance of the Southern Regional Jail.**

The WVDCR is a division within the West Virginia Department of Homeland Security which, in part, "provid[es] for the [...] pretrial detention of adult persons facing criminal charges and [the] incarceration and care of adult convicted offenders" within the State of West Virginia. W. Va. Code § 15A-3-1 (2018) (comma omitted). The WVDCR is responsible for operating the regional jail system in West Virginia. *See* W. Va. Code § 15A-8-1(a)(1). It "manages, directs, controls, and governs the prisons, jails, or correctional institutions of [West Virginia], including, but not limited to [...] [the] Southern Regional Jail and Corrections Facility." W. Va. Code § 15A–3–12(a) (alterations

added). County Commissions do not own, operate, maintain, or administrate any regional jails within West Virginia, nor do the County Commissions do so with respect to the SRJ. W. Va. Code § 7-3-2 (1989); *see also* § 15A-3-1, *et seq.*

> As aptly described on the WVDCR's publicly available website:
>
> West Virginia's network of regional jails gradually replaced what had been 55 independently operated county jails beginning in May 1989 [...] [and] [t]he establishment of the West Virginia Regional Jail and Prison Authority in 1985 set the stage for more direct state involvement in the construction, operation, and maintenance of facilities meant for pre-trial defendants and offenders sentenced for misdemeanor offenses. The result has been the 10 regional jails that share the same modular design and together serve all 55 counties [in West Virginia].[1]

Ignoring the plain clear statutory scheme set forth above, Plaintiffs argue that W. Va. Code § 7-8-2A(a) requires County Commissions to provide wholesome and sufficient food and clean and sufficient bedding for all prisoners…and shall furnish soaps, disinfectants and other supplies…" ECF No. 433, ¶ 84). However, this provision applies only to "prisoners confined in a county jail." *See* W. Va. Code § 7-8-2A(a)(" . . . the county commission of each county shall provide wholesome and sufficient food and clean and sufficient bedding for all prisoners *confined in the county jail* . . . .")(*emphasis* added). Thus, a plain reading of the statute dictates a "county jail" is not a "regional jail;" considering the plain language alone, § 7–8–2A does not impose any duty onto the County Defendants to provision regional jails, like SRJ.

In 1989, the West Virginia State Legislature abolished the requirement that county commissions operate their own independent county jails. W. Va. Code § 7-3-2 ("any county commission providing and maintaining a jail on the effective date of this article, April 8, 1989, shall not be required to provide and maintain a jail after a regional jail becomes available"). *See, e.g.*, ECF No. 537 at 2 and n. 2 (Judge Aboulhosn observing the relevant statues "predate the establishment of

---

1. West Virginia Division of Corrections and Rehabilitation, *History*, https://dcr.wv.gov/aboutus/Pages/history.aspx (last visited Dec. 27, 2022).

6

the regional jail system in this State, when individual counties had their own jails" before the State enacted "legislation creating the regional jail system in 1985 and the opening of the first regional jail in 1989"). Rather than owning, operating, maintaining, or administering the regional jails, county commissions contribute to a "regional jail fund" to help finance the regional jails, operated and administered directly by the WVDCR, which incarcerate their county's pre-trial detainees. *See* W. Va. Code § 15A-3-16(g) (2018) (when inmates are placed in a regional jail, "the county [...] shall pay into this fund a cost per day for each incarcerated inmate").

This is not a contractual obligation as Plaintiffs have alleged. (ECF No. 433, ¶ 67). The County Defendants' obligation to pay the set fee is dictated by the Legislature in statute. *See* W. Va. Code § 15A-3-16(g). The State Budget Office, not the County Defendants, is charged with examining the information associated with the cost of operating the jail facilities and cost of incarceration per inmate and to adjust the set fee accordingly. W. Va. Code § 15A-3-16(k). There is no evidence produced in discovery showing that the County Defendants failed to pay the statutorily imposed fee.

