IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **MICHAEL D. ROSE on his own behalf and on behalf of all others similarly situated, et al.** ) ) ) ) **Plaintiffs,** ) ) v. ) ) **JEFF S. SANDY, et al.,** ) ) **Defendants.** ) ) | | **Civil Action No. 5:22-cv-00405** **(Judge Volk)** |

## PRELIMINARY APPROVAL ORDER

Pending before the Court is a Joint Motion for Preliminary Approval of a Settlement[1] reached pursuant to Federal Rule of Civil Procedure 23(e) filed by Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, individually and on behalf of a putative class of others similarly situated (collectively, "Plaintiffs" ) and Defendants Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis (collectively, "Settling Defendants") (all collectively, "Settling Parties"). ECF No. 849. Among other things, Settling Parties seek an order that preliminarily approves the Settlement, subject to the rights of Class Members to object, and for Settlement purposes only provisionally certifies a Class pursuant to Rule 23(a) and (b)(1)(B). After due consideration, this Court GRANTS the motion and, in exercise of its discretion, PRELIMINARILY APPROVES the Settlement, based on the following:

---

[1] The definitions in the Settlement Agreement and Release, are adopted and incorporated into this Order. *See* ECF No. 849-1.

## Preliminary Approval of Settlement as Fair, Reasonable, and Adequate

As a threshold matter, the Court preliminarily approves the Settlement as fair, reasonable, and adequate under Rule 23(e), subject to the rights of Class Members to object. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs, on their own behalf and on behalf of the Class, agree to conclusively and comprehensively settle the Released Claims in exchange for Settling Defendants' payment of $50,000.00 to the Claims Administration Fund to pay for the Claims Administrator's expenses and fees necessary for administration of the Settlement, including providing the Class Notices, and payment of $4,000,000.00 to the Settlement Fund, consisting of the limits of the State of West Virginia's insurance policies, including: National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 172-89-16 for coverage from July 1, 2020 to July 1, 2021; National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 654-71-29 for coverage from July 1, 2021 to July 1, 2022; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 688-22-75 for coverage from July 1, 2022 to July 1, 2023; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 991-17-59 for coverage from July 1, 2023 to July 1, 2024 to pay for the Claims Administrator's expenses and fees over $50,000.00, any attorneys' fees and cost award to Class Counsel, any incentive award to Class Representatives, and Settlement Payments. Settling Parties have agreed to the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. As set forth in the Class Notice, Settling Parties estimate that Class Members will share Settlement Payments ranging from approximately $150.00 to $500, depending on the number of Authorized Claimants.

In assessing the fairness of a proposed settlement, the Court must look to the following factors: (1) posture of the case at the time the settlement is proposed; (2) extent of discovery that has been conducted; (3) circumstances surrounding the negotiations; and (4) experience of counsel in the relevant area of class action litigation. *Scardelletti v. Debarr*, 43 Fed. Appx. 525, 528 (4th Cir. 2002); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991); *Groves v. Roy G. Hildreth & Son, Inc.*, No. 2:08-cv-820, 2011 WL 4382708, at *4 (S.D.W. Va. Sept. 20, 2011); *Loudermilk Servs., Inc. v. Marathon Petroleum Co. LLC*, No. 3:04cv966, 2009 WL 728518, at *8 (S.D.W. Va. Mar. 18, 2009). In determining the adequacy of the proposed settlement, the Court must consider: (1) relative strength of the plaintiff's case on the merits; (2) existence of any difficulties of proof or strong defenses the plaintiff is likely to encounter if the case proceeds to trial; (3) anticipated duration and expense of additional litigation; (4) solvency of the defendant and likelihood of recovery of a litigated judgment; and (5) degree of opposition to the settlement. *Scardelletti*, 43 Fed. Appx. at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; *Groves*, 2011 WL 4382708, at *5; *Loudermilk Servs., Inc.*, 2009 WL 728518, at *3.

