IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL D. ROSE et al.,**

    Plaintiffs,

v.                                                Civil Action No. 5:22-cv-00405
                                                Honorable Frank W. Volk

**WEXFORD HEALTH SOURCES, INC.,**
et al.,

    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KENNADI SMITH'S
MOTION TO DISMISS THIRD AMENDED COMPLAINT**

**NOW COMES** the Defendant Kennadi Smith, by counsel, Jordan K. Herrick, David E. Schumacher, David L. Shuman, Jr., and the law firm of Bailey & Wyant, PLLC, and hereby offers the following Memorandum of Law in support of her contemporaneously filed Motion to Dismiss the Third Amended Complaint.

**I.    STATEMENT OF THE CASE**

This Defendant incorporates the Statement of the Case set forth in the Memorandum of Law in Support of Defendant Wexford Health Sources, Inc.'s Motion to Dismiss Third Amended Complaint (ECF No. 968) as if fully restated herein.

**II.    LEGAL STANDARD**

This Defendant incorporates the Legal Standard set forth in the Memorandum of Law in Support of Defendant Wexford Health Sources, Inc.'s Motion to Dismiss Third Amended Complaint (ECF No. 968) as if fully restated herein.

**III.    ARGUMENT**

     A.     **Counts I and II – 42 U.S.C. § 1983.**

Plaintiffs' claims against this Defendant in Counts I and II are brought pursuant to 42 U.S.C. § 1983. Count I of the Third Amended Complaint seeks damages for violation of Eighth Amendment rights and Count II seeks damages for violation of Fourteenth Amendment rights. However, the Third Amended Complaint fails to set forth sufficient facts to support a claim for violation of either Amendment of the *United States Constitution* against any of these Defendants. Therefore, dismissal is warranted.

          1.     **There are insufficient facts pled in the Third Amended Complaint that any of the Plaintiffs' Constitutional rights were violated.**

Plaintiffs Martin, Adkins, and Eagle fail to set forth in the Third Amended Complaint whether they were pre-trial detainees or post-conviction inmates during the time in which they were these Defendants' patients. Thus, both the Eighth and Fourteenth Amendments must be analyzed accordingly. (ECF No. 946, ¶¶ 12, 27, 34).

              a.     **Eighth Amendment**

The Eighth Amendment to the *United States Constitution* forbids more than just "physically barbarous punishments"—it extends to "punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society[,] or which involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted). Deliberate indifference to a prisoner's serious medical needs constitutes the type of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See id.* at 104 (citing *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976). But not every "claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a claim under the Eighth Amendment for deliberate indifference to medical needs, a plaintiff must

plead facts sufficient to show that (1) objectively, a deprivation of medical care was "sufficiently serious," and (2) subjectively, prison officials were deliberately indifferent to the plaintiff's serious medical needs "with a sufficiently culpable state of mind." *See Wilson v. Seiter*, 501 U.S. 294, 296-98, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted) (citing *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)). Serious medical conditions are those recognized to affect an essential life function. *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995) (A broken jaw was recognized by the parties as a serious medical condition); *Webb v. Prison Health Services*, 1997 U.S. Dist. LEXIS 7821, 1997 WL 298403 (D. Kansas May 7, 1997) (Carpal tunnel syndrome and a rotator cuff injury were not serious medical conditions); *Veloz v. New York*, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999) (A foot condition involving a fracture fragment, bone cyst and degenerative arthritis which plaintiff claimed caused problems walking, pain and cramping, was not sufficiently serious).

### i. Objective Component

This Defendant incorporates by reference the argument set forth in Section III(A)(1)(a)(i) in the Memorandum of Law in Support of Taylor Brooks, Melissa Jeffery, Brittani Marshall, Jessica Miller, Helen Perkins, Humayan Rashid, Mary Stone, and Ashley Stroup's Motion to Dismiss (ECF No. 997) as if fully restated herein.

### ii. Subjective Component

Even if these allegations could survive the objective component, the Third Amended Complaint fails to assert any claims that support the subjective portion of the analysis. Turning to the

subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). A finding of deliberate indifference requires more than a showing of mere negligence. *Farmer* at 835; see also *Estelle* at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Further, "[a]n inmate's disagreement with a medical officer's diagnosis or course of treatment will not support a valid Eighth Amendment claim." *Daye v. Proctor*, Civil Action No. 1:13-cv-227, 2015 U.S. Dist. LEXIS 25833, *9 (N.D.W. Va. 2015) (Keeley, J.) (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975)).

Although the Third Amended Complaint contains 618 paragraphs, Defendant Smith's name is only specifically reference in five (5) paragraphs.

Paragraph 84 states that "Defendant Kennadi Smith, LPN, was at all times relevant hereto a medical provider employed or contracted by Wexford [Health Sources, Inc.] to provide medical services to pretrial detainees and inmates at SRJ."

Paragraph 95 states "Defendants…Smith were healthcare providers responsible for the provision of medical services to pretrial detainees as (sic) Southern Regional Jail which was constitutionally adequate and which met the applicable standard of care."

Paragraph 394 states "During his time as a Wexford patient, Plaintiff Adkins was under the care of…Defendant Kennadi Smith, LPN."

Paragraph 395 states "Defendants Smith…failed to ensure that Plaintiff Adkins was sent out for proper medical care; failed to ensure that Plaintiff received timely and adequate dental care; failed to practice within their proper scope of practice when providing Plaintiff with care; and failed to conduct Plaintiff's 14-day physical."

The basis of these allegations is contained in one single paragraph: Paragraph 400 states "[o]n August 26, 2022, Defendant Smith completed Plaintiff Adkins' medical screening. Defendant Smith noted that "Patient stated he sees Dr. White in Beckley, WV and is supposed to follow up within two weeks for hernia surgery."

