IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**BRYAN STAFFORD,** *in his capacity as the Executor of the Estate of Thomas Fleenor, Jr.,* *et al.*,

    **Plaintiffs**,

v.

**PRIMECARE MEDICAL, INC.,** *et al.*,

    **Defendants.**

Civil Action No. 5:22-CV-00405
Hon. Frank W. Volk

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DONNA DEAN-CHRIVIA'S EMERGENCY MOTION TO MODIFY SCHEDULING ORDER AND TO STAY DISCOVERY PENDING DECISION ON HER MOTION TO DISMISS

Defendant Donna Dean-Chrivia ("**Defendant Dean-Chrivia**") moves this Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, to immediately vacate the controlling Scheduling Order, ECF No. 949—which was not only entered without input from Defendant Dean-Chrivia, but also before she had even been served and made subject to this Court's jurisdiction—for good cause shown. Forcing Defendant Dean-Chrivia (a complete stranger to this litigation until a few weeks ago) to defend against class-wide allegations, while only affording her <u>a few weeks</u> to conduct discovery and to marshal expert witness testimony in her defense, would be an abuse of discretion and clear reversible error. In addition, Defendant Dean-Chrivia moves this Court, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, to immediately stay all discovery in this putative class action pending the Court's decision on her Motion to Dismiss, which is being filed contemporaneously with this Motion. Defendant Dean-Chrivia joins in the *Expedited Motion to Stay Case Pending Ruling on Motions to Dismiss*, ECF No. 1038, and the *Memorandum of Law in Support of Expedited Motion to Stay Case Pending Ruling on Motions to*

1

*Dismiss*, ECF No. 1039, as filed by, *inter alia*, Defendant Wexford Health Sources, Inc. on September 18, 2024.

Defendant Dean-Chrivia occupies a somewhat unique position among the litigants in this case insofar as she is a total newcomer to this putative class action. Nearly <u>two years</u> after this litigation originally commenced, the Plaintiffs filed the operative Third Amended Class Action Complaint (the "**TAC**"), ECF No. 946, on July 30, 2024, bringing her—for the first time—into the fold of this case. The Plaintiffs did not perfect service upon Defendant Dean-Chrivia <u>until August 20, 2024</u>, meaning that, as of the date of this Motion, she has been a party to this litigation <u>for less than thirty days</u>. (*See* Stipulation, ECF No. 972.) It goes without saying that she did not participate in the Rule 26(f) planning conference (*see* Report of Planning Meeting, ECF No. 940) that led this Court to enter the controlling Scheduling Order, ECF No. 949, on August 2, 2024. Until the Plaintiffs perfected service upon her on August 20, 2024, she was not even subject to this Court's jurisdiction. *See Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 391 (4th Cir. 2018) ("Typically, service of process is a precondition to a court's exercise of personal jurisdiction over a defendant." (citing *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1135–36 (4th Cir. 1984))).

The operative Scheduling Order places Defendant Dean-Chrivia upon unequal and fundamentally unfair footing relative to the Plaintiffs and many of the other named Defendants in this case. Contrary to what is alleged in the TAC, Defendant Dean-Chrivia is <u>not</u> "employed or contracted" by Defendant Wexford Health Sources, Inc. ("**Wexford**")—or, for that matter, any other corporation that is a party to this case. (TAC ¶ 92, ECF No. 946.) She is an employee of PSIMED Corrections, LLC—a corporation that is not now and has not ever been named in this litigation.

In practical terms, that means <u>every existing party to this case</u> has been afforded <u>nearly two years</u> to conduct discovery, to locate expert witnesses, and to prepare for trial—a trial that is now

a mere <u>seven months</u> away.  In contrast, Defendant Dean-Chrivia has, at this point, <u>just five days</u> to propound written discovery; <u>just twenty days</u> to locate, evaluate, and retain expert witnesses (who must also prepare reports); and <u>just fifty-one days</u> before discovery closes for good and this Court begins to entertain motions for class certification.  (Scheduling Order, PageID # 20285, ECF No. 949.)  It is neither practical nor reasonable to force Defendant Dean-Chrivia to meet these existing deadlines and ready this case for trial, while she must at the same time catch up on <u>nearly two years</u> of litigation activity—including a substantial number of depositions (at least twenty-five) that have already taken place and voluminous written discovery and document productions (totaling a minimum of 30,000 pages) that have been exchanged among the original parties.

