IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**MICHAEL D. ROSE et al.,**

　**Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　　　　Civil Action No. 5:22-cv-00405
　　　　　　　　　　　　　　　　　　　　　　Honorable Frank W. Volk

**JEFF SANDY, et al.,**

　**Defendants.**

### DEFENDANT WEXFORD HEALTH SOURCES, INC.'S MOTION FOR PROTECTIVE ORDER

**NOW COMES** the Defendant, Wexford Health Sources, Inc., hereinafter referred to as ("Wexford"), by counsel, Jordan K. Herrick, David E. Schumacher, David L. Shuman, Jr., and the law firm of Bailey & Wyant, PLLC, and respectively move, pursuant to Fed. R. Civ. P. 26(c), for entry of a protective order to prevent the enforcement of subpoenas issued by the Plaintiffs on October 23, 2024, which demand the production of medical records of certain nonparties after the period to serve discovery requests has ended.

### FACTUAL BACKGROUND

On July 24, 2024, parties of the above captioned action conferred to determine the remaining deadlines that were necessary to coordinate renewed class certification briefing and a proposed trial date and subsequently on July 26, 2024, the parties filed a proposed scheduling order to this Court. (ECF No. 940). On August 2, 2024, this Court entered an Order adopting the scheduling order in part. (ECF No. 949). Pursuant to this Order, the last day to serve discovery requests was September 24, 2024. *Id.* However, on October 23, 2024, Plaintiffs filed Notices of Issuance of Subpoenas to Wexford Health Sources, Inc., in which they requested a complete medical history, including all

1

documents, all SRJ records, all nursing notes, medical logs and audit trail records of Gregory Stickler, Christopher Palmer, Desarae Godsey, James Vest, and Trevor Shrewsbury.[1] (ECF Nos. 1133 and 1134). Because these subpoenas attempt to circumvent the rules of discovery and defy the Scheduling Order, an entry of a Protective Order to prevent responses to these subpoenas is proper.

## LEGAL STANDARD

Rule 26(c) provides that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (emphasis added). District courts maintain "wide latitude in controlling discovery" which extends "to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir. 1986) (internal citations omitted). Likewise, they "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).

Further, under Fed. R. Civ. P. 26(b)(2)(C), the Court "must limit the frequency or extent of discovery otherwise allowed" if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *Holley v. W. Va. Div. of Corr. & Rehab.*, No. 2:23-cv-00652, 2024 U.S. Dist. LEXIS 136527 (S.D. W. Va. Aug. 1, 2024).

Pursuant to Fed. R. Civ. P. 45(a)(1)(C) and Fed. R. Civ. P. 34(c), parties are permitted to issue subpoenas for the production of documents and other information from nonparties. Normally,

---

[1] The medical records of Desarae Godsey, James Vest and Trevor Shrewsbury were previously produced pursuant to valid discovery requests during the discovery time period.

2

Rule 45 subpoenas constitute discovery. *Patterson v. Yeager*, Civil Action No. 12-01964, 2016 U.S. Dist. LEXIS 184410, at *2-3 (S.D. W. Va. Mar. 10, 2016) (citing *Mortg. Info. Svcs. V. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("[T]he Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery.") (listing authorities); see also *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 123 (N.D. Ind. 2001) ("Rule 45 subpoenas constitute 'discovery' within the meaning of Rule[] 26[.]"); *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("[T]he subpoena at issue clearly constitutes 'discovery' within the meaning of Rules 26 and 34[.]"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okl. 1995) ("Rule 45 subpoenas duces tecum . . . constitute discovery."). That being said, when subpoenas are utilized to conduct discovery, they will be constrained by the court's scheduling order. *See Patterson,* 2016 U.S. Dist. LEXIS 184410, at *2-3 (finding that Plaintiff's submission of subpoenas three days after the close of discovery were untimely because they sought to continue discovery well after the discovery period had ended)*; see also Alper*, 190 F.R.D. at 283 (subpoenas "come[] up against the court's discovery schedule.").

## ARGUMENT

Plaintiffs have issued several Rule 45 subpoena notices to Wexford commanding the production of a complete medical record for various individuals, including Gregory Stickler, Christopher Palmer, Desarae Godsey, James Vest, and Trevor Shrewsbury. (ECF Nos. 1133 and 1134). As the last day to serve discovery requests pursuant to the Scheduling Order was September 24, 2024, it is clear that these subpoenas are an attempt to circumvent the Scheduling Order and Rules of Civil Procedure, as they were filed nearly an entire month after the discovery deadline and are therefore untimely.

In *Patterson*, plaintiff filed a petition requesting that the defendant appear before the Court

and show cause for why it should not be held in contempt for failure to comply with the plaintiff's subpoenas to produce documents. *Patterson v. Yeager*, Civil Action No. 12-01964, 2016 U.S. Dist. LEXIS 184410, at *1 (S.D. W. Va. Mar. 10, 2016) (opinion). In this case, the parties did not submit requests for subpoenas on the defendant until three days after the close of the discovery pursuant to the parties' scheduling order. *Id.* at *3. The Court found that because the plaintiffs' subpoenas were an attempt to continue seeking discovery after the discovery period had ended, the requests were untimely. *Id.* Therefore, the plaintiff's requests for a show cause order was denied. *Id.* at *4.

While Local Rule of Civil Procedure 16.1(f)(3) allows for a private agreement among the parties to extend discovery beyond the discovery completion date in the Scheduling Order if the extension does not affect the trial dates or other deadlines, no such agreement exists between the parties in this present action. *See* L.R. Civ. P. 16.1.

## CONCLUSION

Because the notice of subpoenas was untimely, Defendant Wexford Health Sources, Inc. respectfully request that the Court grant this motion and enter an protective order shielding this Defendant from responding to the subpoenas requested by the Plaintiffs on October 23, 2024, demanding the complete medical records of Gregory Stickler, Christopher Palmer, Desarae Godsey, James Vest, and Trevor Shrewsbury, as well as grant this Defendant any and all other relief this Honorable Court deems just and proper.[2]

**WEXFORD HEALTH SOURCES, INC.,**
**By Counsel,**

/s/ Jordan K. Herrick
Jordan K. Herrick (WV Bar #11128)
David E. Schumacher (WV Bar #3304)
David L. Shuman, Jr. (WV Bar #12104)

---

2 Counsel for this Defendant conferred with Plaintiffs' counsel on the request to depose these Defendants via electronic mail on October 24, 2024, pursuant to LR Civ. P 37.1(b). See Ex. 1.

Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
jherrick@baileywyant.com
dschumacher@baileywyant.com
dshuman@baileywyant.com

Michael J. Bentley
Bradley Arant Boult Cummings LLP
188 E. Capitol Street, Suite 1000
Jackson, MS 39201
T: (601) 948-8000
mbentley@bradley.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BECKLEY

**MICHAEL D. ROSE et al.,**

    **Plaintiffs,**

**v.**                                                     **Civil Action No. 5:22-cv-00405**
                                                              **Honorable Frank W. Volk**

**JEFF SANDY, et al.,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **DEFENDANT WEXFORD HEALTH SOURCES, INC.'S MOTION FOR PROTECTIVE ORDER** was served upon all counsel of record through the Court's Electronic Case Filing (ECF) system on this day, October 24, 2024.

                                                                               /s/ Jordan K. Herrick
                                                                              Jordan K. Herrick (WV Bar #11128)
                                                                              David E. Schumacher (WV Bar #3304)
                                                                              David L. Shuman, Jr. (WV Bar #12104)