IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**BRYAN STAFFORD, as Executor of the Estate of THOMAS FLEENOR, JR.; et al.**

                       **Plaintiffs,**

v.                                     Civil Action No. 5:22-cv-405
                                     The Honorable Frank W. Volk

**PRIMECARE MEDICAL, INC.; et al.**

                       **Defendants.**

## PLAINTIFFS' MOTION TO COMPEL AND RESPONSE IN OPPOSITION TO DEFENDANTS DANIEL CONN, ELAINE GEDMAN, AND JOHN FROEHLICH'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

      COME NOW Plaintiffs, through undersigned counsel, and pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, hereby move to compel Defendants Conn, Gedman, and Froehlich and make their response to *Defendant Daniel Conn, Elaine Gedman, and John Froehlich's Emergency Motion for Protective Order and Brief in Support* [ECF 1107].

### FACTUAL AND PROCEDURAL HISTORY

      Plaintiffs' Third Amended Complaint ["TAC"] was filed on July 30, 2024, by Order of the Court. [ECF 946]. Daniel Conn, Elaine Gedman, and John Frolich are named Defendants in the TAC. Id. Plaintiffs incorporate *Plaintiffs' Response in Opposition to Defendants Daniel Conn, Elaine Gedman, and John Froehlich's Motion to Dismiss* herein by reference regarding those allegations and the sufficiency of those allegations. [ECF 1106].

      On October 15, 2024, counsel for Plaintiffs and Defendants Conn, Gedman, and Froehlich had a phone conversation to discuss scheduling the depositions of individual defendants. See

*October 15, 2024, email*, at **Exhibit 1**. With respect to these Defendants, counsel for Wexford indicated that they would not be deposed absent a court order. Id. Both parties consented that they conferred regarding the matter and that the matter would need to be resolved by court order. *Id*.

## LEGAL STANDARD

"*Unless otherwise limited by court order* […] Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P., Rule 26 (*emphasis* added). A party has a right to take the oral deposition of a party before trial. *Leve v. General Motors Corp.*, 43 F.R.D. 508, 511 (S.D.N.Y. 1967).

Rule 30 of the *Federal Rules of Civil Procedure* provides that a party may depose any person, including a party, without leave of the Court. Fed. R. Civ. P., Rule 30(a)(1). Leave is only required where the deposition is in prison; results in more than ten depositions being taken[1]; the deponent has already been deposed; or the party desires to take the deposition before the time specified in Rule 26(d). Rule 37(a)(3) of the *Federal Rules of Civil Procedure* provides that a party may move to compel discovery where a deponent fails to answer a question asked under Rule 30 or Rule 31.

## ARGUMENT

### I.  The Apex Doctrine is not Applicable.

This Court has been clear that "the Fourth Circuit has neither adopted, nor rejected, the apex doctrine." *Cunigan, as next friend and Father of J.C. v. Cabell Huntington Hospital, Inc.*, 2021 WL 1518877 (S.D.W.Va. 2021). Regardless, the resolution of this matter is simple, as Defendants' motion fatally misapplies the apex doctrine. To wit: no case cited by Defendants, nor

---

[1] The Parties have previously consented not to be bound by this limitation given the scope of this action.

any controlling case located by Plaintiff, stands for the proposition that a named defendant may utilize the apex doctrine to avoid being deposed. *Cunigan, supra*; *Roe v. Marshall University Bd. of Governors*, No. 3:22-cv-00532, 2024 U.S. Dist. LEXIS 17022 (S.D.W.Va. 2024); *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liabl. Litig.*, No. MDL 2187, 2014 WL 12703776 (S.D.W.Va. June 30, 2014). An initial review of the parties to the cases cited by Defendants readily reveals this misapplication. *Cunigan* included only Cabell Huntington hospital as a named defendant; *Roe* included only the Marshall University Board of Governors as a named Defendant; and *In re C.R. Bard, Inc.* was an action brought against corporate defendants. *Id*.

Indeed, quite to the contrary of Defendants' position, the Federal Rules of Civil Procedure clearly provide for the taking of a party's depositions and provide for sanctions where a "party or a party's officer, director, or managing agent […] fails after being served with proper notice, to appear at that person's deposition." Fed. R. Civ. P., Rule 37(d). Accordingly, the Court may grant Plaintiffs' motion and deny Defendants' motion on the basis that the apex doctrine does not apply.

