IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL D. ROSE**, *et al.*, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 5:22-cv-00405 |
| ) | Honorable Frank W. Volk |
| **JEFF S. SANDY**, *et al.*, ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

## FINAL APPROVAL ORDER

On October 25, 2024, Settling Parties appeared before the Court for a Final Approval Hearing on a Joint Motion Final Approval of a Settlement[1] reached pursuant to Federal Rule of Civil Procedure 23(e) filed by Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, William Bohn, Bryan Stafford in his capacity as Executory of the Estate of Thomas Fleenor Jr., and Tonya Persinger, individually and on behalf of a putative class of others similarly situated (collectively, "Plaintiffs") and Defendants Jeff S. Sandy, individually and in his official capacity as the former Cabinet Secretary of the West Virginia Department of Homeland Security, William K. Marshall III, individually and in his official capacity as the Commissioner of the West Virginia Division of Corrections and Rehabilitation, Betsy Jividen, Brad Douglas, and Michael Francis (collectively, "Settling Defendants") (all collectively, "Settling Parties"). Among other things, Settling Parties seek an order that finally approves the Settlement and for Settlement purposes only certifies a Class pursuant to Rule 23(a) and (b)(1)(B). After due consideration, this Court GRANTS the motion and, in exercise of its discretion, FINALLY APPROVES the Settlement, based on the following:

---

[1] The definitions in the Settlement Agreement and Release ("Settlement Agreement"), unless otherwise modified herein or previously modified by the Court, are adopted and incorporated into this Order. *See* ECF No. 883-1.

**Final Approval of Settlement as Fair, Reasonable, and Adequate**

As a threshold matter, the Court finally approves the Settlement as fair, reasonable, and adequate under Rule 23(e). In its Preliminary Approval Order entered on July 19, 2024, the Court preliminarily approved the Settlement as fair, reasonable, and adequate under Rule 23(e), subject to the Rights of Class Members to object. The Court approved the form, manner, and content of the Class Notice and found that the method of providing Class Notice in the Notice Plan constitutes sufficient notice to the Class, and that the Class Notice and Notice Plan satisfy the requirements of due process and Federal Rule of Civil Procedure 23. The Court directed Settling Defendants and the Claims Administrator to follow the Notice Plan and further directed that any Class Member who wishes to object must follow the procedures and requirements for objections specified in the Settlement Agreement by the Objection Deadline specified on the Settlement Website and in the Class Notice as September 17, 2024. ECF No. 936 at 15. Settling Parties' notice expert Shannon R. Wheatman, Ph.D has testified that the notice reached approximately 92% of the potential Class. The Court finds that the Notice and Notice Plan have been implemented in a manner that satisfies the requirements of due process and Rule 23.

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs, on their own behalf and on behalf of the Class, agree to conclusively and comprehensively settle the "Released Claims" in exchange for Settling Defendants' payment of $50,000.00 to the Claims Administration Fund to pay for the Claims Administrator's expenses and fees necessary for administration of the Settlement, including providing the Class Notices, and payment of $4,000,000.00 to the Settlement Fund, consisting of the limits of the State of West Virginia's insurance policies, including: National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 172-89-16 for coverage from July 1, 2020 to July 1, 2021; National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 654-71-29 for coverage from July 1, 2021 to July 1, 2022; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL

688-22-75 for coverage from July 1, 2022 to July 1, 2023; and National Union Fire Insurance Company of Pittsburgh, PA (AIG) Policy No. GL 991-17-59 for coverage from July 1, 2023 to July 1, 2024 to pay for the Claims Administrator's expenses and fees over $50,000.00, any attorneys' fees and cost award to Class Counsel, any incentive award to Class Representatives, and Settlement Payments. Settling Parties have agreed to the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. As set forth in the Class Notice, Settling Parties estimate that Class Members will share Settlement Payments ranging from approximately $150.00 to $500.00, depending on the number of Authorized Claimants.

