UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

MICHAEL D. ROSE,
ROBERT C. CHURCH, SR.,
NICOLE HENRY,
EDWARD L. HARMON,
WILLIAM BOHN,
TONYA PERSINGER,
*on behalf of themselves and
others similarly situated,*
BRYAN STAFFORD, *in his capacity
as Executor of the Estate of*
THOMAS FLEENOR, JR.,
JOHN CRABTREE,
STEVEN MARTIN,
GARY TOLER,
ELGIE ADKINS,
and SABRINA EAGLE,
*on behalf of themselves and
others similarly situated*,

   Plaintiffs,

v.             CIVIL ACTION NO. 5:22-cv-00405

PRIMECARE MEDICAL, INC.,
PRIMECARE MEDICAL OF WEST VIRGINIA, INC.
THOMAS WEBER,
BRETT BAVINGTON,
TODD HESKINS,
KRISTA VALLANDINGHAM,
MELISSA JEFFERY,
BRANDY EASTRIDGE,
HELEN PERKINS,
JESSICA MILLER,
WEXFORD HEALTH SOURCES, INC.,
MARY STONE,
DANIEL CONN,
ELAINE GEDMAN,

JOHN FROELICH,
HUMAYAN RASHID, M.D.,
ANGELA NICHOLSON, MSN, APRN, FNP-C,
AMBER DUNCAN,
LISA MULLENS, LPN,
CASSEY BOLEN,
JOHN PENNINGTON, MA, LPC, NCC, NCSC,
KENNADI SMITH, LPN,
ASHLEY VALLANDINGHAM, LPN,
BRITTANI MARSHALL, RN,
ASHLEY STROUP, LPN,
JOHN AND JANE DOE
PRIMECARE AND WEXFORD EMPLOYEES.
and TAYLOR BROOKS,

        Defendants.

## ORDER

On May 15, 2025, the Court entered its Memorandum Opinion and Order [ECF 1344] denying Plaintiffs' motions for class certification [ECFs 1181, 1185]. In its written opinion and order, the Court outlined several concerns with the proposed class and Plaintiffs' claims, including issues of standing and a lack of cohesion between the claims of the Named Plaintiffs and the class members they seek to represent, as well as the facts underlying those claims. Those same issues continue to plague the case now.

*Federal Rule of Civil Procedure* 21 provides that a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. This rule gives the Court broad discretion to sever claims. *See Ellis v. Werfel*, 86 F.4th 1032, 1037 (4th Cir. 2023) (reviewing a district court's severance under Rule 21 for abuse of discretion); *Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948) (stating that "ordinarily, the exercise of such discretion by the District Judge can be reversed on appeal only when there has been a clear abuse

thereof"). It also permits a court to dismiss a defendant for misjoinder when (1) that party is not a required party under Rule 19, (2) when the plaintiff demands no relief from that defendant, or (3) if that defendant did not cause the harm complained of and does not have the capacity to grant relief.

Upon further review of Plaintiffs' Third Amended Complaint [ECF 946], the Court finds that severance of Plaintiffs' claims is warranted. Although Plaintiffs' claims involve some common issues of law, the factual dissimilarities between those claims are myriad. The Court recognizes that joinder may be proper where a defendant's pattern or practice causes numerous plaintiffs similar harm, but where, as here, the questions predominating between Plaintiffs' claims -- both constitutional and statutory -- require individualized inquiry, *see* [ECF 1344 at 25–28], a class action is generally inappropriate. *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (recognizing that severance may be proper when factual dissimilarities between claims would require separate trials). However, given the complexity of the case, the task of severing each Plaintiff's claims as to the various Defendants would be burdensome on the Court and likely result in error.

Based upon the foregoing discussion, Plaintiffs are **ORDERED** to show cause on or before July 1, 2025, why this action should not be dismissed without prejudice to the individual Plaintiffs being given leave to file their own individual actions. In the absence of such a response, the case will be dismissed without prejudice for failure to prosecute.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record, who in turn shall provide a copy to each individual Plaintiff, and any unrepresented party.

ENTER:       June 16, 2025

Frank W. Volk
Chief United States District Judge