## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

BRYAN STAFFORD,
*in his capacity as*
*Executor of the Estate of*
THOMAS FLEENOR, JR. and
JOHN CRABTREE and
STEVEN MARTIN and
GARY TOLER and
ELGIE ADKINS and
SABRINA EAGLE,
*on behalf of themselves and*
*others similarly situated*,

        Plaintiffs,

v.

PRIMECARE MEDICAL OF
WEST VIRGINIA, INC., and
WEXFORD HEALTH SOURCES, INC., and
PRIMECARE MEDICAL, INC., and
THOMAS WEBER and
BRETT BAVINGTON and
TODD HESKINS and
KRISTA VALLANDINGHAM and
MELISSA JEFFERY and
BRANDY EASTRIDGE and
HELEN PERKINS and
JESSICA MILLER and
MARY STONE and
DANIEL CONN and
ELAINE GEDMAN and
JOHN FROELICH and
HUMAYAN RASHID, *M.D.*, and
ANGELA NICHOLSON,
*MSN, APRN, FNP-C*, and
AMBER DUNCAN and
LISA MULLENS, *LPN*, and
CASSEY BOLEN and

CIVIL ACTION NO. 5:22-cv-00405

JOHN PENNINGTON,
*MA, LPC, NCC, NCSC*, and
KENNADI SMITH, *LPN*, and
BRITTANI MARSHALL, *RN*, and
ASHLEY STROUP, *LPN*, and
DONNA DEAN-CHRIVIA and
TAYLOR BROOKS and
JOHN AND JANE DOE
PRIMECARE AND WEXFORD EMPLOYEES,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs' Motion to Reopen Civil Action, [ECF 1357], and Motion to Enforce Settlement, [ECF 1359], both filed July 25, 2025, and Plaintiffs' Motion to Reconsider, [ECF 1365], filed August 11, 2025. The motions were filed by a discrete subset of the Plaintiffs in the style, namely, Bryan Stafford, on behalf of the estate of Thomas Fleenor, Jr., Jonathan Crabtree, and Gary Toler ("Plaintiffs").[1] The matters are ready for adjudication.

## I.

### A.    *Complaint and Amended Complaint [ECF 1; ECF 7]*

On September 22, 2022, Plaintiffs Michael D. Rose and Edward Harmon, former inmates and/or pre-trial detainees at Southern Regional Jail (hereinafter "SRJ") in Beaver, instituted this action on behalf of themselves and other similarly situated individuals. The Complaint asserted various claims against Defendants Betsy Jividen, Michael Francis, Larry

---

[1] As explained more fully *infra*, the pending motions were filed on behalf of the subset of Plaintiffs who purported to represent a class of similarly situated PrimeCare patients. Counsel noted in the Motion to Reopen and Memorandum of Law in Support of Plaintiffs' Motion to Reopen that "Plaintiffs with claims against Wexford intend[ed] to file Amended Complaints in their severed individual actions . . . , and do not require reopening of this civil action." [ECF 1357 at 1 n.1; ECF 1358 at 1 n.1].

Warden, and the County Commissions of Raleigh, Fayette, Greenbrier, Mercer, Monroe, Summers, Wyoming Counties, and PrimeCare Medical of West Virginia, Inc. ("PrimeCare"), which "formerly provided medical care" to inmates at SRJ, [ECF 946 ¶ 60], as well as several "John/Jane Does," challenging allegedly unconstitutional conditions of confinement, policies, and practices at the SRJ. [ECF 1].

On October 7, 2022, then-Plaintiffs filed an Amended Complaint as a matter of right pursuant to *Federal Rule of Civil Procedure* 15(a)(1)(B) to assert claims against Wexford Health Sources, Inc. ("Wexford"), the current medical care provider for inmates at SRJ, which began providing medical care there in June 2022. [ECF 7 ¶¶ 49, 74].

**B.     *Second and Third Amended Complaints [ECF 433; ECF 946]***

On April 5, 2023, the Court granted leave to file a second amended complaint pursuant to Rule 15(a)(2). [ECF 172]. On July 17, 2023, then-Plaintiffs filed a Second Amended Class Action Complaint, adding six new Plaintiffs, including Charles Blessard, Robert C. Church Sr., Nicole Henry, Thomas Fleenor Jr., William Bohn, and Tonya Persinger, as well as two new Defendants, William K. Marshall, III and David Young. [*See* ECF 433]. Between August 29, 2023, and September 11, 2023, various parties were dismissed. [*See generally* ECF 571; ECF 590; ECF 621].

On November 9, 2023, the Court held a status conference where a subset of the parties notified the Court of a pending settlement between certain plaintiffs, including Michael D. Rose, Robert C. Church, Sr., Nicole Henry, Edward L. Harmon, Thomas Fleenor, Jr., William Bohn, and Tonya Persinger, the putative class challenging conditions of confinement ("Settling Plaintiffs"), and West Virginia Department of Corrections ("WVDCR") Defendants Michael Francis, Jeff S. Sandy, Betsy Jividen, Brad Douglas, and William K. Marshall, III ("Settling

Defendants" or "WVDCR Defendants"). [ECF 810]. On December 5, 2024, the Court entered a final approval order regarding a settlement between Settling Plaintiffs and the WVDCR Defendants. [ECF 1202].