As such, the County Defendants do not own the SRJ, and none of their employees are responsible for operating, maintaining, or administering the SRJ. The County Defendants do not have authority to make any decision regarding the conditions, maintenance, or necessities provided at the regional jails in West Virginia, including SRJ. There is no evidence in this case to the contrary. Moreover, the County Defendants are required, by law, to incarcerate pre-trial detainees in regional jails. W. Va. Code § 15A–3–16(f)(1). Thus, the authority put forth by Plaintiffs to establish a duty owed by these Defendants is non-existent and Plaintiffs have failed to plausibly state any claim against the County Defendants and have no evidence that would establish any other claim against the County Defendants. As such, the County Defendants are entitled to summary judgment.

     **b.**     **The County Defendants are entitled to summary judgment as they are immune from Plaintiffs' State Law claims pertaining to the provision, equipping, lawful operation pursuant to *West Virginia Code* § 29-12A-5(a)(14).**

In Counts VIII, IX, X, and XII Plaintiffs allege the County Commissions are vicariously liable for their unnamed employees' negligence, gross negligence, *prima facie* negligence, and civil conspiracy, respectively. (ECF No. 433 at 77-81). To the extent these claims seek monetary damages, the County Commissions are statutorily immune from these claims pursuant to the *West Virginia Governmental Tort Claims and Insurance Reform Act* (hereafter "the Act"). *See* W.Va. Code § 29–12A–5(a)(14)("A political subdivision is immune from liability if a loss or claim results from: [p]rovision, equipping, lawful operation or maintenance of any prison, jail or correctional facility . . . .").

Statutory immunity of a political subdivision is governed exclusively by the Act. *Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 236, 267 (2013); *see* W. Va. Code § 29–12A–1, *et. seq.* (1986). The issue of "whether [...] a statutory immunity bars a civil action is one of law for the court to determine." Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W. Va. 139, 479 S.E.2d 649 (1996). As such, "unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate question of statutory or qualified immunity are ripe for summary determination." *Id.*

Statutory immunity is not merely a defense to liability, rather, it is a complete immunity from suit. *See Id,* 198 W. Va. at 147, 479 S.E.2d at 657. The benefit of immunity "is effectively lost" if a political subdivision is forced to proceed to trial when it has not been shown by the plaintiffs that the immunity is inapplicable. *See Id*., 198 W. Va. at 147-148, 479 S.E.2d at 657-658. Here, Plaintiffs' state law claims against the County Defendants are subject to statutory immunity analysis because

the County Commissions are political subdivisions under the Act. *See W.Va. Code* § 29–12A–3(c) (defining "political subdivision" as "any county commission").

With respect to § 5 of the Act, the Supreme Court of Appeals of West Virginia has held that, "irrespective of whether a case falls into one of the five categories set forth in (c) [§ 29–12A–4(c)], stripping the political subdivision of its general immunity, [the Act] goes on to enumerate seventeen categories of specific functions for which the political subdivision is nonetheless still immune." *Bowden*, 232 W. Va. at 51, 750 S.E.2d at 267 (2013) (citing § 29–12A–5(a)(1)–(17)).

The language within § 5 of the Act is plain and unambiguous: political subdivisions are absolutely, statutorily immune from suits for injuries arising from "[the] [p]rovision, equipping, lawful operation[,] or maintenance of any prison, jail, or correctional facility[.]" W. Va. Code § 29–12A–5(a)(14). The Supreme Court of Appeals of West Virginia has "uniformly adhered to the principle that where a statute is plain and unambiguous, it is the clear and unmistakable duty of the judiciary to merely apply the language." *State ex rel. Biafore v. Tomblin*, 236 W. Va. 528, 532, 782 S.E.2d 223, 227 (2016). When interpreting a West Virginia statute, "[c]ourts are obligated to presume that a legislature says in a statute what it means[,] and it means in a statute what it says[.]" *Biafore*, 236 W. Va. at 533, 782 S.E.2d at 228 (internal citations and quotation marks omitted)). Thus, "[i]f the statutory text is clear and unambiguous, [the court] must apply the statute to its literal terms." *Id.* (citing *Dodd v. U.S.*, 545 U.S. 353, 357 (2005)). "In other words, when a statute is clear and unambiguous, and the legislative intent is plain, the statute should not be interpreted by the courts [...] [i]n such case[s] the duty of the courts is not to construe but to apply the statute. In applying the statute its words should be given their ordinary acceptance and significance and the meaning commonly attributed to them[.]" *State of W. Va. v. Continental Cas. Co.*, 130 W. Va. 147, 155, 42 S.E.2d 820, 825 (1947) (internal citations and quotation marks omitted).