These factors support a finding that the Settlement Agreement is fair, reasonable, and adequate. The Class Action has been pending since September 22, 2022. Since then, Settling Parties have conducted extensive written discovery and depositions. In addition, Settling Parties have engaged in a vigorous motions practice, including the filing of a dispositive motion, a motion for class certification, and a motion for leave to file a third amended complaint that, as a result of the Settlement, have been denied as moot without prejudice as to Settling Defendants.

Class Counsel and Settling Defendants' Counsel began arms-length settlement discussions in October 2023 and determined that the following conditions exist: (1) the totals of the aggregated liquidated claims set definitely at their maximum may exceed the State of West Virginia's liability insurance coverage available for satisfying them when considering *Pittsburgh Elevator Company*

*v. West Virginia Board of Regents*, 310 S.E.2d 675 (W. Va. 1983); (2) the whole of the State's insurance policy limits should be devoted to pay the overwhelming claims; and (3) Class Members identified by a common theory of recovery may be treated equitably among themselves. Class Counsel have concluded, after extensive factual investigation and after carefully considering the circumstances of the Class Action, that it is in Class Members' best interests to enter into this Agreement to avoid the uncertainties, burdens, risks, and delays inherent in litigation, and to assure that the substantial benefits reflected herein are obtained for the Class in an expeditious manner, and, further, that this Agreement is fair, reasonable, adequate, and in the best interests of Class Members. Settling Defendants have concluded that, despite their defenses to the claims and allegations, this Settlement Agreement is fair, reasonable, and adequate inasmuch as it is beneficial to reduce and avoid the further expense, burden, and inconvenience of protracted litigation, and to resolve finally and completely the Released Claims as to them.

Plaintiffs and Class Counsel recognize the expense and length of continued prosecution of the Class Action against Settling Defendants through trial and appeals. They have considered the difficulties, expense, delay, uncertainty, and risk of continued litigation, especially given the problems of proof and defenses to be asserted in the Class Action and the limited financial resources of Settling Defendants, who may not possess sufficient insurance to satisfy all claims of the Class Members if judgment is obtained against Settling Defendants. Plaintiffs and Class Counsel have therefore determined that the Settlement is in the best interests of the class. Finally, Settling Parties have agreed to the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. Therefore, the Court preliminarily approves the Settlement as fair, reasonable, and adequate under Rule 23(e), subject to the rights of Class Members to object.

**Provisional Certification of Class
and Appointment of Class Representatives and Class Counsel**

The Court further provisionally certifies the Class under Rule 23(a) and (b)(1)(B) for Settlement Purposes only. Settling Parties have agreed, for Settlement purposes only, that the Requirements of Rule 23(a) and (b)(1)(B) are met and request provisional certification of a Class defined as: "All persons who were incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period." To grant preliminary approval to a settlement when a class has not yet been certified, a court determines whether the class proposed for settlement purposes is appropriate under Rule 23. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). There are material differences between certifying a litigation class and a settlement class. Notably, "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems. . . for the proposal is that there be no trial." *Id.* The remaining elements of Rule 23(a), and one subsection of Rule 23(b), must, however, be established. *Id.* Thus, a party must satisfy all four prerequisites contained in Rule 23(a)— numerosity, commonality, typicality, and adequacy of representation— and satisfy one of the three subdivisions of Rule 23(b). *Powell v. Huntington Nat'l Bank*, No. 2:13-cv-32179, 2014 U.S. Dist. LEXIS 153750 (S.D. W. Va. Oct. 30, 2014).

The "numerosity" element, requires that a "class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The Class as defined here consists of approximately eight thousand (8,000) current and former inmates of Southern Regional Jail for more than two (2) days from September 22, 2020, to present. The test of numerosity is not whether the moving party can establish that joinder is impossible; "rather, the test is impracticability." *In Re Rezulin Litig.*, 585 S.E.2d. 52, 65 (W. Va. 2003). A reviewing court "may properly rely on

reasonable estimates of the number of members in the proposed class." *Id.* at 66. Thus, the Class meets the numerosity requirement for settlement purposes.