Despite this single allegation, Plaintiffs allege that Defendant Smith was deliberately indifferent to their serious medical needs. However, this falls woefully short of the requirements of the federal pleading standards. There are no facts pled pertaining to Defendant Smith that she was aware of a serious medical condition and ignored it. Other than her writing down what Plaintiff Adkins told her, there are no allegations that she did or failed to do anything else. No reasonable inference could be drawn from this single allegation that Defendant Smith "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to rise to the level of deliberate indifferent. *Miltier, supra.* Therefore, due to the utter failure to allege any specific allegations pertaining to Defendant Smith that could possibly be construed as deliberate indifference, she is entitled to dismissal.

### b. Fourteenth Amendment

The Fourth Circuit Court of Appeals has recently held that the test for deliberate indifference under the Fourteenth Amendment is objective, in contrast to the subjective test applied for such claims under the Eighth Amendment. *Short v. Hartman*, 87 F.4th 539, 608-09 (4th Cir. 2023) (relying on *Kinsley v. Hendrickson*, 576 U.S. 389, 400 (2015). The court set the standard as follows:

> To state a claim for deliberate indifference to a medical need, the specific type of deliberate indifference claim at issue in this case, a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Id.* at 611.

No allegations have been asserted that Defendant Smith that her actions rose to the level of conduct set forth in *Short*.

### i. The Third Amended Complaint fails to assert that any of these three Plaintiffs had a medical condition or injury that posed a substantial risk of serious harm.

This Defendant incorporates by reference the argument set forth in Section III(A)(1)(b)(i) in the Memorandum of Law in Support of Taylor Brooks, Melissa Jeffery, Brittani Marshall, Jessica Miller, Helen Perkins, Humayan Rashid, Mary Stone, and Ashley Stroup's Motion to Dismiss (ECF No. 997) as if fully restated herein.

### ii. The Third Amended Complaint fails to assert that these Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed or knew or should have known that the detainee had that condition, and that the defendant's action or inaction posed an unjustifiably high risk of harm.

As stated above, the factual allegations against Defendant Smith lack any assertion that she acted with deliberate indifference, let alone intentionally, knowingly, or recklessly in her simple involvement in transcribing what Plaintiff Adkins told her about his upcoming doctor's appointment. No reasonable inference could be made that her simple action of transcribing a statement posed an unjustifiably high risk of harm. This fails to meet the heightened pleading burden set forth in *Iqbal* and *Twombly* and therefore, as a matter of law, Defendant Smith is entitled to dismissal.

> iii. **The Third Amended Complaint fails to set forth that these three Plaintiffs were harmed as a result of any conduct of these Defendants.**

This Defendant incorporates by reference the argument set forth in Section III(A)(1)(b)(iii) in the Memorandum of Law in Support of Taylor Brooks, Melissa Jeffery, Brittani Marshall, Jessica Miller, Helen Perkins, Humayan Rashid, Mary Stone, and Ashley Stroup's Motion to Dismiss (ECF No. 997) as if fully restated herein.

**B. Counts III – Conspiracy to Commit Eighth and Fourteenth Amendment Violations.**

This Defendant incorporates by reference the arguments set forth in Section III(B) of Wexford's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 968) as if fully restated herein.

**C. Count III – Common Law Conspiracy.**

This Defendant incorporates by reference the arguments set forth in Section III(C) of Wexford's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 968) as if fully restated herein.

**D. Count IV – Medical Negligence.**

This Defendant incorporates by reference the arguments set forth in Section III(D) of Wexford's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 968) as if fully

restated herein.

IV. **CONCLUSION**

**WHEREFORE**, Defendant Kennadi Smith respectfully prays this Honorable Court **GRANT** this Defendant's Motion to Dismiss with prejudice and grant such other relief as this Honorable Court deems just and proper.

**KENNADI SMITH,**
**By Counsel,**

 /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
David E. Schumacher (WV Bar #3304)
David L. Shuman, Jr. (WV Bar #12104)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com
dschumacher@baileywyant.com
dshuman@baileywyant.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**MICHAEL D. ROSE et al.,**

    **Plaintiffs,**

v.                                     Civil Action No. 5:22-cv-00405
                                         Honorable Frank W. Volk

**WEXFORD HEALTH SOURCES, INC.,**
**et al.,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT KENNADI SMITH'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, September 17, 2024:

D. C. Offutt, Jr.
Anne Liles O'Hare
Mark R. Simonton
Elijah S. Stevens
Offutt Simmons Simonton, PLLC
949 Third Avenue, Suite 300
P.O. Box 2868
Huntington, WV 25701
Attorney For: PrimeCare Defendants

J. Ben Shepard
Farrell & Farrell Pllc
914 Fifth Avenue
Huntington, WV 25701
Attorney For: Donna Dean-Chrivia

Robert P. Dunlap
Dunlap & Associates, PLLC
345 Prince Street
Beckley, WV 25801
Attorney For: Plaintiffs

Stephen P. New
Emilee Wooldridge
Stephen New & Associates
430 Harper Park Drive
PO Box 5516
Beckley, WV 25801
Attorney For: Plaintiffs

Timothy P. Lupardus
Lupardus Law Office
275 Bearhole Road
PO Box 1680
Pineville, WV 24874
Attorney For: Plaintiffs

Zachary K. Whitten
Whitten Law Office, L.C.
P.O. Box 753
Pineville, WV 24874
Attorney For: Plaintiffs

  /s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
David E. Schumacher (WV Bar #3304)
David L. Shuman, Jr. (WV Bar #12104)