The current procedural posture of this litigation places Defendant Dean-Chrivia in an unquestionably prejudicial position.  As she has explained in connection with her pending Motion to Dismiss, the TAC's generalized, conclusory, and collective allegations fail to provide fair notice of <u>why</u> she is being sued and even <u>what</u> causes of action are being asserted against her.  It will be weeks—or perhaps months—until this Court is in a position to decide that Motion, which Defendant Dean-Chrivia expects the Court will grant.  Yet, in the interim, she is compelled to participate in a discovery plan that was developed without her input and which has stacked the deck decidedly against her and her counsel.

For example, the depositions of the named Plaintiffs are scheduled to commence on September 23, 2024—just <u>four days</u> from now.  To meet the Scheduling Order's precipitous deadlines, Defendant Dean-Chrivia's counsel is obligated to take part in examining the Plaintiffs.  But—unlike each original party to this case—her counsel must do so <u>without</u> having been afforded either the chance to propound antecedent written discovery of her own, or a meaningful opportunity to analyze the veritable mountain of discovery that has already been exchanged among the original parties over the past two years.

3

Although the newly minted Scheduling Order will certainly bring about a "speedy" determination of this "action and proceeding," it hardly facilitates a "just" resolution as far as Defendant Dean-Chrivia is concerned. FED. R. CIV. P. 1. In lieu of holding to the deadlines in current Scheduling Order, which significantly and unfairly prejudice Defendant Dean-Chrivia, this Court should first vacate the existing deadlines, for good cause shown, and then hold all discovery in abeyance until this Court is afforded the opportunity to decide her Motion to Dismiss.

It is well-settled that staying "discovery pending determination of a dispositive motion is an appropriate exercise" of this Court's discretion. *Sheehan v. United States*, No. 5:11CV170, 2012 WL 1142709, at *1 (N.D. W. Va. Apr. 4, 2012) (Stamp, Jr., J.) (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd per curiam*, 85 F. App'x 333 (4th Cir. 2004)). To guide its evaluation of this Motion, the Court should consider "the following three factors: '**(1)** the interests of judicial economy, **(2)** the hardship and equity to the moving party if the action is not stayed, and **(3)** the potential prejudice to the non-moving party.'" *Mays v. Peoples Bank*, No. 2-22-CV-00418, 2022 WL 17490083, at *1 (S.D. W. Va. Dec. 7, 2022) (Copenhaver, Jr., J.) (emphasis added) (quoting *Slone v. State Auto Prop. & Cas. Ins. Co.*, No. 2:19-CV-00408, 2019 WL 4733555, at *1 (S.D. W. Va. Sept. 26, 2019)). In this case, each factor weighs decisively in favor of issuing a stay.

**First**, imposing a stay on discovery pending decision on Defendant Dean-Chrivia's Motion to Dismiss would promote the interest of judicial economy. Her Motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is designed to "streamline[] litigation by dispensing with needless discovery and factfinding." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2 (S.D. W. Va. Feb. 13, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). It is "dispositive" because a favorable ruling would "resolve the case without any need for discovery" from her. *Id.* (quoting *Rowe v. Citibank N.A.*, No. CIVA. 5:13-21369, 2015

WL 1781559, at *2 (S.D. W. Va. Apr. 17, 2015)). By staying discovery until Defendant Dean-Chrivia's Motion to Dismiss has been decided, this Court would avoid the substantial waste of "resources" attributable to "the time-consuming and expensive discovery process"—the expenditure of which "would be fruitless" if the Court were to grant the Motion. *Id.* (citing *Bragg v. United States*, No. CIV.A. 2:10-0683, 2010 WL 3835080, at *2 (S.D. W. Va. Sept. 29, 2010)). Imposing such a stay "is an eminently logical means to prevent wasting the time and effort of all concerned." *Id.* (quoting *United States v. Daily Gazette Co.*, No. CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D. W. Va. Oct. 18, 2007)). As such, the first factor favors imposing a stay on discovery. *See, e.g.*, *Mays*, 2022 WL 17490083, at *1 (staying discovery in a "putative class action lawsuit" where a "motion to dismiss raise[d] potentially dispositive legal issues" that would "obviate the need for discovery"); *Oakley v. Coast Pro., Inc.*, No. CV 1:21-00021, 2021 WL 3520539, at *1–3 (S.D. W. Va. Aug. 10, 2021) (Faber, J.) (granting stay of "putative class action" because discovery would "be entirely unnecessary if the court dismisse[d] the case"); *Sheehan*, 2012 WL 1142709, at *2 (agreeing that "it would be inefficient and burdensome to require discovery preparations and planning to proceed when the entire case may be decided on the purely legal issues presented in the motion to dismiss").