## II.    Defendants Cannot Meet Their Burden

Even assuming, *arguendo*, that the apex doctrine, or more broadly the principles of proportionality, must be applied the depositions of Conn, Gedman, and Froehlich are proper. This Court recently assessed the application of the apex doctrine, and the proportionality principles in Rule 26, in *City of Huntington v. AmerisourceBergen Drug Corporation*. 2020 WL 3520314 (S.D.W.Va. 2020). In *City of Huntington*, the Court held that a party moving for protective order and asserting the apex doctrine as the basis therefore must show good cause. *Id*. at *3. "[T]he apex doctrine does not grant free passes to corporate executives to escape deposition testimony." *Id*. Rather, "[t]o show good cause under the apex doctrine, the moving party need only submit an affidavit from the executive stating that he or she lacks superior or unique knowledge of the

relevant facts, and the burden shifts to the proponent of the deposition to demonstrate the executive's likely knowledge and to show that less burdensome discovery methods have been or will be unsatisfactory, insufficient, or inadequate." *Id*.

Defendants motion is devoid of any affidavit establishing good cause as set forth in *City of Huntington*. Rather, Defendants append only their responses to a limited set of discovery each – revealing only that they allegedly lack knowledge regarding the very specific matters requested therein. This is not sufficient to establish lack of superior or unique knowledge and is, therefore, insufficient to shift the burden to Plaintiffs. Accordingly, the depositions of these Defendants would be proper even if the apex doctrine were applicable to parties.

Moreover, even if the burden were shifted to Plaintiffs to establish likely knowledge by these three Defendants, Plaintiffs have been provided with discovery that demonstrates the same. By email dated February 24, 2023, over eight (8) months after Wexford took over the SRJ medical services contract, Mary Stone, Wexford Director of Operations, received an email from Anye Amjad, West Virginia Director of Correctional Healthcare, reading "[n]ot sure if you had time yet to work on the change order proposal we had so that we could have more staff at SRJ?" See *February 24, 2023, email*, at **Exhibit 2**. Ms. Stone forwarded this email to Defendants Gedman and Froehlich, stating "FYI-I let her know we were working on this and she seemed fine with that, I think she just wanted to know we were working on it and was following up." *Id*. Only one additional individual was copied on this email. This email alone shows not only that Defendants had knowledge of the medical staff shortages at SRJ but that they were actively involved with that issue. This – and all other matters alleged in the TAC – of which these Defendants were personally apprised and involved in are proper for discovery, inclusive of depositions.

Regardless of whether the apex doctrine or other proportionality principles are applied, these Defendants have not carried their burden of establishing good cause as to why they should not be deposed. Further, even if such burden had been met, Plaintiffs can show knowledge to merit the taking of the depositions. Accordingly, Plaintiffs seek entry of an order compelling the depositions of Defendants Conn, Gedman, and Froelich.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that this Honorable Court GRANT their motion to compel Defendants Conn, Gedman, and Froehlich to be available for their depositions and, consistent therewith, DENY Defendants' motion for protective order. Plaintiffs further seek all such other and further relief as the Court deems just and proper.

**PLAINTIFFS**
**By Counsel,**

*/s/ Amanda J. Taylor*
Amanda J. Taylor (WVSB No. 11635)
Taylor, Hinkle & Taylor
115 ½ S. Kanawha St.
Beckley, WV 25801
304.894.8733 (P)
681.245.6236 (F)
amanda@thtwv.com

Stephen P. New (WVSB No. 7756)
Stephen New & Associates
430 Harper Park Drive
Beckley, West Virginia 25801
Ph: (304) 250-6017
Fax: (304) 250-6012
steve@newtaylorlaw.com

Timothy Lupardus (WVSB No. 6252)
The Lupardus Law Office
275 Bearhole Road

Pineville, West Virginia 24874
(304) 732-0250
office@luparduslaw.com

Zachary Whitten (WVSB No. 13709)
The Whitten Law Office
P.O. Box 753
Pineville, West Virginia 24874
zwhittenlaw@gmail.com

Robert Dunlap (WVSB No. 10012)
Robert Dunlap & Associates
208 Main Street
Beckley, West Virginia 25801
(304) 255-4762
robertdunlapesq@gmail.com

- 7 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

**BRYAN STAFFORD, as Executor of the Estate of THOMAS FLEENOR, JR.; et al.**

                  **Plaintiffs,**

**v.**                                    **Civil Action No. 5:22-cv-405**
                                           **The Honorable Frank W. Volk**

**PRIMECARE MEDICAL, INC.; et al.**

                  **Defendants.**

## CERTIFICATE OF SERVICES

      Undersigned counsel hereby certifies that *Plaintiffs' Motion to Compel and Response in Opposition to Defendants Daniel Conn, Elaine Gedman, and John Froehlich's Emergency Motion for Protective Order and Brief in Support* was served upon all counsel of record via agreed-upon electronic service this 31st day of October, 2024.

                                                           /s/ Amanda J. Taylor
                                                           Amanda J. Taylor (WVSB 11635)