In assessing the fairness of a proposed settlement, the Court must look to the following factors: (1) posture of the case at the time the settlement is proposed; (2) extent of discovery that has been conducted; (3) circumstances surrounding the negotiations; and (4) experience of counsel in the relevant area of class action litigation. *Scardelletti v. Debarr*, 43 Fed. Appx. 525, 528 (4th Cir. 2002); *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991); *Groves v. Roy G. Hildreth & Son, Inc.*, No. 2:08-cv-820, 2011 WL 4382708, at *4 (S.D.W. Va. Sept. 20, 2011); *Loudermilk Servs., Inc. v. Marathon Petroleum Co. LLC*, No. 3:04cv966, 2009 WL 728518, at *8 (S.D.W. Va. Mar. 18, 2009). In determining the adequacy of the proposed settlement, the Court must consider: (1) relative strength of the plaintiff's case on the merits; (2) existence of any difficulties of proof or strong defenses the plaintiff is likely to encounter if the case proceeds to trial; (3) anticipated duration and expense of additional litigation; (4) solvency of the defendant and likelihood of recovery of a litigated judgment; and (5) degree of opposition to the settlement. *Scardelletti*, 43 Fed. Appx. at 528; *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159; Groves, 2011 WL 4382708, at *5; *Loudermilk Servs., Inc.*, 2009 WL 728518, at *3.

Settling Parties submit that the Settlement is fair, reasonable, and adequate for the same reasons that were relied on by the Court in the Preliminary Approval Order. Because there have been no objections following implementation of the Notice and Notice Plan, the Court incorporates the reasoning in support of its preliminary finding that the Settlement Agreement is fair, reasonable, and adequate and finally approves the Settlement as fair, reasonable, and adequate under Rule 23(e).

### Final Certification of Class and Appointment of Class Representatives and Class Counsel

The Court further finally certifies the Class under Rule 23(a) and (b)(1)(B) for Settlement Purposes only. Settling Parties have agreed, for Settlement purposes only, that the Requirements of Rule 23(a) and (b)(1)(B) are met and request provisional certification of a Class defined as: "All persons who were incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period." To grant preliminary approval to a settlement when a class has not yet been certified, a court determines whether the class proposed for settlement purposes is appropriate under Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The remaining elements of Rule 23(a), and one subsection of Rule 23(b), must, however, be established. *Id*. Thus, a party must satisfy all four prerequisites contained in Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and satisfy one of the three subdivisions of Rule 23(b).

The "numerosity" element, requires that a "class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The test of numerosity is not whether the moving party can establish that individual suits are impracticable but rather whether joinder or a class action is impracticable. *See In re Zetia (Ezetimibe) Antitrust Litig.*, 7 F.4th 227, 235 (4th Cir. 2021). Based on the large and continuously changing size of the class of regional jail inmates, this Court found that joinder was impracticable in *Baxley v. Jividen*, 338 F.R.D. 80, 86 (S.D. W. Va. 2020). The Class as defined here consists of approximately eight thousand three hundred ninety-five (8,395) current and former inmates of Southern Regional Jail from September 22, 2020, to

4

present. Initial Class Notice was mailed to 8,395 individuals and forty-six individuals requested Class Notice. Because inmates come from anywhere in the seven-county area, putative class members potentially reside across the state and beyond. Under these circumstances, not only are the numbers satisfactory for certification purposes, but joinder of the claims of thousands of inmates (former and current), not all of whom reside in West Virginia, would be impracticable.

The "commonality" element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is generally satisfied by a common nucleus of operative facts or law. *See Achem Prod., Inc.* 521 U.S. at 624 (noting that Rule 23(a)'a commonality requirement, which has a lower threshold than the "more demanding" predominance requirement of Rule 23(b)(3), "may be satisfied by" the shared experience that all members of the class had been exposed to asbestos products). Plaintiffs allege that Settling Defendants have systemic policies that unconstitutionally deprive the Class of humane conditions of confinement, the commonality requirement is satisfied for settlement purposes. Thus, the Class meets the commonality requirement for settlement purposes.

The "typicality" element requires that Plaintiffs' claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability." *D&M Farms v. Birdsong Corp.*, No. 2:19cv463, 2020 WL 7074140, at *3 (E.D. Va. Dec. 2, 2020). Again, Plaintiffs' legal theories are based upon the practices, policies, and conditions at Southern Regional Jail. Plaintiffs allege that Plaintiffs and the Class were and are subject to the same systemic policies that allegedly unconstitutionally deprive Plaintiffs and

the Class of humane conditions of confinement. Thus, the typicality requirement is satisfied for settlement purposes.

The "adequacy of representation element" requires that representative parties "fairly and adequately protect the interests of the class." *See In re Serzone Prods. Liab. Litig.*, 231 F.R.D. 221, 238 (S.D. W. Va. 2005) (finding no conflict of interest where all members of the settlement class desired to recover damages immediately for alleged injuries). Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, William Bohn, and Tonya Persinger and the Class Members all desire compensation for their injuries. Thus, Plaintiffs are adequate Class Representatives for settlement purposes.