On March 13, 2024, the Court dismissed the remaining claims within the Second Amended Complaint as the claims related to the non-settling Defendants but provided the non-settling plaintiffs an opportunity to replead. [ECF 908]. Accordingly, on July 30, 2024, non-settling Plaintiffs Michael D. Rose, Bryan Stafford as Executor of the Estate of Thomas Fleenor, Jr., Steven Martin, John Crabtree, Jacob Beavers, Gary Toler, Elgie Adkins, Tyler Childers, and Sabrina Eagle filed a Third Amended Class Action Complaint (the "Third Amended Complaint"), [ECF 946], against the County Commissions of Raleigh, Fayette, Summers, Monroe, Greenbrier, Mercer, Wyoming Counties and the County Commissioners of those respective counties in their capacities as County Commissioners ("County Defendants"), PrimeCare, Wexford, as well as several named and unnamed PrimeCare and Wexford employees. [*Id.* ¶¶ 39–103]. On July 31, 2024, the County Defendants were voluntarily dismissed. [ECF 948]. Further, Plaintiffs Michael D. Rose, Jacob Beavers, and Tyler Childers voluntarily dismissed their claims inasmuch as they had alleged claims against various County Defendants. [*Id.*].

Following the dismissal of the County Defendants and Plaintiffs Rose, Beavers, and Childers, the Third Amended Complaint alleged four claims against the remaining Defendants -- PrimeCare, Wexford, and the named and unnamed PrimeCare and Wexford employees ("PrimeCare Defendants" and "Wexford Defendants"). Count I alleged Defendants violated the prohibition against cruel and unusual punishment under the Eighth Amendment as to convicted inmate Plaintiffs due to the conditions of confinement and Defendants' deliberate indifference to their serious medical needs. [*Id.* ¶¶ 454–503]. Count II alleged the same as to

pretrial detainees under the Fourteenth Amendment. [*Id.* ¶¶ 504–53]. Count III alleged conspiracy to commit Eighth and Fourteenth Amendment violations and common law civil conspiracy. [*Id.* ¶¶ 554–69]. Count IV alleged medical negligence under the West Virginia Medical Professional Liability Act ("WVMPLA"), [*id.* ¶¶ 570–93], inasmuch as the PrimeCare and Wexford Defendants failed to provide Named Plaintiffs with "constitutionally adequate healthcare which meets the applicable standard of care," [*id.* ¶ 572].

The PrimeCare Defendants and Wexford Defendants[2] remained after dismissal of the County and WVDCR Defendants. Plaintiffs Bryan Stafford on behalf of the estate of Thomas Fleenor, [ECF 946 ¶¶ 11, 315, 327–30], John Crabtree, [*id.* ¶¶ 16, 19, 333, 342–46], Gary Toler, [*id.* ¶¶ 23, 26, 371, 378–85], and Sabrina Eagle, [*id.* ¶ 433], alleged the foregoing claims against PrimeCare and purported to represent a class of similarly situated PrimeCare patients whereas Plaintiffs Steven Martin, [*id.* ¶¶ 15, 349, 356–59], Elgie Adkins, [*id.* ¶¶ 30, 388, 394–422], and Sabrina Eagle, [*id.* ¶¶ 37, 434, 442–53], alleged the foregoing claims against Wexford and purported to represent a class of similarly situated Wexford patients.

---

[2] After various dismissals pursuant to Rule 41(a)(1)(A)(ii), [*see* ECF 961; ECF 1037], the following named PrimeCare and Wexford employees remained: Thomas Weber, CEO of PrimeCare; Brett Bavington, President of PrimeCare; Todd Heskins, Chief Operating Officer of PrimeCare; Krista Vallandingham, Vice President of Operations or Regional Manager for PrimeCare; Melissa Jeffery, Assistant Regional Manager for PrimeCare, and, subsequently Wexford; Jessica Miller, Regional Manager for PrimeCare, and, subsequently, Wexford; Brandy Eastridge and Helen Perkins, Health Services Administrators at SRJ for PrimeCare and Wexford; Humayan Rashid, Medical Director at SRJ employed by PrimeCare and Wexford; Angela Nicholson, Amber Duncan, Lisa Mullens, Cassey Bolen, John Pennington, medical providers contracted by PrimeCare; Kennadi Smith, Brittani Marshall, Ashley Stroup, Donna Dean-Chrivia, and Taylor Brooks, medical providers contracted by Wexford; Mary Stone, Vice President of Operations of Wexford; Daniel Conn, President, CEO, Chairman, and Assistant Secretary of Wexford; Elaine Gedman, Executive Vice President, Chief Administrative Officer, and Assistant Secretary of Wexford; John Froelich, Senior Vice President, CFO, and Assistant Secretary of Wexford. [*Id.* ¶¶ 39–103].

**C.**    ***Denial of Motions for Class Certification as to PrimeCare Defendants [ECF 1181] and Wexford Defendants [ECF 1185]***

On November 22 and 25, 2024, Named Plaintiffs filed Motions for Class Certification as to the PrimeCare Defendants [ECF 1181] and Wexford Defendants [ECF 1185], proposing the following class definition:

> Generally, all current and former pretrial detainees and inmates at Southern Regional Jail from September 22, 2020[,] to present. As to PrimeCare Defendants, the proposed class period is September 22, 2020, to June 25, 2022. As to Wexford Defendants the proposed class period is June 26, 2022, to present.