9

Here, the language of § 5(a)(14) is plain and unambiguous: political subdivisions are statutorily immune from suit when Plaintiffs' allegations arise from the "[p]rovision, equipping, lawful operation[,] or maintenance of any prison, jail[,] or correctional facility." W.Va. Code § 29–12A–5(a)(14). Plaintiffs' allegations fall within the immunity. By Plaintiffs' own allegations, County Commissions "are charged [...] with *providing* their prisoners adequate food, beds and bedding, and basic hygiene products." (ECF No. 43, ¶ 69) (emphasis added). Thus, Plaintiffs' allegations against the County Defendants fall within the Act's § 5(a)(14) immunity because each pertains to the "provisioning" and "equipping" of the SRJ.

Correspondingly, the other operative terms within § 5(a)(14) clarify the scope of the immunity and encompass Plaintiffs' allegations. Each of Plaintiffs' allegations regard the operation and maintenance of the SRJ. (*See generally* ECF No. 433). Plaintiffs allege that the County Defendants' employees have "subjected inmates housed at [SRJ], including Plaintiffs, in inhumane living conditions and deprived them of basic human necessities." (ECF No. 433, ¶ 85). Specifically, Plaintiffs allege that the County Commissions are vicariously liable for their employees' involvement in "inhumane living conditions," such as "overcrowding;" "facility plumbing;" "unsanitary living conditions;" "inadequate nutrition and spoiled food;" "inadequate bedding, hygiene items, clothing, and laundry services;" "inadequate lighting;" "improper disciplinary measures;" "lack of prisoner safety;" "neglectful medical care;" and the "inability to file grievances." (ECF No. 433, p. 1-34). These allegations lie at the heart of the "operation" and "maintenance" of the SRJ, according to the "ordinary acceptance and significance and the meaning commonly attributed to them[.]" *Continental Cas. Co.*, 130 W. Va. at 155, 42 S.E.2d at 825. Therefore, the County Defendants are immune from Plaintiffs' state law claims because the allegations are encompassed by the plain meaning of § 5(a)(14).

     **c.**     **The County Defendants are immune from Plaintiffs' common law conspiracy claim and Plaintiffs have failed to develop a genuine issue of material fact to support such a claim.**

Plaintiffs' operative complaint is devoid of factual content outlining the basis for their conspiracy claim against the County Defendants. Plaintiffs allege numerous issues relating to the conditions of confinement within the SRJ which include "pervasive overcrowding", "faulty plumbing", "unsanitary living conditions", "inadequate nutrition, spoiled food, and contaminated water", "inadequate bedding, hygiene items, and laundry services", "inadequate exercise time", "inadequate lighting", "improper disciplinary measures", and "lack of prisoner safety", to name a few. (See ECF No. 433, p. 14-30). However, Plaintiffs do not allege any factual content demonstrating how the County Defendants , or their unnamed employees, contributed to or caused such conditions to persist within the SRJ. As stated above, because the County Defendants do not own, operate, maintain, or administer the SRJ, Plaintiffs fail to adequately explain how such conditions are the result of a failure to fulfill a duty by County Defendants. The facts adduced have not made provided any weight or clarity to these unsupported allegations. Moreover, Plaintiffs have not developed how any of the County Defendants' participation in this alleged conspiracy proximately caused their damages for physical pain and discomfort, the physical effects of loss of sleep and/or exhaustion, nausea and/or vomiting, the physical effects of dehydration and/or malnutrition, the physical effects of exposure to black mold, the physical effects of inadequate lighting, the physical effects of inadequate recreation, the physical effect of living in unsanitary conditions, the physical effect of drinking contaminated water, and the development of associated medical conditions. (ECF No. 433, ¶ 679).