The "commonality" element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is generally satisfied by a common nucleus of operative facts or law. *In Re Rezulin Litig.*, 528 S.E.2d. at 67; *accord Achem Prod., Inc. v. Windsor*, 521 U.S. 591, 624 (1997) (noting that Rule 23(a)'s commonality requirement, which has a lower threshold than the "more demanding" predominance requirement of Rule 23(b)(3), "may be satisfied by" the shared experience that all members of the class had been exposed to asbestos products). Plaintiffs allege that Settling Defendants have systemic policies that unconstitutionally deprive the Class of humane conditions of confinement, that Settling Defendants otherwise fail to follow their own policies willfully, and that the ongoing, unremedied conditions also subjected, and continue to subject, the Class to substantial risks of harm. Thus, the Class meets the commonality requirement for settlement purposes.

The "typicality" element requires that Plaintiffs' claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability." *D&M Farms v. Birdsong Corp.*, No. 2:19cv463, 2020 WL 7074140, at *3 (E.D. Va. Dec. 2, 2020). Again, Plaintiffs' claims and legal theories are based upon the practices, policies, and conditions at Southern Regional Jail. Plaintiffs allege that Plaintiffs and the Class were and are subject to the same systemic policies that allegedly unconstitutionally deprive Plaintiffs and the Class of humane conditions of confinement. Thus, the typicality requirement is satisfied for settlement purposes.

The "adequacy of representation element" requires that representative parties "fairly and adequately protect the interests of the class." *In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 238 (S.D. W. Va. 2005) (finding no conflict of interest where all members of the settlement class desired to recover damages immediately for alleged injuries). Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger and the Class Members all desire compensation for their injuries. Thus, Plaintiffs are adequate Class Representatives for settlement purposes.

Plaintiffs' Counsel must also be adequate Class Counsel. *See Riggleman v. Clarke*, No. 5:17cv63, 2019 WL 1903795, at *1 (W.D. Va. Apr. 29, 2019). The Court considers the factors Rule 23(g) in appointing Class Counsel. *See Blenko v. Cabell Huntington Hosp., Inc.*, No. 3:21-0315, 2022 U.S. Dist. LEXIS 142637, * 14 (S.D. W. Va. Aug. 10, 2022). Plaintiffs' Counsel Stephen P. New has submitted a declaration that adequately outlines the experience of Plaintiffs' Counsel litigating class actions and other complex cases. Thus, Plaintiffs' Counsel Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office are adequate to serve as Class Counsel for settlement purposes.

Settling Parties seek class certification under Rule 23(b)(1)(B), which is known as a limited fund class. Rule 23(b)(1)(B) provides:

> [a]n action may be maintained as a class action if the prerequisites of [Rule 23(a)] are satisfied and, in addition: (1) [t]he prosecution of separate actions by or against individual class members would create a risk of (B) [a]djudications with respect to individual class members which would as a practical matter be dispositive of the interests of the other members not parties to the Individual adjudications or substantially impair or impede their ability to protect their interests.

Fed. R. Civ. P. 23(b)(1)(B).

To satisfy Rule 23(b)(1)(B), the following three elements must be present: (1) the "totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all the claims"; (2) "the whole of the inadequate fund [i]s to be devoted to the overwhelming claims"; and (3) the "claimants identified by a common theory of recovery [are] treated equitably among themselves." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 838–40 (1999). *See Herra v. Charlotte School of Law*, LLC, 818 F. App'x 165 (4th Cir. 2020) (applying Ortiz factors and affirming district court's approval of settlement under Rule 23(b)(1)(B), finding that there was no abuse of discretion).

Regarding the first element, in *Herrera* the Court found that this was met considering the available insurance and an institutional contribution. *Id.* at 173–74. Here, even set maximally, the Settlement Fund is inadequate to satisfy the multitude of claims already asserted, and which could be filed in the future, against Settling Defendants. The aggregate potential value of claims against the Settling Defendants could exceed the proposed Settlement Fund, which includes a payment of $4,000,000.00, constituting the limits of the State of West Virginia's insurance policies for four years. Moreover, Class Counsel believe that the claims have a value far in excess of this amount. *See* Affidavit of Attorney Stephen P. New. Thus, the first *Ortiz* element is satisfied for settlement purposes.