**Second**, as already discussed at length above, the hardship upon Defendant Dean-Chrivia absent imposition of a stay is palpable. In addition to the practical impossibility of meeting the existing deadlines in the Scheduling Order, forcing Defendant Dean-Chrivia to jump headlong into fulsome discovery would cause her "to 'incur substantial litigation costs.'" *Mays*, 2022 WL 17490083, at *1. But incurring those costs would be entirely unnecessary if this Court were to grant her Motion to Dismiss, as she expects will occur in the not-too-distant future. Therefore, the second factor similarly weighs in favor of staying discovery.

**Third**, a brief stay on discovery while this Court considers and resolves Defendant Dean-Chrivia's Motion to Dismiss would not prejudice the Plaintiffs. Imposing such a stay does nothing to harm the Plaintiffs because the "issues presented in" Defendant Dean-Chrivia's Motion to Dismiss "are purely legal matters" and resolving the Motion "does not depend upon any facts or discovery." *Sheehan*, 2012 WL 1142709, at *2. Even if delaying the completion of discovery could conceivably prejudice the Plaintiffs, the prejudice would not be unfair or undue because it was the Plaintiffs who decided to sue Defendant Dean-Chrivia <u>nearly two years after</u> they first instituted this litigation. Having decided to involve Defendant Dean-Chrivia at this late hour, the Plaintiffs—not Defendant Dean-Chrivia—must be bear the consequences of that decision. The equities, including the third factor, swing decidedly in Defendant Dean-Chrivia's favor.

**WHEREFORE**, Defendant Dean-Chrivia respectfully moves this Court, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, to immediately **VACATE** the controlling Scheduling Order, ECF No. 949, for good cause shown; and, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, to immediately **STAY** all discovery in this putative class action pending the Court's decision on her Motion to Dismiss, for the balance of the equities weighs decisively in favor of such relief.

Dated: September 19, 2024    **DEFENDANT DONNA DEAN-CHRIVIA,**

By Counsel,

/s/ *J. Ben Shepard*
Tamela J. White-Farrell, Esquire (WVSB No. 6392)
J. Ben Shepard, Esquire (WVSB No. 13261)
**FARRELL & FARRELL PLLC**
914 5th Avenue, P.O. Box 6457
Huntington, WV 25772-6457
Phone: (304) 522-9100 / Fax: (304) 522-9162
tjw@farrell3.com / jbs@farrell3.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

**BRYAN STAFFORD,** *in his capacity as the*
*Executor of the Estate of Thomas Fleenor, Jr.,*
*et al.***,**

      **Plaintiffs**,

v.

**PRIMECARE MEDICAL, INC.,** *et al.***,**

      **Defendants.**

Civil Action No. 5:22-CV-00405
Hon. Frank W. Volk

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Defendant Donna Dean-Chrivia, hereby certify that on this **19th day of September, 2024**, the foregoing "**Memorandum of Law in Support of Defendant Donna Dean-Chrivia's Emergency Motion to Modify Scheduling Order and to Stay Discovery Pending Decision on Her Motion to Dismiss**" was filed with the Court using the CM/ECF system, which will serve/send notification of such filing to all CM/ECF counsel of record.

                                        /s/ *J. Ben Shepard*
                                        Tamela J. White-Farrell, Esquire (WVSB No. 6392)
                                        J. Ben Shepard, Esquire (WVSB No. 13261)
                                        **FARRELL & FARRELL PLLC**
                                        914 5th Avenue, P.O. Box 6457
                                        Huntington, WV 25772-6457
                                        Phone: (304) 522-9100 / Fax: (304) 522-9162
                                        tjw@farrell3.com / jbs@farrell3.com