Plaintiffs' Counsel must also be adequate Class Counsel. *See Riggleman v. Clarke*, No. 5:17cv63, 2019 WL 1903795, at *1 (W.D. Va. Apr. 29, 2019). The Court considers the factors in Rule 23(g) in appointing Class Counsel. See *Blenko v. Cabell Huntington Hosp., Inc.*, No. 3:21-0315, 2022 WL 3229968, at *5 (S.D. W. Va. Aug. 10, 2022). Plaintiffs' Counsel Stephen P. New has submitted a declaration that adequately outlines the experience of Plaintiffs' Counsel litigating class actions and other complex cases. Thus, Plaintiffs' counsel Stephen P. New and Emilee B. Wooldridge and the law firm of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office are adequate to serve as Class Counsel for settlement purposes.

Settling Parties seek class certification under Rule 23(b)(1)(B), which is known as a limited fund class. Rule 23(b)(1)(B) provides:

> [a]n action may be maintained as a class action if the prerequisites of [Rule 23(a)] are satisfied and, in addition: (1) [t]he prosecution of separate actions by or against individual class members would create a risk of (B) [a]djudications with respect to individual class members which would as a practical matter be dispositive of the interests of the other members not parties to the individual adjudications or

6

substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1)(B).

To satisfy Rule 23(b)(1)(B), the following three elements must be present: (1) the "totals of the aggregated liquidated claims and the fund available for satisfying them, set definitely at their maximums, demonstrate the inadequacy of the fund to pay all the claims"; (2) "the whole of the inadequate fund [i]s to be devoted to the overwhelming claims"; and (3) the "claimants identified by a common theory of recovery [are] treated equitably among themselves." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 838–40 (1999). *Herrera v. Charlotte Sch. Of Law, LLC*, 818 F. Appx. 165 (4th Cir. 2020) (applying *Ortiz* factors and affirming district court's approval of settlement under Rule 23(b)(1)(B), finding that there was no abuse of discretion).

Regarding the first element, in *Herrera* the Court found that this was met considering the available insurance and an institutional contribution. *Id.* at 173–74. Here, even set maximally, the Settlement Fund is inadequate to satisfy the multitude of claims already asserted, and which could be filed in the future, against Settling Defendants. The aggregate potential value of claims against the Settling Defendants could exceed the proposed Settlement Fund, which includes a payment of $4,000,000.00, constituting the limits of the State of West Virginia's insurance policies for four years. Moreover, Class Counsel believe that the claims have a value far in excess of this amount. *See* Affidavit of Attorney Stephen P. New. Thus, the first Ortiz element is satisfied for settlement purposes.

Regarding the second element, in *Herrera* the Court found this was met where the entirety of the limited fund, except for attorneys' fees and costs, would be devoted to pay the settled claims, exhausting available insurance. *Herrera*, 818 F. App'x at 175. Here, the vast majority of the Settlement Fund will be used to satisfy claims of Class Members. The remainder of the Settlement Fund in its entirety will be saved for claims administration, notice, attorneys' fees, and ancillary

7

costs, which will be devoted to satisfying the claims of Authorized Claimants. Thus the second Ortiz element is satisfied for settlement purposes.

Regarding the third element, in *Herrera* the Court found this was met where the limited fund was distributed to the class members "proportionately to the point allocations," awarding the most to those with the strongest case who suffered the greatest loss as the result of "detailed and hard-fought negotiations." Here, the proposed framework for allocating the Settlement Fund to the Class Members is fair and equitable. As noted above, Settling Parties have agreed to the distribution of the entire Net Settlement Fund pro rata to the Authorized Claimants in proportion to the damages categories based upon a Class Member's cumulative length of incarceration at the Southern Regional Jail. Specifically, the damages categories and proportionate shares are as follows: (1) Class Members who were incarcerated at Southern Regional Jail for a period of 181 days or greater (Category A) – 1 share; (2) Class Members who were incarcerated at Southern Regional Jail for a period of 120- 180 days (Category B) -- .75 share; (3) Class Members who were incarcerated at Southern Regional Jail for a period of 46-120 days (Category C) -- .5 share; and (4) Class Members who were incarcerated at Southern Regional Jail for a period of 3-45 days (Category D) -- .25 share. Thus, the third *Ortiz* factor is met for settlement purposes.