[ECF 946 ¶ 288; ECF 1205 at 13; ECF 1206 at 14].

Alternatively, Named Plaintiffs sought certification of the following three issue-based classes under Rule 23(c)(4):

**<u>Issue Class 1</u>**

Did [PrimeCare/Wexford] Defendants violate the Eighth and Fourteenth Amendment Rights of the Class by being deliberately indifferent to their serious medical needs through systemic and gross deficiencies in staffing, facilities, equipment, and/or procedures?

**<u>Issue Class 2</u>**

Did [PrimeCare/Wexford] Defendants breach the standard of care for correctional medical providers?

**<u>Issue Class 3</u>**

Did the Defendants conspire with one another to violate the class members' constitutional Eighth and Fourteenth Amendment rights?

[ECF 1205 at 23–24; ECF 1206 at 24]. Named Plaintiffs asserted "[t]hese three classes would allow the Court to separately address the differing standards under these counts." [ECF 1205 at 25; ECF 1206 at 25].

On May 15, 2025, the Court entered a Memorandum Opinion and Order, [ECF 1344], denying Named Plaintiffs' motions for class certification, [ECF 1181; ECF 1185]. The Court concluded the proposed class definitions and issue-based classes failed to satisfy the requirements of Rule 23. [ECF 1344 at 29, 30–31].

Specifically, the Court determined "the proposed class definition fail[ed] to satisfy the threshold requirement of ascertainability" "[i]nasmuch as the inquiry would require extensive and individualized fact-finding as to each proposed class member." [ECF 1344 at 18]. The Court concluded the foregoing would be required regarding (1) "whether each person incarcerated or detained at SRJ on or after September 22, 2020, had a serious medical need" and (2) "whether each proposed class member ha[d] standing to sue under Article III" based upon a concrete and particularized injury in fact as opposed to conjectural harm resulting from an increased risk of harm. [*Id.* at 16–17].

Regarding Rule 23(a), the Court expressed concern regarding whether all class members being "'subject to the same inadequate policies'" could satisfy the commonality requirement inasmuch as "'their individual claims of harm stem from different alleged policy failures,'" but the Court nevertheless deemed numerosity and commonality satisfied "[f]or the sake of expedience." [*Id.* at 19 (quoting *G.T. v. Bd. of Educ. of Cnty. of Kanawha*, 117 F.4th 193, 208-09 (4th Cir. 2024))]. The Court concluded typicality was absent as a result of the "significant variations between the claims of the Named Plaintiffs, much less the putative class members." [*Id.* at 23]. This was so as a result of (1) the differing standards of Named Plaintiffs' constitutional claims, (2) the fact that "some Named Plaintiffs describe[d] suffering from specific medical conditions . . . while others d[id] not," (3) Defendants' "spectrum [of conduct supporting each claim,] running the gamut from no wrongdoer activity all the way to primary wrongdoer

culpability," (4) variation in Defendants' type of alleged failure, and (5) variation in "the injuries allegedly sustained" by Plaintiffs inasmuch as "some Named Plaintiffs suffer[ed] actual harm, while others [experienced] only a risk of harm." [*Id.* at 22–23]. Finally, as a result of (1) Named Plaintiffs' varied legal positions as compared to each other as well as compared to the putative class members, and (2) the "sharp differences between how the Named Plaintiffs w[ould] approach and desire to prosecute the litigation," the Court concluded the "Named Plaintiffs do not share the same factual and legal positions as absent class members," so they could not "adequately represent the class." [*Id.* at 24–25].

Regarding Rule 23(b)(3), the Court concluded common issues did not predominate based on "the wide variations in the issues and claims presented by the Named Plaintiffs and the putative class, not to mention the types and amounts of damages sought." [*Id.* at 27]. Finally, the Court determined superiority was not satisfied inasmuch as "Named Plaintiffs' one-size-fits-all proposed class definition [wa]s fatally overbroad[,] . . . encompass[ing] every individual who was detained or incarcerated at SRJ for over two years, regardless of each person's length of incarceration, physical or mental health status, or whether an actual injury occurred." [*Id.*]. The Court further rejected certification based upon the proposed issue-based classes inasmuch as they "suffer[ed] from the same infirmities as the class as a whole." [*Id.* at 30].[3]

None of the parties appealed the May 15, 2025, written opinion and order denying class certification.[4]

---

[3] *See* 6 Cyc. of Federal Proc. § 23:42 (3d ed.) ("When . . . plaintiffs bring suit on a class action theory, and the court in its discretion holds that a class action cannot be maintained, dismissal of the cause as a class action is proper[.]")

[4] Pursuant to Rule 23(f), "[a] party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered." Fed. R. Civ. P. 23(f). *See generally*

**D.      *March 4, 2025, Tentative Settlement Between Putative PrimeCare Class and PrimeCare Defendants***

The parties agree they reached a tentative agreement regarding the "broad terms of the settlement agreement" on March 4, 2025, and began preparing materials to enable the parties to prepare a joint motion for preliminary approval. [ECF 1359-1; ECF 1359-2; ECF 1360 at 3–4; ECF 1363 at 2 n.3]. At a hearing on April 11, 2025, counsel for the Plaintiffs represented to the Court that "[P]laintiffs have reached a tentative settlement with the PrimeCare [D]efendants." [ECF 1373 at 4].