Moreover, the County Defendants are entitled to immunity from Plaintiffs' conspiracy claim pursuant to W. Va. Code § 29-12A-4(b)(1). Under the Act, political subdivisions are immune from

liability for claims premised on alleged intentional conduct by their employees. *Mallamo v. Town of Rivesville*, 197 W. Va. 616, 624, 477 S.E.2d 525, 533–34 (1996) (when the claim "is an intentional act, not a negligent one, [a political subdivision] would not be held liable"). In other words, "claims of intentional and malicious acts are included in the general grant of immunity[.]" *Zirkle v. Elkins Rd. Pub. Serv. Dist.*, 211 W. Va. 409, 414, 655 S.E.2d 155, 160 (2007). Given that conspiracy is an intentional tort, the County Defendants are immune from liability. *Mallamo*, 197 W. Va. at 624–25, 477 S.E.2d at 533–34.

Assuming, in arguendo, that the County Defendants are not entitled to immunity as set forth above, the Plaintiffs have failed to establish any fact that would warrant this matter to proceeding to trial on these grounds. "The law of this State recognizes a cause of action sounding in civil conspiracy." *Kessel v. Leavitt*, 204 W.Va. 95, 128, 511 S.E.2d 720, 753 (1998). At its most fundamental level, a "civil conspiracy" is "a combination to commit a tort." *State ex rel. Myers v. Wood*, 154 W.Va. 431, 442, 175 S.E.2d 637, 645 (1970). The West Virginia Supreme Court defined a civil conspiracy in *Dixon v. American Indus. Leasing Co.*, 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979):

> [A] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff.

The West Virginia Supreme Court also held, in Syllabus Point 1, in part, of *Dixon* that "[i]n order for civil conspiracy to be actionable it must be proved that the defendants have committed some wrongful act or have committed a lawful act in an unlawful manner to the injury of the plaintiff[.]" *In accord*, Syllabus Point 7, *Cook v. Heck's Inc.*, 176 W.Va. 368, 342 S.E.2d 453 (1986). *See also*, *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62, 206 Ill.Dec. 636, 645 N.E.2d 888, 894 (1994) ("Civil conspiracy consists of a combination of two or more persons for the purpose of

accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means.").

A civil conspiracy is not a per se, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s). *Kessel v. Leavitt*, 204 W.Va. 95, 129, 511 S.E.2d 720, 754 (1998). *See also Gulf Atlantic Life Ins. Co. v. Hurlbut*, 696 S.W.2d 83, 102 (Tex.App.1985), *reversed on other grounds by Hurlbut v. Gulf Atlantic Life Ins. Co.*, 749 S.W.2d 762 (Tex.1987) ("The gist of a civil conspiracy is the damage resulting from commission of a wrong that injures another and not the conspiracy itself. Thus an actionable civil conspiracy must consist of wrongs that would have been actionable against the conspirators individually."); *Fitzgerald v. Seamans*, 384 F.Supp. 688, 693 (D.D.C.1974) ("[A] civil conspiracy is not in itself actionable, but rather, it is the acts causing injury undertaken in furtherance of the conspiracy which give rise to the action."); *Roche v. Blair*, 305 Mich. 608, 614, 9 N.W.2d 861 (1943) ("The conspiracy standing alone without the commission of acts causing damage would not be actionable. The cause of action does not result from the conspiracy but from the acts done.").

As discussed above, the County Defendants do not own, operate, maintain, or administrate any regional jails within West Virginia, nor do the County Commissions do so with respect to the SRJ. W. Va. Code § 7-3-2 (1989); *see also* § 15A-3-1, *et seq.* As aptly described on the WVDCR's publicly available website:

> West Virginia's network of regional jails gradually replaced what had been 55 independently operated county jails beginning in May 1989 [...] [and] [t]he establishment of the West Virginia Regional Jail and Prison Authority in 1985 set the stage for more direct state involvement in the construction, operation, and maintenance of facilities meant for pre-trial defendants and offenders sentenced for misdemeanor offenses. The result has been the 10 regional jails that share the same modular design and together serve all 55 counties [in West Virginia].[2]