Regarding the second element, in *Herrera* the Court found this was met where the entirety of the limited fund, except for attorneys' fees and costs, would be devoted to pay the settled claims, exhausting available insurance. *Herrera*, 818 F. App'x at 175. Here, the vast majority of the Settlement Fund will be used to satisfy claims of Class Members. The remainder of the Settlement Fund in its entirety will be saved for claims administration, notice, attorneys' fees, and ancillary costs, which will be devoted to satisfying the claims of Authorized Claimants. Thus, the second *Ortiz* element is satisfied for settlement purposes.

Regarding the third element, in *Herrera* the Court found this was met where the limited fund was distributed to the class members "proportionately to the point allocations," awarding the most to those with the strongest case who suffered the greatest loss as the result of "detailed and hard-fought negotiations." Here, the proposed framework for allocating the Settlement Fund to the Class Members is fair and equitable. As noted above, Settling Parties have agreed to the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. Specifically, the damages categories and proportionate shares are as follows: (1) Class Members who were incarcerated at Southern Regional Jail for a period of 181 days or greater (Category A) – 1 share; (2) Class Members who were incarcerated at Southern Regional Jail for a period of 120- 180 days (Category B) -- .75 share; (3) Class Members who were incarcerated at Southern Regional Jail for a period of 46-120 days (Category C) -- .5 share; and (4) Class Members who were incarcerated at Southern Regional Jail for a period of 3-45 days (Category D) -- .25 share. Thus, the third *Ortiz* factor is met for settlement purposes.

Therefore, the Court provisionally certifies a Class under Rule 23(a) and (b)(1)(B) for Settlement Purposes only defined as: "All persons who were incarcerated at the Southern Regional Jail for a period greater than two (2) days from September 22, 2020 through the date of the Preliminary Approval Order." The Court further provisionally appoints Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger as Class Representatives and Plaintiffs' Counsel Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for Settlement purposes only.

**Approval of Class Notice, Claim Form, Notice Plan and Claims Administrator**

The Court approves the form, manner, and content of the Class Notice, including U.S. Mail Notice, Email Notice, and Long Form Notice, and Claim Form, substantially in the forms attached as Exhibits 2 through 5 to the Declaration of Shannon R. Wheatman, Ph.D. on Adequacy of Notices and Notice Plan (the "Wheatman Declaration") filed with the Supplement to Joint Motion for Preliminary Approval on December 15, 2023. The Court further finds that the method of providing Class Notice described in Section IX of the Settlement Agreement and supplemented by the Notice Plan Summary in the Wheatman Declaration (collectively, the "Notice Plan"), is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to apprise the Class of the pendency of the Class Action, the terms of the Settlement Agreement, Class Counsels' request for an award of attorneys' fees and costs and request for incentive awards for Class Representatives, and their rights to object to the Settlement. The Class Notice and Notice Plan constitute sufficient notice to all persons entitled to notice. The Class Notice and Notice Plan satisfy all applicable requirements of law, including but not limited to, Rule 23(c) and the Constitutional requirement of due process.

Within five (5) business days of the entry of this Preliminary Approval Order, Settling Defendants shall provide a Class Member list to the Claims Administrator in electronic format. The Claims Administrator shall check addresses on the Class Member list against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS") in accordance with the Notice Plan prior to mailing.

Within twenty-four (24) days after entry of this Preliminary Approval Order, the Claims Administrator shall set up the Settlement Website that provides in accordance with the Notice Plan a mailing address and email address for administrative inquiries and a toll-free number. The Settlement Website shall post the Second Amended Complaint, Settlement Agreement,

Preliminary Approval Order, Long Form Notice, Claim Form, and within three (3) business days after it is filed, Class Counsel's fee application. The Settlement Website shall be designed and constructed to accept electronic Claim Form submissions, and the toll-free telephone number will receive calls relating to the Settlement to a live call center for information about the Settlement and ability to request the emailing or mailing of a Claim Form.