Therefore, the Court finally certifies a Class under Rule 23(a) and (b)(1)(B) for Settlement Purposes only defined as: "All persons who were incarcerated at the Southern Regional Jail for a period greater than two (2) days from September 22, 2020 through the date of the Preliminary Approval Order." The Court further finally appoints Plaintiffs Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, William Bohn, and Tonya Persinger as Class Representatives for settlement purposes only and Plaintiffs' Counsel Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and

Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for settlement purposes only.

## Conclusion

For all of the foregoing reasons, the Court GRANTS the Joint Motion for Final Approval and in the exercise of its discretion:

(a) Finds (1) that the totals of the aggregated liquidated claims and the State of West Virginia's liability insurance coverage available for satisfying them under *Pittsburgh Elevator Company v. West Virginia Board of Regents*, 310 S.E.2d 675 (W. Va. 1983), set definitely at their maximums, demonstrate the inadequacy of the State's insurance coverage to pay all claims; (2) that the whole of the State's insurance policy limits should be devoted to pay the overwhelming claims; and (3) that Class Members identified by a common theory of recovery may be treated equitably among themselves.

(b) Approves the Settlement Agreement as fair, reasonable, and adequate, and directs the Parties to consummate the Settlement in accordance with this Settlement Agreement;

(c) Certifies for purposes of this Settlement only under the provisions of Rule 23(a) and Rule 23(b)(l)(B) of the Federal Rules of Civil Procedure, a Class as specified herein to include all persons who have been incarcerated at the Southern Regional Jail for a period greater than two (2) days during the Class Period;

(d) Appoints Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, William Bohn, Bryan Stafford in his capacity as Executory of the Estate of Thomas Fleenor Jr., and Tonya Persinger. as Class Representatives for Settlement purposes;

(e) Appoints Stephen P. New and Emilee B. Wooldridge and the law firms of Stephen New & Associates, Amanda J. Taylor and the law firm of Taylor, Hinkle & Taylor, Timothy P. Lupardus and the Lupardus Law Office, Robert Dunlap and Robert P. Dunlap and Associates PLLC, and Zachary Kyle Whitten and Whitten Law Office as Class Counsel for settlement purposes;

(f) Finds that the notice and the notice dissemination methodology complied with the Settlement Agreement, Federal Rule of Civil Procedure 23, and the Due Process Clause of the United States Constitution;

(g) Withdraws Plaintiffs' expedited motion to compel Jeff S. Sandy and Brad Douglas to respond fully and adequately to discovery and to deem requests for admissions admitted and Plaintiffs' motion for a finding of spoliation and for

sanctions against Jeff Sandy, Brad Douglas, Betsy Jividen, and William K. Marshall III;

(h)     Dismisses all claims against each Settling Defendant with prejudice and without costs, and adjudges that Settling Defendants and Released Parties are released from any and all liability as to the "Released Claims,"[2] and that any and all such "Released Claims" filed by or on behalf of any Class Member(s) in any forum against Released Parties are or shall be enjoined to the extent they assert "Released Claims" under this Settlement Agreement, subject to performance by Settling Defendants their obligations under this Settlement Agreement;

(i)     Permanently enjoins Class Members from prosecuting, commencing or continuing any and all "Released Claims" which they had or have, against the Released Parties in any forum, including but not limited to the Class Action;

(j)     Incorporates the release set forth in the Settlement Agreement;

(k)     Finds that the amount of the Settlement Fund is fair, reasonable, and adequate under the circumstances with due recognition given to the risks of continued litigation against Defendants, as well as the insufficiency of their funds;

(l)     Finds that there is no evidence of collusion, fraud, or tortious conduct by any of the Parties;

(m)     Finds that the Settlement is entered into in good faith;

(n)     Issues orders related to the relief provided for in the Settlement Agreement, including distribution of the Settlement Payments, payment of incentive awards, and payment of Settling Plaintiffs' Counsel's fees and costs award;

(o)     Dismisses the claims in the Class Action with prejudice as to the Settling Defendants and directs that the Final Judgment entered as to the Settling