The Court waited over a month for a writing confirming the settlement. No document was forthcoming. More puzzling is the fact that even after the Court entered its May 15, 2025, written opinion and order denying class certification, counsel for Plaintiffs continued preparing a motion for preliminary approval; counsel for Defendants, however, apparently ceased communications with the opponents between May 27, 2025 and early-to-mid July 2025. [*See generally* ECF 1359; ECF 1360; ECF 1363]. On July 22, 2025, counsel for Defendants emailed counsel for Plaintiffs stating their position as: "The law requires court approval and court approval was denied in this matter. PrimeCare is not willing to act in any way inconsistent with the direct orders of Judge Volk." [ECF 1359-9 at 2].

**E.      *Severance, Dismissal, and Denial of Unilateral Motion for Preliminary Approval of Settlement***

On May 27, 2025, the Court denied pending motions to dismiss as moot insofar as the arguments therein were incorporated into and superseded by subsequently filed motions for

---

*Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (summarizing the evolution of Rule 23 as it relates to appealability of class certification determinations, including the death-knell doctrine, the effect of the decision in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978), and the approval of Rule 23(f)).

summary judgment. [ECF 1345]. The Court further denied as moot the motions for summary judgment and motions *in limine* in light of the Court's denial of class certification. [*Id.*].

In an attempt to assure individual claims did not lapse, on June 16, 2025, the Court entered an Order directing Plaintiffs to show cause on or before July 1, 2025, why this action should not be dismissed without prejudice to the individual Plaintiffs being given leave to file their own individual actions. [ECF 1350].

On June 16, 2025, after the Court entered its Order to Show Cause, [ECF 1350], but before Plaintiffs responded, they filed a Motion for Preliminary Approval of the Settlement Agreement and Release, putatively between the then-disapproved, nonexistent class of PrimeCare Plaintiffs and the PrimeCare Defendants. [ECF 1352]. Plaintiffs failed to provide the Court with a copy of the Settlement Agreement but indicated the PrimeCare Defendants would deposit $2,500,000.00 into a Qualified Settlement Fund. [ECF 1353 at 3]. Plaintiffs requested that the Court "provisionally certify pursuant to Rule 23(a) and (b)(1)(B) a Class defined as all persons who were incarcerated at the Southern Regional Jail from September 1, 2020[,] to June 26, 2022, for a greater than fourteen (14) day incarceration." [ECF 1352 at 1]. They contended the provisional certification would be "for settlement purposes only." [*Id.*].

The next -- frankly bewildering -- event occurred just days later on June 26, 2025, when Plaintiffs filed a Response to the Court's June 16, 2025 Order to Show Cause requesting (1) the Court to *sever their claims* in lieu of dismissal of the action, and (2) leave to file *new Complaints setting out their individual claims* in each individual case "to avoid confusion arising from use of the *Third Amended Complaint* setting forth the class allegations in this matter." [ECF 1354 at 1].

Nevertheless, at Plaintiffs' behest, on July 14, 2025, the Court (1) directed the Clerk to sever the claims as to each Named Plaintiff in the Third Amended Complaint, (2) provided leave to file individual complaints by August 1, 2025, (3) denied the Motion for Preliminary Approval [ECF 1352], and (4) ordered the action dismissed and stricken from the docket upon the opening of the new severed cases. [ECF 1356].

## F.    Settlement in Severed Cases

Each remaining Plaintiff named in the Third Amended Complaint, including the subset of Plaintiffs who filed the pending motions, filed individual complaints. *See Stafford v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00441, ECF 4 (Amended Complaint); *Crabtree v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00442, ECF 4 (Amended Complaint); *Toler v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00444, ECF 4 (Amended Complaint); *Eagle v. Stone et al.*, Civ. Action No. 5:25-cv-00446, ECF 4 (Amended Complaint).

Further, each of the foregoing severed cases thereafter settled, and Plaintiffs in each severed case stipulated to the voluntary dismissal of their claims against PrimeCare and PrimeCare Defendants. *See Stafford v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00441, ECF 25; ECF 26 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against these remaining defendants" -- i.e., PrimeCare Medical, Inc. and John and Jane Doe PrimeCare Employees); *Crabtree v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00442, ECF 28 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against all remaining defendants" -- i.e., PrimeCare Medical, Inc. and John and Jane Doe PrimeCare Employees); *Toler v. PrimeCare Medical, Inc. et al.*, Civ.

Action No. 5:25-cv-00444, ECF 23 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against Defendant PrimeCare Medical, Inc").[5]

Around this same time, a number of Plaintiffs not named in the Third Amended Complaint -- but who had previously been named plaintiffs against the WVDCR Defendants -- filed individual actions against PrimeCare following severance, including Nicole Henry, Edward L. Harmon, and Tonya Persinger. *See Henry v. PrimeCare Medical, Inc. et al*, Civ. Action No. 5:25-cv-00437; *Harmon v. PrimeCare Medical, Inc. et al*, Civ. Action No. 5:25-cv-00438; *Persinger v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00440. Mr. Harmon and Ms. Persinger have since settled their claims. *See Harmon v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00438, ECF 36 (Stipulation of Dismissal With Prejudice); *Persinger v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00440, ECF 20 (Stipulation of Dismissal With Prejudice). The Court then dismissed Ms. Henry's case without prejudice for failure to prosecute, which Ms. Henry has appealed. *See Henry v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00437, ECF 47; ECF 49.