---

2. West Virginia Division of Corrections and Rehabilitation, *History*, https://dcr.wv.gov/aboutus/Pages/history.aspx

In 1989, the West Virginia State Legislature abolished the requirement that county commissions operate their own independent county jails. W. Va. Code § 7-3-2 ("any county commission providing and maintaining a jail on the effective date of this article, April 8, 1989, shall not be required to provide and maintain a jail after a regional jail becomes available"). Rather than owning, operating, maintaining, or administering the regional jails, county commissions contribute to a "regional jail fund" to help finance the regional jails, operated and administered directly by the WVDCR, which incarcerate their county's pre-trial detainees. *See* W. Va. Code § 15A-3-16(g) (2018) (when inmates are placed in a regional jail, "the county [...] shall pay into this fund a cost per day for each incarcerated inmate").

As such, the County Commissions do not own the SRJ, and none of the County Commissions' employees are responsible for operating, maintaining, or administering the SRJ. Despite counsel for the Plaintiffs' best efforts in the extensive discovery to date, there are no operative facts that establish that the County Defendants owed the Plaintiffs a duty nor that the County Defendants failed to comply with the terms of W. Va. Code § 15A-3-16(g) in paying their per diem. Testimony has established, however, that once the per diem is paid by the County Defendants the same is handled by the State Budget Office. *See* Ex. A. It is the State Budget Office that determines how the funds are allocated to the Regional Jail System and, ultimately, how the money is spent. Aside from complying with W. Va. Code § 15A-3-16(g) and paying the required per diem, the County Defendants have had no obligation, nor any right, to control the manner in which the Southern Regional Jail is operated, manager, controlled, funded, maintained or otherwise. As such, Plaintiffs' civil conspiracy claim as to the County Defendants fails as a matter of law.

(last visited Dec. 27, 2022).

## V.  CONCLUSION

**WHEREFORE**, in light of the foregoing, Defendants, Greenbrier, Fayette, Mercer, Monroe, Raleigh, Summers, and Wyoming County Commissions, jointly pray that this Honorable Court **GRANT** this Motion and award these Defendants summary judgment, dismissing them from this action, and award these Defendants any and all other relief that is deemed just and proper.

FAYETTE COUNTY COMMISSION,
By Counsel,

  /s/ Harrison M. Cyrus
Charles R. Bailey (WV Bar #0202)
Harrison M. Cyrus (WV Bar #12731)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
cbailey@baileywyant.com
hcyrus@baileywyant.com

RALEIGH COUNTY COMMISSION,
By Counsel,

  /s/ Daniel J. Burns
J. Victor Flanagan (WV Bar #5254)
Daniel J. Burns (WV Bar #11866)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
T: (304) 254-9300
F: (304) 255-5519
vflanagan@pffwv.com
dburns@pffwv.com

WYOMING COUNTY COMMISSION;
SUMMERS COUNTY COMMISSION;
MONROE COUNTY COMMISSION;
MERCER COUNTY COMMISSION;
and, GREENBRIER COUNTY
COMMISSION,
By Counsel,

  /s/Benjamin B. Vanston
Wendy E. Greve (WV Bar #6599)

Benjamin B. Vanston (WV Bar #14146)
Adam S. Daugherty (WV Bar #14444)
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV 25301
(304) 344-0100
(304) 342-1545
wgreve@pffwv.com
bvanston@pffwv.com
adaugherty@pffwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL D. ROSE, CHARLES
BLESSARD, ROBERT C. CHURCH, SR.,
NICOLE HENRY, EDWARD L.
HARMON, THOMAS FLEENOR, JR.,
WILLIAM BOWN, and TONYA
PERSINGER, on their own behalf and on
behalf of all others similarly situated,**

    **Plaintiffs,**

**v.**                                    **Civil Action No. 5:22-cv-00405**
                                             **Honorable Frank W. Volk**

**JEFF S. SANDY, et al.,**

    **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

      **I HEREBY CERTIFY** that a true and correct copy of foregoing *Memorandum of Law in*

*Support of County Defendants' Motion to Dismiss* was served upon the following parties through

the Court's Electronic Case Filing (ECF) system on this day, March 7, 2024:

Amy Marie Smith
Steptoe & Johnson, PLLC
400 White Oaks Blvd.
Bridgeport, WV  26330
Email Address: amy.smith@steptoe-johnson.com
Attorney For: Betsy Jividen, Brad Douglas, Jeff S. Sandy

D. C. Offutt, Jr.
Anne Liles O'Hare
Offutt Simmons Simonton, PLLC
949 Third Avenue, Suite 300
P.O. Box 2868
Huntington, WV  25701
Email Address: alohare@offuttlegal.com; dcoffutt@offuttlegal.com
Attorney For: Primecare Medical of West Virginia, Inc.

Benjamin B. Vanston
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
901 Quarrier Street
Charleston, WV  25301
Email Address: bvanston@pffwv.com
Attorney For: Greenbrier County Commission, Mercer County Commission, Monroe
County Commission, Summers County Commission, Wyoming County Commission

Chip E. Williams
Jared  C. Underwood
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George St.
Beckley, WV 25801
Email Address: cwilliams@pffwv.com; junderwood@pffwv.com
Attorney For: Michael Francis

Christopher  S. Etheredge
Steptoe & Johnson PLLC
Post Office Boc 1588
Charleston, WV  25326
Email Address: christopher.etheredge@steptoe-johnson.com
Attorney For: Jeff S. Sandy

J. Victor Flanagan
Daniel J. Burns
Pullin, Fowler, Flanagan, Brown & Poe, PLLC
252 George Street
Beckley, WV  25801
Email Address: dburns@pffwv.com; vflanagan@pffwv.com
Attorney For: The Raleigh County Commission

David P. Cook, Jr.
MacCorkle Lavender & Sweeney, PLLC
300 Summers Street, Suite 800
Charleston, WV  25301
Email Address: dcook@mlclaw.com
Attorney For: John Frame, Andrew Hudson, Bobby R. Berry, Keith Powers, Dakota Hood,
Christopher Allen and Richard Champion

Jordan K. Herrick
David E. Schumacher
Bailey & Wyant, PLLC
PO Box 3710
500 Virginia Street, East, Suite 600
Charleston, WV  25337-3710

Email Address: jherrick@baileywyant.com
Attorney For: Wexford Health Sources, Inc.

Michael D. Mullins
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
707 Virginia Street, East
PO Box 1588
Charleston, WV  25326-1588
Email Address: michael.mullins@steptoe-johnson.com
Attorney For: Betsy Jividen, Brad Douglas, Jeff S. Sandy

Robert P. Dunlap
Dunlap & Associates, PLLC
345 Prince Street
Beckley, WV  25801
Email Address: robertdunlapesq@gmail.com
Attorney For: Plaintiffs

Russell A. Williams
New, Taylor & Associates
430 Harper Park Drive
Beckley, WV  25801
Email Address: russell@newtaylorlaw.com
Attorney For: Plaintiffs

Stephen Paul New
New, Taylor & Associates
430 Harper Park Drive
PO Box 5516
Beckley, WV  25801
Email Address: steve@newlawoffice.com
Attorney For: Plaintiffs

Timothy  P. Lupardus
Lupardus Law Office
275 Bearhole Road
PO Box 1680
Pineville, WV  24874
Email Address: tim@luparduslaw.com
Attorney For: Plaintiffs

Wendy E. Greve
Pullin Fowler Flanagan Brown & Poe, P.L.L.C.
James Mark Building
901 Quarrier St.

Charleston, WV  25301
Email Address: wgreve@pffwv.com
Attorney For: Greenbrier County Commission, Mercer County Commission, Monroe
County Commission, Summers County Commission, Wyoming County Commission

Zachary K. Whitten
Whitten Law Office, L.C.
P.O. Box 753
Pineville, WV  24874
Email Address: zwhittenlaw@gmail.com
Attorney For: Plaintiffs

**_/s/ Harrison M/ Cyrus_**
**Charles R. Bailey (WV Bar #0202)**
**Harrison M. Cyrus (WV Bar #12731)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**(304) 345-4222**