Within twenty-five (25) days after entry of this Preliminary Approval Order and after the Settlement Website is live, the Claims Administrator shall send an Email Notice to each Class Member for whom Settling Parties have provided an email address in the Class Member list in accordance with the Notice Plan. Also, in accordance with the Notice Plan, within twenty-five (25) days after entry of this Preliminary Approval Order and after the Settlement Website is live, the Claims Administrator shall send a U.S. Mail Notice to each Class Member for whom Settling Defendants have provided a facially valid U.S. Postal address that has been checked against the NCOA.

U.S. Mail Notices that are returned as non-deliverable shall be re-mailed to any address provided by the USPS. If no forwarding address is provided by the USPS, the Claims Administrator shall perform a skip trace using available information to locate a current mailing address, and U.S. Mail Notices shall be re-mailed to the located addresses.

Settling Parties have selected Tiffaney Janowicz and Rust Consulting, Inc. to act as Claims Administrator in accordance with the Settlement Agreement. Rust is adequately qualified and has already begun work. *See* Declaration of Sadie Pederson regarding Settlement Administration of CAFA Mailing. The Court approves that selection and appoints Tiffaney Janowicz and Rust Consulting, Inc. as the Claims Administrator to perform in accordance with the Settlement Agreement.

## **Procedure and Requirements for Objections**

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the application for attorney fees and costs, or the application for incentive awards must file a written objection with the Clerk of Court, U.S. District Court for the Southern District of West Virginia no later than the Objection Deadline, which shall be a date thirty-five (35) days from the date the Claims Administrator provides the Class Notice. Written objections must include: (a) the name and case number of the Class Action; (b) the full name, street address, email address (if it exists), and telephone number of the person objecting; (c) in clear and concise terms, the objection and legal and factual arguments supporting the objection; and (d) facts showing that the person is a Class Member. In all instances, the written objection must be signed and dated and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding Class membership are true and correct to the best of my knowledge."

Class Members intending to make an appearance at the Final Approval Hearing also must include on the timely and valid written objection a statement noticing the intention to appear. If the objecting Class Member intends to appear at the Final Approval Hearing through counsel, he or she must also identify the attorney(s) representing the Class Member who will appear at the Final Approval Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the Class Member intends to request the Court to allow him or her to call witnesses at the Final Approval Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who timely file written objections including Notices of Intention to Appear may speak at the Final Approval Hearing.

### Compliance with CAFA Notice Requirements

As indicated above, Settling Parties have submitted the Declaration of Sadie Pederson Regarding Settlement Administration of CAFA Mailing. Ms. Pederson's Declaration adequately describes the notice of the settlement that has been served upon the appropriate state and federal officials pursuant to 28 U.S.C. § 1715(b). Therefore, the Court finds that Defendants have met their obligations to provide notice under Section 1715(b).

### Joint Motion for Final Approval and Related Documents

Settling Parties shall file their Joint Motion for Final Approval no later than seven (7) days after the Objection Deadline. In addition, Class Counsel shall file their request for an attorneys' fees and costs award and request for incentive awards to Class Representatives no later than seven (7) days after the Objection Deadline.

### Final Approval Hearing

The Court schedules a Final Approval Hearing on **October 25, 2024, at 12:30 p.m.**[2] in Beckley, to assist the Court in determining whether the terms of the Settlement Agreement should be finally approved as fair, reasonable and adequate, whether the Final Approval Order and Final Judgment should be entered, and whether Class Counsel's request for an attorneys' fees and costs award and request for incentive awards to Class Representatives should be granted.

### Limited Stay/Bar of Other Proceedings

---

[2] Pursuant to 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement may not be issued earlier than ninety (90) days after the later of the dates of the CAFA Notice. In this action, the CAFA notice was mailed on December 18, 2023, so the Final Approval Order may not be issued prior to March 17, 2024.

13

All proceedings in this Class Action that relate to or involve Settling Defendants are stayed until further notice of the Court, except as may be necessary to implement the terms of the Settlement and Orders of the Court. Pending final determination of whether the Settlement should be approved, Plaintiffs, Class Members, Class Counsel, the Court-appointed guardian ad litem, and all other persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum, or tribunal asserting any of the Released Claims.