---

[2] **"Released Claims"** means the claims against Settling Defendants that Plaintiffs and Class Members shall release. This includes all damages arising out of continuous or repeated exposure to substantially the same general conditions at Southern Regional Jail between September 22, 2020 and July 19, 2024, the date of the Preliminary Approval Order in Civil Action No. 5:23-cv-00405 [the "Civil Action"], as set forth in the class action complaint. This includes any action, cause of action, claim, demand, right suit, obligation, agreements, promises, liabilities, damages (including punitive or any other form of exemplary damages), charges, fines, penalties, losses, costs, expenses, and attorneys' fees, asserted, or which could have been asserted in the class action complaint. "Released Claims" does not include occurrences or claims which are unknown or could not have been asserted in the class action complaint and specifically excludes, without limitation, matters related to excessive force, medical malpractice, overdose, overdetention, and any and all claims asserted against the remaining Defendants in the Civil Action. See, *e.g. Sheppheard, et al, v. Justice, et al.*, 5:23-cv-530; *Stump, et al v. WVDCR, et al.*, 1:23-cv-184; *Smith on behalf of the Estate of Alvis Shrewsbury v. WVDCR, et al.*, 5:23-cv-210. Nothing herein shall be construed as the State of West Virginia waiving any sovereign immunity defenses that the State of West Virginia may have to any current or future litigation.

Defendants pursuant hereto be deemed final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; and

(p)     Reserves the Court's jurisdiction, without affecting the finality of the Final Judgment entered, over: (i) implementation of the Settlement and distribution of the Net Settlement Fund to Class Members; (ii) the Fee and Costs Petition; (iii) the Class Action and the claims until the judgment contemplated herein has become effective, and each and every act agreed to be performed by Parties shall have been performed pursuant to this Settlement Agreement; (iv) any attempts by any person to assert any claims barred under this Agreement; (v) all Parties for the purpose of enforcing and administering this Settlement Agreement; and (vi) any other necessary purpose.

Entered: December 5, 2024

Frank W. Volk
Chief United States District Judge

| | |
|---|---|
| */s/ Stephen Paul New (w/permission)*<br>Stephen Paul New (WV Bar #7756)<br>Amanda J. Taylor (WV Bar #11635)<br>Russell A. Williams (WV Bar #12710)<br>New, Taylor & Associates<br>430 Harper Park Drive<br>Beckley, WV 25801<br>T: 304-250-6017<br>F: 304-250-6012<br>steve@newtaylorlaw.com<br>russell@newtaylor.com<br><br>Timnothy Lupardus (WV Bar #6252)<br>The Lupardus Law Office<br>275 Bearhole Road<br>Pineville, West Virginia 24874<br>T: 304-732-0250<br>office@luparduslaw.com | */s/ Michael D. Mullins*<br>Michael D. Mullins (WVSB No. 7754)<br>Larry J. Rector (WVSB No. 6418)<br>Amy M. Smith (WVSB No. 6456)<br>Peter J. Raupp (WVSB No. 10546)<br>Steptoe & Johnson PLLC<br>Chase Tower, 17th Floor<br>P.O. Box 1588<br>Charleston, WV 25326-1588<br>Telephone: (304) 353-8000<br>Facsimile: (304) 933-8704<br>michael.mullins@steptoe-johnson.com<br><br>*Counsel for Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall III* |
| Zachary Whitten (WV Bar #13709)<br>The Whitten Law Office<br>P.O. Box 753<br>Pineville, West Virginia 24874<br>zwhittenlaw@gmail.com<br><br>Robert Dunlap (WV Bar #10012)<br>Robert Dunlap & Associates<br>208 Main Street<br>Beckley, West Virginia 25801<br>T: 304-255-4762 | */s/ Chip E. Williams (w/permission)*<br>Chip E. Williams (WV Bar #8116)<br>Jared C. Underwood (WV Bar #12141)<br>Pullin Fowler Flanagan Brown & Poe<br>252 George Street<br>Beckley, WV 25801<br>T: 304-254-9300<br>cwilliams@pffwv.com<br><br>*Counsel for Michael Francis* |

| | |
|---|---|
| robertdunlapesq@gmail.com<br><br>*Counsel for Plaintiffs* | */s/ Michael R. Whitt (w/permission)*<br>Michael R. Whitt (WV Bar #6099)<br>*Guardian Ad Litem*<br>3558 Jefferson St. N. Ste. 5 PMB 157<br>Lewisburg, WV  24901<br>T:  304-645-4640<br>mywvlawyer@gmail.com<br><br>*Guardian Ad Litem* |