As discussed more fully within, Ms. Henry also recently petitioned the Court of Appeals for a writ of mandamus based upon -- and many, many months after -- the July 14, 2025, order denying the unilateral Motion for Preliminary Approval. Notably, neither Ms. Henry nor Mr. Harmon were named plaintiffs in the Third Amended Complaint. [*See* ECF 946]. Ms. Henry was (1) not part of the putative PrimeCare Class, (2) not part of the potential settlement with PrimeCare, and (3) not signatory to the Motion for Preliminary Approval or the subject motions to enforce

---

[5] The Court notes Plaintiff Sabrina Eagle purported to represent a class of similarly situated PrimeCare patients in the Third Amended Complaint, [ECF 946 ¶ 433], but when given the opportunity pursue her claims individually, she did not name PrimeCare in her individual complaint. *See Eagle v. Stone et al.*, Civ. Action No. 5:25-cv-00446, ECF 4.

settlement, reopen, and reconsider. Despite the foregoing, when the Court entered its October 31, 2025, order to show cause regarding the justiciability of the pending motions, on November 14, 2025, counsel for Ms. Henry and Mr. Harmon submitted a response to the order to show cause on their behalf representing "Plaintiffs' pending motions remain live." [ECF 1371].

### G.    *Pending Motions*

Except for Sabrina Eagle, all Named Plaintiffs who filed the Third Amended Complaint purporting to represent a class of similarly situated PrimeCare patients -- namely Bryan Stafford, on behalf of the estate of Thomas Fleenor, Jr., Jonathan Crabtree, and Gary Toler ("Plaintiffs") -- filed a Motion to Reopen Civil Action, [ECF 1357], and Motion to Enforce Settlement, [ECF 1359],[6] on July 25, 2025, as well as a Motion to Reconsider, [ECF 1365], filed August 11, 2025. The Motion to Reconsider seeks reconsideration of the Court's July 14, 2025, Order denying Plaintiffs' unilateral Motion for Preliminary Approval of the Settlement. [*Id.*].

### II.

### A.    *Mootness*

Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. This requirement demands that "'an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016), *as revised* (Feb. 9, 2016) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "A case must be brought by a

---

[6] In Plaintiff's reply in support of the motion to enforce settlement, Plaintiffs state "PrimeCare Defendants and their Counsel should be sanctioned to the fullest extent allowed by law for their bad faith in this litigation and forcing this Motion to be filed." [ECF 1364]. Inasmuch as Rule 11(c) provides "[a] motion for sanctions must be made separately from any other motion," the Court does not entertain the request as a motion for sanctions.

party with a personal stake in the litigation." *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 99 (4th Cir. 2011) (cleaned up) (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). "The mootness doctrine . . . prevent[s courts] . . . from advising on legal questions "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Eden, LLC v. Just.*, 36 F.4th 166, 169–70 (4th Cir. 2022) (quoting *Fleet Feet, Inc. v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021) (internal quotation marks omitted)); *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013); *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, moot issues are generally nonjusticiable. *See Fleet Feet*, 986 F.3d at 463.

The Supreme Court has noted the justiciability doctrine is "not a legal concept with a fixed content or susceptible to scientific verification." *Poe v. Ullman*, 367 U.S. 497, 508 (1961) (plurality opinion); *see also Flast v. Cohen*, 392 U.S. 83, 97 (1968) ("[T]he justiciability doctrine [is] one of uncertain and shifting contours."); *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980) (stating "the Art[icle] III mootness doctrine" has a "flexible character"). Therefore, the Supreme Court has crafted particular rules for mootness in the class action context. *See generally Sosna v. Iowa*, 419 U.S. 393, 401 (1975) (concluding the class action challenging a one-year residency requirement was not moot even though the class representative's individual claim became moot after class certification because "the class of unnamed persons described in the certification acquire[s] a legal status separate from the interest asserted by [the named plaintiff]"); *Gerstein v. Pugh*, 420 U.S. 103, 110 n. 11 (1975) (citing *Sosna*, 419 U.S. at 401) (concluding the same inasmuch as the claim was "'capable of repetition, yet evading review'" where the class representatives challenging various pretrial detention procedures were no longer in pretrial detention because they had been convicted); *see also Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 332 (1980) (concluding that a putative class action litigant could appeal the

14

district court's denial of class certification despite the defendant's Rule 68 offer to the plaintiff); *Geraghty*, 445 U.S. at 395 (concluding an appeal challenging the district court's denial of the motion for class certification in a challenge to the validity of parole guidelines was not mooted by a putative class action litigant's release from prison while his appeal was pending); *id.* at 402 ("A plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent a class.").