## **Conclusion**

For all of the foregoing reasons, the Court GRANTS the Joint Motion for Preliminary Approval and in the exercise of its discretion:

(a) Preliminarily approves the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, subject to the rights of Class Members to object;

(b) Provisionally certifies under Federal Rule of Civil Procedure 23(a) and (b)(l)(B), a Class defined to include "all persons who have been incarcerated at the Southern Regional Jail for a period greater than two (2) days from September 22, 2020 through the date of the Preliminary Approval Order" for Settlement purposes only;

(c) Provisionally appoints Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger. as Class Representatives for Settlement purposes only;

(d) Provisionally appoints Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and

Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for settlement purposes only;

(e) Approves the form, manner, and content of the Class Notice, including Email Notice, U.S. Mail Notice, and Long Form Notice, and Claim Form, substantially in the forms attached as Exhibits 2 through 5 to the Wheatman Declaration, and finds that the method of providing Class Notice in the Notice Plan is the best practicable under the circumstances and that the Class Notice and Notice Plan constitute sufficient notice to the Class, and that the Class Notice and Notice Plan satisfy the requirements of due process and of Federal Rule of Civil Procedure 23;

(f) Appoints Tiffany Janowicz and Rust Consulting, Inc. as the Claim Administrator and directs Settling Defendants to provide a Class Member list to the Claims Administrator in electronic format within five (5) business days of the entry of this Preliminary Approval Order and further directs the Claims Administrator to set up the Settlement Website within twenty-four (24) days after entry of this Preliminary Approval Order, to send Email Notices and U.S. Mail Notices within twenty-five (25) days after entry of this Preliminary Approval Order, and to perform all other actions specified in the Notice Plan in a timely manner;

(g) Directs that any Class Member who wishes to object must follow the procedures and requirements for objections specified in the Settlement Agreement and outlined herein by the Objection Deadline, which shall be specified on the Settlement Website and in the Class Notice and shall be thirty-five (35) days from the date the Claims Administrator provides the Class Notice.

(h) Finds that Settling Defendants have complied with the notice requirements in 28 U.S.C. § 1715;

(i) Directs Settling Parties to file their Joint Motion for Final Approval and Class Counsel to file their request for an attorneys' fees and costs award and request for incentive awards to Class Representatives no later than seven (7) days after the Objection Deadline;

(j) Schedules a Final Approval Hearing on **October 25, 2024, at 12:30 p.m.** in Beckley; and

(k) Establishes a limited stay and bar of other proceedings that relate to or involve Settling Defendants until further notice of this Court.

Entered: July 19, 2024



Frank W. Volk
United States District Judge

Submitted by:

/s/ Stephen Paul New
Stephen Paul New (WV Bar #7756)
Amanda J. Taylor (WV Bar #11635)
Russell A. Williams (WV Bar #12710)
New, Taylor & Associates
430 Harper Park Drive
Beckley, WV 25801
T: 304-250-6017
F: 304-250-6012
steve@newtaylorlaw.com
russell@newtaylor.com

Timothy Lupardus (WV Bar #6252)
The Lupardus Law Office
275 Bearhole Road
Pineville, West Virginia 24874
T: 304-732-0250
office@luparduslaw.com

Zachary Whitten (WV Bar #13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

/s/ Amy M. Smith
Michael D. Mullins (WVSB No. 7754)
Larry J. Rector (WVSB No. 6418)
Amy M. Smith (WVSB No. 6456)
Peter J. Raupp (WVSB No. 10546)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P.O. Box 1588
Charleston, WV 25326-1588
Telephone: (304) 353-8000
Facsimile: (304) 933-8704
michael.mullins@steptoe-johnson.com

*Counsel for Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall III*

/s/ Chip E. Williams
Chip E. Williams (WV Bar #8116)
Jared C. Underwood (WV Bar #12141)
Pullin Fowler Flanagan Brown & Poe
252 George Street
Beckley, WV 25801
T: 304-254-9300
cwilliams@pffwv.com

*Counsel for Michael Francis*

16

Robert Dunlap (WV Bar #10012)
Robert Dunlap & Associates
208 Main Street
Beckley, West Virginia 25801
T: 304-255-4762
robertdunlapesq@gmail.com

*Counsel for Plaintiffs*