The Court need not here wrestle with the esoteric, "uncertain and shifting contours" of the mootness doctrine. *Flast*, 392 U.S. at 97. That is so inasmuch as our Court of Appeals has resolved whether a putative class plaintiff maintains Article III standing following the voluntary dismissal of their individual claims. *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 99–100 (4th Cir. 2011). In *Rhodes*, our Court of Appeals acknowledged that a "representative interest sometimes gives a putative class representative a sufficient 'stake' in the class certification question to appeal an adverse certification ruling even after the putative class representative's claim is mooted by intervening events." 636 F.3d at 99 (first citing *Geraghty*, 445 U.S. at 402; and then citing *Roper*, 445 U.S. at 340). But the "narrow exception" allowing a class representative to retain Article III jurisdiction is possible only where two requirements are met: (1) the "'imperatives of a dispute capable of judicial resolution [must be] sharply present,'" and (2) "there must be 'self-interested parties vigorously advocating opposing positions.'" *Id.* (quoting *Geraghty*, 445 U.S. at 403). "These requirements ensure that a putative class representative maintains a sufficiently concrete interest in the certification question to satisfy the case-or-controversy requirement of Article III." *Id.* (citing *Roper*, 445 U.S. at 336–37, 338 n. 9 (putative class plaintiff continually asserted interest and, thus, had standing to appeal adverse certification ruling after individual claims were mooted)). Our Court of Appeals additionally stated as follows:

15

[T]he Supreme Court has applied this narrow exception to the "personal stake" requirement only in cases involving involuntary dismissals. *See Geraghty*, 445 U.S. at 403; *Roper*, 445 U.S. at 330. The Supreme Court has not addressed . . . whether Article III standing requirements are satisfied when a putative class representative who has *voluntarily settled or dismissed* his or her claims thereafter appeals a denial of class certification. *See Geraghty,* 445 U.S. at 404 n. 10.

. . .

Applying the principles set forth by the Supreme Court, we conclude that *when a putative class plaintiff voluntarily dismisses the individual claims underlying a request for class certification, as happened in this case, there is no longer a "self-interested party advocating" for class treatment in the manner necessary to satisfy Article III standing requirements. See Geraghty*, 445 U.S. at 403. Thus, we hold that we lack jurisdiction to decide the issue whether the district court abused its discretion in denying the plaintiffs' request for class certification of their medical monitoring claims.

*Rhodes*, 636 F.3d at 99–100 (cleaned up) (emphasis added).

In *Microsoft Corp. v. Baker*, the Supreme Court declined the opportunity to decide whether "federal courts of appeals have jurisdiction under . . . Article III of the Constitution to review an order denying class certification . . . after the named plaintiffs have voluntarily dismissed their claims with prejudice." 582 U.S. 23, 36 (2017). Instead, the Supreme Court determined the appellate court did not have jurisdiction pursuant to 28 U.S.C. § 1291. *Id.* at 36 n.8 (citing *Rhodes*, 636 F.3d at 100). *But see id.* at 44–45 (Thomas, J., concurring) ("When the plaintiffs asked the District Court to dismiss their claims, they . . . disavowed any right to relief . . . . Class allegations, without an underlying individual claim, do not give rise to a 'case' or 'controversy.' Those allegations are simply the means of invoking a procedural mechanism that enables a plaintiff to litigate his individual claims on behalf of a class.").

In the Third Amended Complaint, Bryan Stafford, on behalf of the estate of Thomas Fleenor, Jr., [ECF 946 ¶¶ 11, 315, 327–30], Jonathan Crabtree, [*id.* ¶¶ 16, 19, 333, 342–46], and Gary Toler, [*id.* ¶¶ 23, 26, 371, 378–85], purported to represent a class of similarly situated

PrimeCare patients. The Court denied class certification, [ECF 1344], and denied the pending motions for summary judgment in light of the denial of class certification, [ECF 1345]. After it was clear Plaintiffs did not intend to seek interlocutory appeal of the Court's denial of class certification and further that their claims ran the possibility of lapse, *and per Plaintiffs' request*, the Court severed each of their claims and provided leave for each Named Plaintiff to file amended complaints in their individual cases. [ECF 1356]. Plaintiffs did so. Each of the foregoing plaintiffs who filed individual cases have settled and entered stipulations of voluntary dismissal with prejudice stipulating to the voluntary dismissal of all claims against PrimeCare Defendants. *See Stafford v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00441, ECF 26 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against these remaining defendants" -- i.e., PrimeCare Medical, Inc. and John and Jane Doe PrimeCare Employees); *Crabtree v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00442, ECF 28 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against all remaining defendants" -- i.e., PrimeCare Medical, Inc. and John and Jane Doe PrimeCare Employees); *Toler v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00444, ECF 23 (Stipulation of Dismissal With Prejudice stipulating "to the voluntary dismissal of all of Plaintiff's claims against Defendant PrimeCare Medical, Inc").

In light of the voluntary dismissals by the putative class representatives and PrimeCare defendants, no "'self-interested parties vigorously advocating opposing positions'" remain; so, the Court lacks jurisdiction to rule on the Motion to Reopen Civil Action [ECF 1357], Motion to Enforce Settlement [ECF 1359], and the Motion to Reconsider [ECF 1365], filed by Mr. Stafford, Mr. Crabtree, and Mr. Toler. *Rhodes*, 636 F.3d at 100. Nor do Mr. Stafford, Mr. Crabtree, or Mr. Toler retain any lingering "representative interest" sufficient to impart any

remaining "stake" in the outcome. *Id.* at 99. Inasmuch as "the mootness doctrine . . . prevents courts . . . from advising on legal questions when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Eden, LLC*, 36 F.4th at 169–70 (cleaned up), the remaining issues are moot and, therefore, nonjusticiable. *See Fleet Feet*, 986 F.3d at 463.

Further, as detailed below, the Court has grave concerns respecting whether the case -- as it remains -- presents the "'imperatives of a dispute capable of judicial resolution.'" *Rhodes*, 636 F.3d at 99 (quoting *Geraghty*, 445 U.S. at 403).

## B.    *Pending Motions*

The basis of the pending motions is that the Court erred when it entered its July 14, 2025, Order denying Plaintiffs' Motion for Preliminary Approval of the settlement "without findings of fact, conclusions of law, or a stated basis." [ECF 1358]. Accordingly, Plaintiffs request the Court (1) reopen the case, (2) reconsider the July 14, 2025 Order denying Plaintiffs' unilateral Motion for Preliminary Approval of the settlement, (3) rule on the Motion to Enforce Settlement, and, (4) "should Plaintiffs prevail[,] then . . . conduct the fairness-equality analysis contemplated by [Rule] 23(e)." [ECF 1365; *see also* ECF 1357; ECF 1359].

Even if the Court was seized of jurisdiction, it would deny the motions based on (1) the law-of-the-case doctrine, and (2) the merits of the motion to reconsider.

### 1. Law of the Case Doctrine

"The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). "[O]nce the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal

unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (cleaned up). "The law of the case doctrine . . . prevent[s] parties from relitigating the same issues." *Columbia Gas Transmission, LLC v. RDFS, LLC*, 148 F.4th 163, 169 (4th Cir. 2025) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). "This doctrine is not an 'inexorable command,'" but it is "'a prudent judicial response to the public policy favoring an end to litigation.'" *Id.* (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 68 (4th Cir. 1988)); *see also Blankenship v. Fox News Network, LLC*, 510 F. Supp. 3d 356, 362 (S.D. W. Va. 2020) (Copenhaver, J.) ("The law-of-the-case doctrine 'expresses the practice of courts generally to refuse to reopen what has been decided,' but it does not limit the court's power.") (citation omitted).

As previously noted, Ms. Henry filed a petition for writ of mandamus based upon the Court's July 14, 2025, order denying the Motion for Preliminary Approval even though Ms. Henry was (1) not a named plaintiff in the Third Amended Complaint, [*see* ECF 946], (2) not part of the putative PrimeCare Class, (3) not party to the potential settlement with PrimeCare, and (4) not signatory to the Motion for Preliminary Approval or the subject motions to enforce settlement, reopen, and reconsider. [ECF 1374]. In the petition, Ms. Henry urged, *inter alia*, that the Court was required to reconduct its certification analysis anew and reanalyze whether to certify the class for settlement purposes, all of which, she contends, should have occurred prior to the Court denying the Motion for Preliminary Approval. [*Id.*]. Without addressing the foregoing deficiencies, and on the merits of Ms. Henry's request, our Court of Appeals denied the petition for a writ of mandamus, concluding "[b]ecause the district court had denied class certification, the

court had no obligation under Rule 23(e) to evaluate any proposed settlement agreement." [ECF 1377 at 2; *In re Nicole Henry*, No. 26-1193, (4th Cir. March 17, 2026)]. The Court is thus bound by our Court of Appeals' unambiguous and authoritative adjudication. Simply put, the Court of Appeals affirmed the propriety of the Court's summary denial of the Motion for Preliminary Approval and declination of the requested Rule 23(e) analysis.

## 2. Merits

Nonetheless, even absent the jurisdictional bar, and assuming the Court was inclined to allow Plaintiffs to relitigate the preliminary approval request already rejected by our Court of Appeals, the Court would nevertheless deny the Motion to Reopen, [ECF 1357], and Motion to Reconsider, [ECF 1365], seeking reconsideration of the July 14, 2025 Order denying Plaintiffs' Motion for Preliminary Approval of the settlement and the Motion to Enforce Settlement, [ECF 1359].

Plaintiffs' Motion to Reconsider seeks reconsideration pursuant to Rule 60(b)(1), (2), or (6). [ECF 1366 at 3–5]. Rule 60(b) provides:

> *Grounds for Relief from a Final Judgment, Order, or Proceeding.* On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > . . .
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Our Court of Appeals has concluded that "[t]o prevail [under Rule 60(b)], a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once this "'initial threshold'" is crossed, the party "'then must satisfy one of the six specific sections of Rule 60(b)'" listed above. *Id.* (quoting *Dowell*, 993 F.2d at 48). Rule 60(b)(6) is "a catchall section, which gives a court authority to relieve a party from a judgment [or order] for 'any other reason' not articulated in sections (1) through (5) . . . but only when the movant demonstrates 'extraordinary circumstances.'" *Id.* (first quoting *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005); and then quoting *Dowell*, 993 F.2d at 48).

The Plaintiff's motion fails to provide a basis for granting relief pursuant to Rule 60(b). The motion was made "within a reasonable time" inasmuch as it was filed 28 days after the Court denied the Motion for Preliminary Approval. *Id.* at 300 (quoting Fed. R. Civ. P. 60(c)(1)). Unquestionably, however, unfair -- indeed extreme -- prejudice would redound to the PrimeCare Defendants if the motion was granted, inasmuch as each purported representative Plaintiff earlier stipulated to the voluntary dismissal with prejudice "of all of Plaintiff's claims" in each Plaintiff's individual case. *See Stafford v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00441, ECF 26; *Crabtree v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00442, ECF 28; *Toler v. PrimeCare Medical, Inc. et al.*, Civ. Action No. 5:25-cv-00444, ECF 23.[7] Further,

---

[7] Indeed, based upon the Court's mootness determination, if relief was granted at this juncture, Defendants would presumably likewise seek reconsideration pursuant to Rule 60(b)(4) and urge the order was entered without subject matter jurisdiction. *Wendt*, 431 F.3d at 412–13 (citing Fed. R. Civ. P. 60(b)(4)) (concluding an order is void for lack of subject matter jurisdiction "when the jurisdictional error is egregious").

Plaintiffs have not established their efforts regarding preliminary approval or enforcement could be meritorious. Nor does Plaintiffs' desire for the Court to reach a different result or enforce the settlement agreement present an extraordinary circumstance warranting relief. Regardless, Plaintiffs are unable to establish mistake.

The underlying circumstances bear repeating. Although the parties agree that they reached a tentative agreement regarding the "broad terms of the settlement agreement" on March 4, 2025, [ECF 1360 at 3; ECF 1363 at 2 n.3], and Plaintiffs' counsel represented to the Court at a hearing on April 11, 2025, that "[P]laintiffs have reached a tentative settlement with the PrimeCare [D]efendants," [ECF 1373 at 4], Plaintiffs' June 16, 2025 Motion for Preliminary Approval arrived well after the Court denied class certification on May 15, 2025, [*see* ECF 1344]. The Court thus could not have conducted an appropriate analysis regarding whether to certify the class for settlement purposes based upon the materials submitted with the motion. Plaintiffs urge the Court was required to reconduct its certification analysis anew -- that is, reanalyze whether to certify the class for settlement purposes -- but the materials submitted and information contained in Plaintiffs' Motion for Preliminary Approval were insufficient to allow the Court to conduct an analysis regarding the terms of the proposed settlement. Critically, Plaintiffs did not submit a Settlement Agreement. [*See* ECF 1352].

Plaintiffs attribute the deficiency to a breakdown in communication between counsel for Plaintiffs and counsel for PrimeCare Defendants following the Court's May 15, 2025, denial of class certification. [*See generally* ECF 1359; ECF 1360; ECF 1363; ECF 1364]. The fact remains that "[t]he party seeking class certification bears the burden of proof." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (citation omitted); *Brent v. Advanced Med. Mgmt., LLC*, 733 F. Supp. 3d 376, 381 (D. Md. 2024) (quoting *Gray v. Hearst Commc'ns, Inc.*, 444 F.

App'x 698, 700 (4th Cir. 2011)) ("A plaintiff seeking class certification bears the burden of proving the proposed class complies with the requirements of Rule 23."). Without the Settlement Agreement to provide the Court with the terms of the settlement, the Court was unable to conduct "a preliminary determination on the fairness, reasonableness, and adequacy of the settlement" as required by governing law. *See Manual for Complex Litigation (Fourth)* § 21.632 (4th ed. 2004). There were certainly other apparent deficiencies in Plaintiffs' request -- including the representation that "Plaintiffs . . . and Defendants . . . move for entry of a Preliminary Approval Order" despite the motion being signed only by Plaintiffs, [*see* ECF 1352] -- but they need not be addressed.

Simply put, the Court had denied class certification and the Motion to Enforce Settlement, [ECF 1359], which recited in more detail the circumstances surrounding the breakdown in communications between the parties, was not filed until July 25, 2025, [*see* ECF 1359], *after* Plaintiffs affirmatively requested severance, [*see* ECF 1354 ("Plaintiffs respectfully ask that this Honorable Court sever their actions.")], the Court severed the claims, denied the deficient Motion for Preliminary Approval, and dismissed the action. [*See* ECF 1356].

Accordingly, inasmuch as Plaintiffs have failed to so much as establish the initial Rule 60(b) "threshold," *AMH Roman Two NC, LLC*, 859 F.3d at 299, requirements, let alone mistake or any other reason justifying relief pursuant to the Rule, the Motion to Reconsider, [**ECF 1365**], is **DENIED**. As a result, the Motion to Reopen Civil Action, [ECF 1357], and Motion to Enforce Settlement, [ECF 1359], are **DENIED** inasmuch as no settlement exists -- or could possibly exist -- based upon the Court's prior denial of the Motion for Preliminary Approval and the Court of Appeals' recent decision on the petition for a writ of mandamus.

## III.

Based upon the foregoing discussion, inasmuch as the Court lacks Article III jurisdiction, the Court **DENIES** Plaintiffs' Motion to Reopen Civil Action, [**ECF 1357**], Motion to Enforce Settlement, [**ECF 1359**], and Motion to Reconsider, [**ECF 1365**]. Moreover, in the alternative, even if the Court was vested with jurisdiction to decide the issues, the Court **DENIES** Plaintiffs' Motion to Reconsider, [**ECF 1365**], and, as a result, further **DENIES** Plaintiffs' Motion to Reopen Civil Action, [**ECF 1357**], and Motion to Enforce Settlement, [**ECF 1359**].

The Clerk is **DIRECTED** to send a copy of this written opinion and order to counsel of record, who in turn shall provide a copy to each individual Plaintiff, and any unrepresented party.

ENTER: March 26, 2026

Frank W. Volk
Chief United States District Judge

24